MIDLIGE RICHTER, LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
James S. Richter

*Attorneys for Defendants,*
*Natco Pharma Limited and*
*Natco Pharma Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, and MSD INTERNATIONAL BUSINESS GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> NATCO PHARMA LIMITED and NATCO PHARMA INC., <br><br> Defendants. | Honorable Robert Kirsch, U.S.D.J. <br><br> Civil Action No. 23 CV 796 (RK)(TJB) <br><br> **DECLARATION OF JAMES S. RICHTER SUBMITTED IN SUPPORT OF MOTION ON CONSENT TO FILE AN AMENDED ANSWER, AFFIRMTIVE DEFENSES AND COUNTERCLAIMS** <br><br> Return Date: October 2, 2023 |

**JAMES S. RICHTER**, of full age, hereby declares as follows:

1.    I am an attorney at law of the State of New Jersey and Of Counsel to Midlige Richter LLC, attorneys for Defendants Natco Pharma Limited and Natco Pharma Inc. ("Natco") in the above-captioned matter.

2.    This Declaration is submitted in support of Natco's Motion on Consent to File an Amended Answer, Affirmative Defenses and Counterclaims pursuant to Local Civil Rule 15.1 and Fed.R.Civ.P. 15(d).

3.      Natco seeks leave to file a First Amended Answer, Affirmative Defenses and Counterclaims to Complaint for Patent Infringement filed by Plaintiffs.

4.      As required by Local Civil Rule 15.1, attached hereto as Exhibits A and B are clean and red-lined versions of the proposed Amended Answer, Affirmative Defenses and Counterclaims, respectively.

5.       The parties have met and conferred and Plaintiffs consent to this Motion and the filing of the Amended Answer, Affirmative Defenses and Counterclaims.

6.      Pursuant to Local Civil Rule 7.1(d)(4), no brief is necessary because all facts in support of this Motion are set forth in Exhibits A and B, and Natco does not believe a brief will assist the Court.

I hereby declare under the penalty of perjury that the foregoing statements made by me are true and correct.

s/ James S. Richter
James S. Richter
jrichter@midlige-richter.com

Dated: August 29, 2023

2

**EXHIBIT A**

MIDLIGE RICHTER LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
James S. Richter

*OF COUNSEL:*

RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 527-2157
Kevin Warner (admitted *pro hac vice*)
Paul J. Molino (admitted *pro hac vice*)
Greg L. Goldblatt (admitted *pro hac vice*)
William A. Rakoczy (admitted *pro hac vice*)

*Attorneys for Defendants,*
*Natco Pharma Limited and*
*Natco Pharma Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, and MSD INTERNATIONAL BUSINESS GMBH, | Honorable Robert Kirsch, U.S.D.J. |
| | Civil Action No. 23 CV 796 (RK)(TJB) |
| Plaintiffs, | **DEFENDANTS' FIRST AMENDED** |
| | **ANSWER, AFFIRMATIVE DEFENSES** |
| v. | **AND COUNTERCLAIMS TO** |
| | **COMPLAINT FOR PATENT** |
| NATCO PHARMA LIMITED and NATCO PHARMA INC., | **INFRINGEMENT** |
| Defendants. | |

Defendants Natco Pharma Limited and Natco Pharma Inc., (collectively, "Natco"),

hereby answer the Complaint for Patent Infringement of Plaintiffs AstraZeneca Pharmaceuticals

LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, The University of Sheffield, and

MSD International Business GmbH, (collectively, "Plaintiffs"), as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations in

Plaintiffs Complaint for Patent Infringement except those specifically admitted below.

## NATURE OF ACTION

1.    This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 et seq., which arises out of the submission by Natco of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of LYNPARZA® (olaparib) tablets, 100 mg and 150 mg, prior to the expiration of U.S. Patent No. 7,449,464 ("the '464"); U.S. Patent No. 8,475,842 ("the '842 patent"); and U.S. Patent No. 8,859,562 ("the '562 patent"). These patents are referred to collectively herein as the "Patents-in-Suit."

ANSWER:  Paragraph 1 contains legal conclusions to which no answer is required.  To

the extent that Natco is required to answer, Natco admits that Natco Pharma Limited submitted

an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug

Administration ("FDA") seeking FDA approval to manufacture, use, offer for sale, sell, and/or

import 100 mg and 150 mg olaparib tablets ("Natco ANDA Products") prior to the expiration of

U.S. Patent No. 7,449,464 ("the '464 patent"); U.S. Patent No. 8,475,842 ("the '842 patent");

and U.S. Patent No. 8,859,562 ("the '562 patent") (together "Patents-in-Suit").  Natco further

admits that Plaintiffs purport to state a claim for alleged patent infringement, but deny that

Plaintiffs are entitled to any of the relief they seek.  Natco denies any and all remaining

allegations of Paragraph 1.

2.    Natco Pharma Ltd. notified Plaintiffs by letter dated December 28, 2022 ("Natco's Notice Letter") that it had submitted to FDA ANDA No. 218044 ("Natco's ANDA"), seeking approval from FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic olaparib tablets, 100 mg and 150 mg, ("Natco's ANDA Product") prior to the expiration of the Patents-in-Suit.

**ANSWER**: Paragraph 2 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited sent a Notice Letter on December 28, 2022, which notified Plaintiffs that Natco Pharma Limited had submitted to FDA ANDA No. 218044. Natco further admits Natco Pharma Limited's Notice Letter states that "[t]he ANDA includes a paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of olaparib oral tablet, 100 mg and 150 mg, before the expiration of the '464, '842, and '562 patents…." Natco further admits Natco Pharma Limited's Notice Letter speaks for itself. Natco denies any and all remaining allegations of Paragraph 2.

### THE PARTIES

3.    Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803. AstraZeneca Pharmaceuticals LP is the holder of New Drug Application No. 208558 for the manufacture and sale of LYNPARZA® (olaparib) tablets.

**ANSWER**: Paragraph 3 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, on information and belief, Natco admits that AstraZeneca Pharmaceuticals LP is organized under the laws of the State of Delaware and has a place of business located at 1800 Concord Pike, Wilmington Delaware 19803. Natco further admits that according to the online records of the FDA, AstraZeneca Pharmaceuticals LP is listed as the holder of New Drug Application ("NDA") No. 208558. Natco is without information sufficient to form a belief as to the remaining allegations in Paragraph 3, and therefore denies the same.

4.    Plaintiff AstraZeneca UK Limited is a private company limited by shares organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

3

**ANSWER**: Paragraph 4 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco is without information sufficient form a belief as to the allegations in Paragraph 4, and therefore denies the same.

5.      Plaintiff Kudos Pharmaceuticals Limited is a private company limited by shares organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

**ANSWER**: Paragraph 5 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, on information and belief, Natco admits that Kudos Pharmaceuticals Limited has a registered office at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom. Natco is without information sufficient to form a belief as to the remaining allegations in Paragraph 5, and therefore denies the same.

6.      Plaintiff The University of Sheffield is a Royal Charter company organized and existing under the laws of England and Wales, whose address is Western Bank, Sheffield S10 2TN, United Kingdom.

**ANSWER**: Paragraph 6 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, on information and belief, Natco admits that The University of Sheffield is located at Western Bank, Sheffield S10 2TN, United Kingdom. Natco is without information sufficient to form a belief as to the remaining allegations in Paragraph 6, and therefore denies the same.

7.      Plaintiff MSD International Business GmbH is a company with limited liability organized and existing under the laws of Switzerland, whose registered office is at Tribschenstrasse, 60, 6005 Lucerne, Switzerland.

**ANSWER**: Paragraph 5 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco is without information sufficient to form a belief as to the allegations in Paragraph 7, and therefore denies the same.

4

8.        On information and belief, defendant Natco Pharma Limited is a company organized and existing under the laws of the Republic of India with a principal place of business at Natco House Road No. 2, Banjara Hills 500 034, Hyderabad, India. On information and belief, Natco Pharma Limited is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, including through various operating subsidiaries and/or agents, including Natco Pharma Inc.

**ANSWER**: Paragraph 8 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited is an entity organized and existing under the laws of India having a principal place of business at Natco House Road No. 2, Banjara Hills 500 034, Hyderabad, India. Natco further admits that Natco is in the business of, among other things, selling pharmaceutical products in the United States and that Natco Pharma Inc. is a subsidiary of Natco Pharma Limited. Natco denies any and all remaining allegations of Paragraph 8.

9.        On information and belief, defendant Natco Pharma Inc. is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Natco Pharma Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

**ANSWER**: Paragraph 9 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that Natco Pharma Inc. is an entity organized and existing under the laws of the State of Delaware. Natco further admits that Natco is in the business of, among other things, manufacturing and selling pharmaceutical products in the United States. Natco denies any and all remaining allegations of Paragraph 9.

10.        On information and belief, Natco Pharma Inc. is a wholly owned subsidiary of Natco Pharma Limited and is controlled by Natco Pharma Limited.

**ANSWER**: Paragraph 10 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that Natco Pharma Inc. is a wholly owned subsidiary of Natco Pharma Limited. Natco denies any and all remaining allegations of Paragraph 10.

11.     On information and belief, Natco Pharma Limited and Natco Pharma Inc. acted in concert to prepare and submit Natco's ANDA to the FDA.

**ANSWER**:  Paragraph 11 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited submitted ANDA No. 218044 to the FDA.  Natco denies any and all remaining allegations of Paragraph 11.

12.     On information and belief, Natco Pharma Limited and Natco Pharma Inc. know and intend that upon approval of Natco's ANDA, Natco Pharma Limited will manufacture Natco's ANDA Product and Natco Pharma Limited and Natco Pharma Inc. will directly or indirectly market, sell, and distribute Natco's ANDA Product throughout the United States, including in New Jersey.

**ANSWER:**  Paragraph 12 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to market the Natco ANDA Products within the United States.  Natco denies any and all remaining allegations of Paragraph 12.

13.     On information and belief, following any FDA approval of Natco's ANDA, Natco Pharma Limited and Natco Pharma Inc. will act in concert to distribute and sell Natco's ANDA Product throughout the United States, including in New Jersey.

**ANSWER**:  Paragraph 13 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to market the Natco ANDA Products within the United States.  Natco denies any and all remaining allegations of Paragraph 13.

## **JURISDICTION**

14.     Plaintiffs incorporate each of the preceding paragraphs 1–13 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-13 as if fully set forth herein.

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6

**ANSWER**: Paragraph 15 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not dispute that this Court has subject matter jurisdiction solely for the alleged infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A). Natco denies any and all remaining allegations of Paragraph 15.

16.    Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc.

**ANSWER**: Paragraph 16 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only. Natco denies any and all remaining allegations of Paragraph 16.

17.    Natco Pharma Ltd. and Natco Pharma Inc. are subject to personal jurisdiction in New Jersey because, among other things, Natco Pharma Ltd. and Natco Pharma Inc. have purposefully availed themselves of the benefits and protections of New Jersey's laws such that those entities would reasonably anticipate being haled into court here. On information and belief, Natco Pharma Ltd. and Natco Pharma Inc. develop, manufacture, import, market, offer to sell, and/or sell generic drugs throughout the United States, including in the State of New Jersey, and therefore transact business within the State of New Jersey related to Plaintiffs' claims, and/or have engaged in systematic and continuous business contacts within the State of New Jersey.

**ANSWER**: Paragraph 17 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only. Natco denies any and all remaining allegations of Paragraph 17.

18.    In addition, this Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc. because, among other things, on information and belief: (1) Natco Pharma Ltd. Filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including New Jersey; and (2) upon approval of Natco's ANDA, Natco Pharma Ltd. and Natco Pharma Inc. will directly, or indirectly through subsidiaries, intermediaries, distributors, retailers, or others, market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of

7

Natco's ANDA, Natco's ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

**ANSWER**:  Paragraph 18 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only.  Natco further admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to market the Natco ANDA Products within the United States.  Natco denies any and all remaining allegations of Paragraph 18.

19.    This Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc. because those entities (1) engage in patent litigation concerning Natco's ANDA products in this District, and (2) do not contest personal jurisdiction in this District. *See, e.g., Gilead Sciences, Inc. v. Natco Pharma Ltd.*, Civ. No. 11-1455, Dkt. 24 (D.N.J. Sept. 30, 2011).

**ANSWER**:  Paragraph 19 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only.  Natco further admits that the records of any previous litigations involving Natco Pharma Limited and Natco Pharma Inc. speak for themselves.  Natco denies any and all remaining allegations of Paragraph 19.

20.    For the above reasons, it would not be unfair or unreasonable for Natco Pharma Ltd. and Natco Pharma Inc. to litigate this action in this District, and the Court has personal jurisdiction over those entities here.

**ANSWER**:  Paragraph 20 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only.   Natco denies any and all remaining allegations of Paragraph 20.

## <u>VENUE</u>

21.    Plaintiffs incorporate each of the preceding paragraphs 1–20 as if fully set forth herein.

**ANSWER**: Natco restates and incorporates by reference each of its responses to Paragraphs 1-20 as if fully set forth herein.

22. Venue is proper in this District as to Natco Pharma Ltd. pursuant to 28 U.S.C. § 1391, at least because, on information and belief, Natco Pharma Ltd. is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

**ANSWER**: Paragraph 22 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that Natco Pharma Ltd. is a foreign corporation. Natco further does not contest venue solely for the limited purposes of this action only. Natco denies any and all remaining allegations of Paragraph 22.

23. Venue is proper in this District as to Natco Pharma Inc. pursuant to 28 U.S.C. § 1400(b), at least because, on information and belief, Natco Pharma Inc. has committed, or will commit, an act of infringement in this District, and has a regular and established place of business in this District. On information and belief, among other things, (1) Natco filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including New Jersey; and (2) upon approval of Natco's ANDA, Natco will market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey.

**ANSWER**: Paragraph 23 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not contest venue solely for the limited purposes of this action only. Further, Natco admits that Natco Pharma Inc. is an entity organized and existing under the laws of the State of Delaware. Natco additionally admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to market the Natco ANDA Products within the United States. Natco denies any and all remaining allegations of Paragraph 23.

24. Venue is proper in this district as to Natco Pharma Ltd. and Natco Pharma Inc. because those entities (1) engage in patent litigation concerning Natco's ANDA products in this District, and (2) do not contest that venue is proper in this District. *See, e.g., Gilead Sciences, Inc. v. Natco Pharma Ltd.*, Civ. No. 11-1455, Dkt. 24 (D.N.J. Sept. 30, 2011).

9

**ANSWER**:  Paragraph 24 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco does not contest venue solely for the limited purposes of this action only.  Natco further admits that the records of any previous litigations involving Natco Pharma Limited and Natco Pharma Inc. speak for themselves.  Natco denies any and all remaining allegations of Paragraph 24.

## FACTUAL BACKGROUND

25.     LYNPARZA® is approved by FDA for the treatment of certain ovarian, breast, pancreatic, and prostate cancers. The active pharmaceutical ingredient in LYNPARZA® is olaparib, a poly (ADP-ribose) polymerase inhibitor.

**ANSWER**:  Paragraph 25 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that what purports to be the FDA-approved Lynparza label states, among other things:

10

------------------------ **INDICATIONS AND USAGE** -------------------------

Lynparza is a poly (ADP-ribose) polymerase (PARP) inhibitor indicated:

Ovarian cancer

- for the maintenance treatment of adult patients with deleterious or suspected deleterious germline or somatic *BRCA*-mutated advanced epithelial ovarian, fallopian tube or primary peritoneal cancer who are in complete or partial response to first-line platinum-based chemotherapy. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.1, 2.1)
- in combination with bevacizumab for the maintenance treatment of adult patients with advanced epithelial ovarian, fallopian tube or primary peritoneal cancer who are in complete or partial response to first-line platinum-based chemotherapy and whose cancer is associated with homologous recombination deficiency (HRD)-positive status defined by either:
  - a deleterious or suspected deleterious *BRCA* mutation, and/or
  - genomic instability.

  Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza (1.2, 2.1).
- for the maintenance treatment of adult patients with recurrent epithelial ovarian, fallopian tube or primary peritoneal cancer, who are in complete or partial response to platinum-based chemotherapy. (1.3)

Breast cancer

- for the adjuvant treatment of adult patients with deleterious or suspected deleterious g*BRCA*m human epidermal growth factor receptor 2 (HER2)-negative high risk early breast cancer who have been treated with neoadjuvant or adjuvant chemotherapy. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.4, 2.1).
- for the treatment of adult patients with deleterious or suspected deleterious g*BRCA*m, HER2-negative metastatic breast cancer who have been treated with chemotherapy in the neoadjuvant, adjuvant or metastatic setting. Patients with hormone receptor (HR)-positive breast cancer should have been treated with a prior endocrine therapy or be considered inappropriate for endocrine therapy. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.5, 2.1)

Pancreatic cancer

- for the maintenance treatment of adult patients with deleterious or suspected deleterious g*BRCA*m metastatic pancreatic adenocarcinoma whose disease has not progressed on at least 16 weeks of a first-line platinum-based chemotherapy regimen. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.6, 2.1)

Prostate cancer

- for the treatment of adult patients with deleterious or suspected deleterious germline or somatic homologous recombination repair (HRR) gene-mutated metastatic castration-resistant prostate cancer (mCRPC) who have progressed following prior treatment with enzalutamide or abiraterone. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.7, 2.1)

*       *       *

11

Olaparib is a poly (ADP-ribose) polymerase (PARP) inhibitor. The chemical name is 4-[(3-{[4-(cyclopropylcarbonyl)piperazin-1-yl]carbonyl}-4-fluorophenyl)methyl]phthalazin-1(2*H*)-one. The empirical molecular formula for Lynparza is $C_{24}H_{23}FN_4O_3$ and the relative molecular mass is 434.46. It has the following chemical structure:

October 27, 2022 Lynparza Label at 1, 26.  Natco denies any and all remaining allegations of Paragraph 25.

26.    In Natco's Notice Letter, Natco stated that the subject of Natco's ANDA is olaparib tablets, 100 mg and 150 mg. In Natco's Notice Letter, Natco states that its ANDA was submitted under 21 U.S.C. § 355(j)(1) and § 355(j)(2)(A) and contends that its ANDA contains bioavailability and/or bioequivalence studies for Natco's ANDA Product. On information and belief, Natco's ANDA Product is a generic version of LYNPARZA®.

**ANSWER**:  Paragraph 26 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited's Notice Letter speaks for itself.  Natco denies any and all remaining allegations of Paragraph 26.

27.    In Natco's Notice Letter, Natco stated that it had submitted a Paragraph IV Certification to FDA alleging that the '464, '842, and '562 patents were invalid, unenforceable, and/or not infringed, and that Natco is seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ANDA Product prior to the expiration of the '464, '842, and '562 patents.

**ANSWER**: Paragraph 27 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited's Notice Letter speaks for itself. Natco denies any and all remaining allegations of Paragraph 27.

28.     The purpose of Natco's submission of Natco's ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the Patents-in-Suit.

**ANSWER**: Paragraph 28 contains legal conclusions to which no answer is required. Natco further admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to manufacture, use, offer for sale, sell, and/or import the Natco ANDA Products within and/or into the United States. Additionally, Natco admits Natco Pharma Limited's Notice Letter speaks for itself. Natco denies any and all remaining allegations of Paragraph 28.

29.     In an exchange of correspondence, counsel for Plaintiffs and counsel for Natco discussed the terms of Natco's Offer of Confidential Access. The parties did not agree on terms under which Plaintiffs could review, among other things, Natco's ANDA and any Drug Master File referred to therein, and Natco refused to produce samples of Natco's ANDA Product and other internal documents and material relevant to infringement.

**ANSWER**: Paragraph 29 contains legal conclusions to which no answer is required. To the extent and answer is required, Natco admits that in an exchange of correspondence, counsel for Plaintiffs and counsel for Natco discussed the terms of Natco Pharma Limited's Offer of Confidential Access. Natco further admits that Plaintiffs did not make reasonable demands for access to Natco's ANDA and made demands for materials beyond those properly within the scope of Natco Pharma Limited's Offer of Confidential Access. Natco denies any and all remaining allegations of Paragraph 29.

30.     This action is being commenced within forty-five days from the date Plaintiffs received Natco's Notice Letter.

**ANSWER**: Paragraph 30 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited's Notice

13

Letter was sent on December 28, 2022.  Natco further admits that, on information and belief, the addressees of the Notice Letter received the Notice Letter between December 29, 2022 and January 6, 2023.  Natco further admits that this complaint was filed on February 10, 2023.  Natco denies any and all remaining allegations of Paragraph 30.

### Count I – Infringement of the '464 Patent Under 35 U.S.C. § 271(E)(2)

31.    Plaintiffs incorporate each of the preceding paragraphs 1–30 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-30 as if fully set forth herein.

32.    On November 11, 2008, the United States Patent and Trademark Office (the "USPTO") duly and lawfully issued the '464 patent, entitled "Phthalazinone Derivatives." A copy of the '464 patent is attached hereto as Exhibit A.

**ANSWER**:  Paragraph 32 contains legal conclusions to which no answer is required.  To the extent Natco is required to answer, Natco admits that according to the online records of the USPTO, the '464 patent, which is titled "PHTHALAZINONE DERIVATIVES," issued on November 11, 2008.  Natco further admits that what purports to be a true and correct copy of the '464 patent is attached to the Complaint as Exhibit A.  Natco denies that the '464 patent was duly and legally issued.  Natco denies any and all remaining allegations of Paragraph 32.

33.    Plaintiff Kudos Pharmaceuticals Limited is the assignee of the '464 patent. Plaintiffs Kudos Pharmaceuticals Limited, AstraZeneca Pharmaceuticals LP, AstraZeneca UK Ltd., and MSD International Business GmbH collectively possess all exclusive rights and interests in the '464 patent.

**ANSWER**:  Paragraph 33 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that the online records of the PTO list Kudos Pharmaceuticals Limited as the assignee of the '464 patent.  Natco lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations of Paragraph 33, and therefore denies any and all remaining allegations of Paragraph 33.

14

34.     The '464 patent claims, *inter alia*, a compound of Formula III, shown below, or isomers, salts, or solvates thereof.

**ANSWER**: Paragraph 34 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that claim 1 of the '464 patent states:

Natco denies any and all remaining all remaining allegations of Paragraph 34.

35.     The compound of Formula III is the compound that is known by the international nonproprietary name olaparib. LYNPARZA® contains olaparib as its active pharmaceutical ingredient.

**ANSWER**: Paragraph 35 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that what purports to be the FDA-approved Lynparza label states, among other things:

15

Olaparib is a poly (ADP-ribose) polymerase (PARP) inhibitor. The chemical name is 4-[(3-{[4-(cyclopropylcarbonyl)piperazin-1-yl]carbonyl}-4-fluorophenyl)methyl]phthalazin-1(2H)-one. The empirical molecular formula for Lynparza is $C_{24}H_{23}FN_4O_3$ and the relative molecular mass is 434.46. It has the following chemical structure:

October 27, 2022 Lynparza Label at 11.  Natco denies any and all remaining allegations of Paragraph 35.

36.    LYNPARZA® is covered by Claims 1 and 2 of the '464 patent, and the '464 patent has been listed in connection with LYNPARZA® in the FDA's Orange Book.

**ANSWER**:  Paragraph 36 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that the '464 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for NDA No. 208558.  Natco denies any and all remaining allegations of Paragraph 36.

37.    Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '464 patent was an act of infringement of the '464 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**:  Paragraph 37 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco does not dispute that this Court has subject matter jurisdiction for the alleged infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A).  Natco denies any and all remaining allegations of Paragraph 37.

16

38.     On information and belief, Natco's ANDA Product contains olaparib.

**ANSWER**:  Paragraph 37 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, admitted.

39.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe Claims 1 and 2 of the '464 patent, recited above, either literally or under the doctrine of equivalents.

**ANSWER**:  Denied.

40.     On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe Claims 1 and 2 of the '464 patent.

**ANSWER**:  Denied.

41.     On information and belief, Natco plans and intends to, and will, actively induce infringement of the '464 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

**ANSWER**:  Denied.

42.     On information and belief, Natco knows that Natco's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '464 patent and that Natco's ANDA Product and its proposed labeling is not suitable for substantial non-infringing use. On information and belief, Natco plans and intends to, and will, contribute to infringement of the '464 patent after approval of Natco's ANDA.

**ANSWER:**  Denied.

43.     The foregoing actions by Natco constitute and/or will constitute infringement of the '464 patent, active inducement of infringement of the '464 patent, and contribution to the infringement by others of the '464 patent.

**ANSWER**:  Denied.

44.     On information and belief, Natco has acted with full knowledge of the '464 patent and without a reasonable basis for believing that it would not be liable for infringing the '464 patent, actively inducing infringement of the '464 patent, and contributing to the infringement by others of the '464 patent.

**ANSWER**:  Denied.

45.     In Natco's Notice Letter, Natco did not contest infringement of Claims 1 and 2 of the '464 patent on any basis other than the alleged invalidity of those claims.

**ANSWER**:  Paragraph 45 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited sent Natco Pharma Limited's Notice Letter on December 28, 2022, which notified Plaintiffs that Natco Pharma Limited had submitted to FDA ANDA No. 218044.  Natco further admits Natco Pharma Limited's Notice Letter states that "The ANDA includes a paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of olaparib oral tablet, 100 mg and 150 mg, before the expiration of the '464, '842, and '562 patents…."  Natco further admits Natco Pharma Limited's Notice Letter speaks for itself.  Natco denies any and all remaining allegations of Paragraph 45.

46.    Unless Natco is enjoined from infringing the '464 patent, actively inducing infringement of the '464 patent, and contributing to the infringement by others of the '464 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**:  Denied.

### Count II – Declaratory Judgment of Infringement of the '464 Patent

47.    Plaintiffs incorporate each of the preceding paragraphs 1–46 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-46 as if fully set forth herein.

48.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding validity and/or infringement of the '464 patent.

**ANSWER**:  Admitted.

49.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '464 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '464 patent, and that the claims of the '464 patent are valid.

**ANSWER**:  Denied.

18

**Count III – Infringement of the '842 Patent Under 35 U.S.C. § 271(E)(2)**

50.     Plaintiffs incorporate each of the preceding paragraphs 1–49 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-49 as if fully set forth herein.

51.     On July 2, 2013, the USPTO duly and lawfully issued the '842 patent, entitled "Immediate Release Pharmaceutical Formulation of 4-[3-(4- Cyclopropanecarbonyl-Piperazine-1-Carbonyl)-4-Fluoro-Benzyl]-2H-Phthalazin-1-One." A copy of the '842 patent is attached hereto as Exhibit B.

**ANSWER**:  Paragraph 51 contains legal conclusions to which no answer is required.  To the extent Natco is required to answer, Natco admits that according to the online records of the USPTO, the '842 patent, which is titled "IMMEDIATE RELEASE PHARMACEUTICAL FORMULATION OF 4-[3-(4-CYCLOSPROPANECARBONYL-PIPERAZINE-1-CARBONYL)-4-FLUORO-BENZYL]-2H-PHTHALAZIN-1-ONE," issued on July 2, 2013. Natco further admits that what purports to be a true and correct copy of the '842 patent is attached to the Complaint as Exhibit B.  Natco denies that the '842 patent was duly and legally issued.  Natco denies any and all remaining allegations of Paragraph 51.

52.     Plaintiff Kudos Pharmaceuticals Limited is the assignee of the '842 patent. Plaintiffs Kudos Pharmaceuticals Limited, AstraZeneca Pharmaceuticals LP, AstraZeneca UK Ltd., and MSD International Business GmbH collectively possess all exclusive rights and interests in the '842 patent.

**ANSWER**:  Paragraph 52 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco states that the face of the '842 patent lists AstraZeneca AB as the assignee of the '842 patent.  Natco lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations of Paragraph 52, and therefore denies any and all remaining allegations of Paragraph 52.

53.     The '842 patent claims, *inter alia*, an immediate-release pharmaceutical composition in the form of a solid dispersion comprising olaparib and certain excipients.

19

**ANSWER**:  Paragraph 53 contains legal conclusions to which no answer is required.  To

the extent that Natco is required to answer, Natco admits that claim 1 of the '842 patent states:

> 1. An immediate-release pharmaceutical composition in the form of a solid dispersion, the composition comprising:
>   an active agent phase comprising 4-[3-(4-cyclopropan-ecarbonyl-piperazine-1-carbonyl)-4-fluoro-benzyl]-2H-phthalazin-1-one (Compound 1) or a salt thereof; and
> a carrier phase comprising copovidone; and
> wherein the active agent phase is dispersed in the carrier phase:
> wherein the total concentration of Compound 1 in the composition is in the range of from 20% by weight to 30% by weight;
> wherein the total amount of Compound 1 in the composition is in the range of from 25 mg to 400 mg; and
> wherein the weight ratio of Compound 1 to copovidone is in the range of from 1:2 to 1:4.

Natco denies any and all remaining allegations of Paragraph 53.

54.    LYNPARZA® is covered by one or more claims of the '842 patent, including at least claims 1 and 7 of the '842 patent, and the '842 patent has been listed in connection with LYNPARZA® in the FDA's Orange Book.

**ANSWER**:  Paragraph 54 contains legal conclusions to which no answer is required.  To

the extent that Natco is required to answer, Natco admits that the '842 patent is listed in the

Orange Book for NDA No. 208558.  Natco lacks sufficient information to admit or deny the

remaining allegations of Paragraph 54, and therefore denies the same.

55.    Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '842 patent was an act of infringement of the '842 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**:  Paragraph 55 contains legal conclusions to which no answer is required.  To

the extent that Natco is required to answer, Natco does not dispute that this Court has subject

20

matter jurisdiction for the alleged infringement of the Patents-in-Suit under 35 U.S.C. §

271(e)(2)(A).  Natco denies any and all remaining allegations of Paragraph 55.

56.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe at least claims 1 and 7 of the '842 patent, recited above, either literally or under the doctrine of equivalents.

**ANSWER**:  Denied.

57.     On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe at least claims 1 and 7 of the '842 patent.

**ANSWER**:  Denied.

58.     On information and belief, Natco plans and intends to, and will, actively induce infringement of the '842 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

**ANSWER**:  Denied.

59.     On information and belief, Natco knows that Natco's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '842 patent and that Natco's ANDA Product and its proposed labeling is not suitable for substantial non-infringing use.  On information and belief, Natco plans and intends to, and will, contribute to infringement of the '842 patent after approval of Natco's ANDA.

**ANSWER**:  Denied.

60.     The foregoing actions by Natco constitute and/or will constitute infringement of the '842 patent, active inducement of infringement of the '842 patent, and contribution to the infringement by others of the '842 patent.

**ANSWER**:  Denied.

61.     On information and belief, Natco has acted with full knowledge of the '842 patent and without a reasonable basis for believing that it would not be liable for infringing the '842 patent, actively inducing infringement of the '842 patent, and contributing to the infringement by others of the '842 patent.

**ANSWER**:  Denied.

62.     Unless Natco is enjoined from infringing the '842 patent, actively inducing infringement of the '842 patent, and contributing to the infringement by others of the '842 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

21

**ANSWER**: Denied.

### Count IV – Declaratory Judgment of the '842 Patent

63.    Plaintiffs incorporate each of the preceding paragraphs 1–62 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-62 as if fully set forth herein.

64.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding validity and/or infringement of the '842 patent.

**ANSWER**:  Admitted.

65.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '842 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '842 patent, and that the claims of the '842 patent are valid.

**ANSWER**:  Denied.

### Count V – Infringement of the '562 Patent Under 35 U.S.C. § 271(E)(2)

66.    Plaintiffs incorporate each of the preceding paragraphs 1–65 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-65 as if fully set forth herein.

67.    On October 14, 2014, the USPTO duly and lawfully issued the '562 patent, entitled "Use of RNAi Inhibiting PARP Activity for the Manufacture of a Medicament for the Treatment of Cancer." A copy of the '562 patent is attached hereto as Exhibit C.

**ANSWER**:  Paragraph 67 contains legal conclusions to which no answer is required.  To the extent Natco is required to answer, Natco admits that according to the online records of the USPTO, the '562 patent, which is titled "USE OF RNAI INHIBITING PARP ACTIVITY FOR THE MANUFACTURE OF A MEDICAMENT FOR THE TREATMENT OF CANCER," issued on October 14, 2014.  Natco further admits that what purports to be a true and correct

22

copy of the '562 patent is attached to the Complaint as Exhibit C. Natco denies that the '562 patent was duly and legally issued. Natco denies any and all remaining allegations of Paragraph 67.

68.     Plaintiff The University of Sheffield is the assignee of the '562 patent. Plaintiffs The University of Sheffield, AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, and MSD International Business GmbH collectively possess all exclusive rights and interests in the '562 patent.

**ANSWER**: Paragraph 68 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that the face of the '562 patent lists The University of Sheffield as the assignee of the '562 patent. Natco lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations of Paragraph 68, and therefore denies any and all remaining allegations of Paragraph 68.

69.     The '562 patent claims, *inter alia*, a method of treatment of cancer cells defective in homologous recombination (HR).

**ANSWER**: Paragraph 69 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that claim 1 of the '562 patent states:

> 1. A method of treatment of cancer cells defective in homologous recombination (HR), the method comprising:
>     identifying a human patient with a familial predisposition to gene-linked hereditary cancer,
>     wherein said cancer comprises cancer cells defective in homologous recombination;
>     identifying a compound which inhibits PARP-1, and
>     administering to said human patient a therapeutically effective amount of said compound.

Natco denies any and all remaining allegations of Paragraph 69.

70.     Methods of using LYNPARZA® are covered by Claim 1 of the '562 patent, and the '562 patent has been listed in connection with LYNPARZA® in the FDA's Orange Book.

**ANSWER**: Paragraph 70 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that the '562 patent is listed in the

23

Orange Book for NDA No. 208558.  Natco lacks sufficient information to admit or deny the remaining allegations of Paragraph 70, and therefore denies the same.

71.    Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '562 patent was an act of infringement of the '562 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**:  Paragraph 71 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco does not dispute that this Court has subject matter jurisdiction for the alleged infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A).  Natco denies any and all remaining allegations of Paragraph 71.

72.    On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe Claim 1 of the '562 patent.

**ANSWER**:  Denied.

73.    On information and belief, Natco plans and intends to, and will, actively induce infringement of the '562 patent and that Natco's ANDA Product and its proposed labeling is not suitable for substantial non-infringing use. On information and belief, Natco plans and intends to, and will, contribute to infringement of the '562 patent after approval of Natco's ANDA.

**ANSWER**:  Denied.

74.    The foregoing actions by Natco constitute and/or will constitute infringement of the '562 patent, active inducement of infringement of the '562 patent, and contribution to the infringement by others of the '562 patent.

**ANSWER**:  Denied.

75.    On information and belief, Natco has acted with full knowledge of the '562 patent and without a reasonable basis for believing that it would not be liable for the infringing of the '562 patent, and contributing to the infringement by others of the '562 patent.

**ANSWER**:  Denied.

76.    In Natco's Notice Letter, Natco did not contest infringement of Claim 1 of the '562 patent on any basis other than the alleged invalidity of that claim.

**ANSWER**:  Paragraph 76 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited sent Natco

Pharma Limited's Notice Letter on December 28, 2022, which notified Plaintiffs that Natco Pharma Limited had submitted to FDA ANDA No. 218044. Natco further admits Natco Pharma Limited's Notice Letter states that "[t]he ANDA includes a paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of olaparib oral tablet, 100 mg and 150 mg, before the expiration of the '464, '842, and '562 patents…." Natco further admits Natco Pharma Limited's Notice Letter speaks for itself. Natco denies any and all remaining allegations of Paragraph 76.

77.     Unless Natco is enjoined from infringing the '562 patent, actively inducing the infringement of the '562 patent, and contributing to the infringement by others of the '562 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: Denied.

### Count VI – Declaratory Judgment of the '562 Patent

78.     Plaintiffs incorporate each of the preceding paragraphs 1–77 as if fully set forth herein.

**ANSWER**: Natco restates and incorporates by reference each of its responses to Paragraphs 1-77 as if fully set forth herein.

79.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding infringement and/or invalidity of the '562 patent.

**ANSWER**: Admitted.

80.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '562 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '562 patent, and that the claims of the '562 patent are valid.

**ANSWER**: Denied.

### PRAYER FOR RELIEF

25

Natco denies that Plaintiffs are entitled to any of the relief prayed for in the Complaint or to any relief whatsoever, and further request that judgment be entered in favor of Natco, dismissing Plaintiffs' Complaint with prejudice, awarding Natco attorneys' fees and costs incurred defending this action under 35 U.S.C. § 285, and granting such further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The proposed manufacture, use, sale, offer for sale, importation, and/or marketing of the Natco ANDA Products has not infringed, does not infringe, and will not—if made, used, sold, offered for sale, imported, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the '464 patent, '842 patent, or '562 patent, either literally or under the doctrine of equivalents.

### Third Defense

Natco has not induced, does not induce, and will not induce infringement of any valid and/or enforceable claim of the '464 patent, '842 patent, or '562 patent.

### Fourth Defense

Natco has not contributed, does not contribute, and will not contribute to infringement of any valid and/or enforceable claim of the '464 patent, '842 patent, or '562 patent.

### Fifth Defense

The claims of the '464 patent, '842 patent, and/or '562 patent are invalid for failing to

comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or any judicially-created basis for invalidation or unenforceability.

## Sixth Defense

Any additional defenses or counterclaims that discovery may reveal.

\*       \*       \*

27

**FIRST AMENDED COUNTERCLAIMS**

Defendants/Counterclaim-Plaintiff Natco Pharma Limited ("Natco"), for its First Amended Counterclaims against AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, The University of Sheffield and MSD International Business GMBH (together "Counterclaim-Defendants"), allege:

**THE PARTIES**

1.      Natco is an entity organized and existing under the laws of India, having a principal place of business at 8 Natco House Road No. 2, Banjara Hills 500 034, Hyderabad, India.

2.      On information and belief, as alleged in Plaintiffs' Complaint, AstraZeneca Pharmaceuticals LP is an entity organized and existing under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.

3.      On information and belief, as alleged in Plaintiffs' Complaint, AstraZeneca UK Limited is an entity organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

4.      On information and belief, as alleged in Plaintiffs' Complaint, Kudos Pharmaceuticals Limited is an entity organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

5.      On information and belief, as alleged in Plaintiffs' Complaint, The University of Sheffield is an entity organized and existing under the laws of England and Wales, whose address is Western Bank, Sheffield S10 2TN, United Kingdom.

6.      On information and belief, as alleged in Plaintiffs' Complaint, MSD International Business GmbH is an entity organized and existing under the laws of Switzerland, whose

28

registered office is at Tribschenstrasse, 60, 6005 Lucerne, Switzerland.

## JURISDICTION

7.    These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

8.    This court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

9.    This Court has personal jurisdiction over Counterclaim-Defendants because Counterclaim-Defendants have availed themselves of the rights and privileges—and subjected themselves to the jurisdiction—of this forum by suing Natco in this District, and/or because Counterclaim-Defendants conduct substantial business in, and have regular and systematic contact with, this District.

## FACTUAL BACKGROUND

### Lynparza® (olaparib)

10.    AstraZeneca Pharmaceuticals LP purports to be the holder of approved New Drug Application ("NDA") No. 208558, under which the United States Food and Drug Administration ("FDA") granted approval for Olaparib tablets 100 mg and 150 mg marketed in the United States under the trade name Lynparza®.

11.    At the time the Complaint was filed, U.S. Patent Nos. 7,449,464 ("the '464 patent"), 8,475,842 ("the '842 patent"), and 8,859,562 ("the '562 patent") (collectively, "the Patents-in-Suit") were listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations*

29

("Orange Book") in connection with NDA. No. 208558.

**Patents-in-Suit**

12. On or about November 11, 2008, the United States Patent and Trademark Office ("PTO") issued the '464 patent, titled "PHTHALAZINONE DERIVATIVES," to Niall Morrison Barr Martin, Graeme Cameron Smith, Stephen Philip Jackson, Vincent Junior M Loh, Xiao-Ling Fan Cockcroft, Ian Timothy Williams Matthews, Keith Allan Menear, Frank Kerrigan, and Alan Ashworth.

13. Kudos Pharmaceuticals Limited is listed as the "assignee" of the '464 patent in the PTO's online records.

14. On information and belief, Counterclaim-Defendants allege that certain Counterclaim-Defendants have the right to enforce the '464 patent.

15. By listing the '464 patent in the Orange Book, AstraZeneca Pharmaceuticals LP maintains that an infringement suit could be asserted reasonably against a generic Abbreviated New Drug Application ("ANDA") applicant—including Natco—that attempts to seek approval for, and market, a generic version of Lynparza® before the expiration of the '464 patent.

16. On or about July 2, 2013, the PTO issued the '842 patent, titled "IMMEDIATE RELEASE PHARMACEUTICAL FORMULATION OF 4-[3-(4-CYCLOSPROPANECARBONYL-PIPERAZINE-1-CARBONYL)-4-FLUORO-BENZYL]-2H-PHTHALAZIN-1-ONE," to Michael Karl Bechtold, Claudia Bettina Packhaeuser, Katja Maren Fastnacht, Bernd Harald Liepold, Benedikt Steitz, Julie Kay Cahill, and Kieran James Lennon.

17. Kudos Pharmaceuticals Limited purports to be the "assignee" of the '842 patent.

18. On information and belief, Counterclaim-Defendants allege that certain Counterclaim-Defendants have the right to enforce the '842 patent.

19.    By listing the '842 patent in the Orange Book, AstraZeneca Pharmaceuticals LP maintains that an infringement suit could be asserted reasonably against a generic ANDA applicant—including Natco—that attempts to seek approval for, and market, a generic version of Lynparza® before the expiration of the '842 patent.

20.    On or about October 14, 2014, the PTO issued the '562 patent, titled "USE OF RNAI INHIBITING PARP ACTIVITY FOR THE MANUFACTURE OF A MEDICAMENT FOR THE TREATMENT OF CANCER," to Thomas Helleday.

21.    Kudos Pharmaceuticals Limited purports to be the "assignee" of the '562 patent.

22.    On information and belief, Counterclaim-Defendants allege that certain Counterclaim-Defendants have the right to enforce the '562 patent.

23.    By listing the '562 patent in the Orange Book, AstraZeneca Pharmaceuticals LP maintains that an infringement suit could be asserted reasonably against a generic ANDA applicant—including Natco—that attempts to seek approval for, and market, a generic version of Lynparza® before the expiration of the '562 patent.

24.    After the complaint was filed, on or about April 25, 2023, the PTO issued U.S. Patent No. 11,633,396 ("the '396 patent), titled "IMMEDIATE RELEASE PHARMACEUTICAL FORMULATION    OF    4-[3-(4-    CYCLOPROPANECARBONYL-PIPERAZINE-1-CARBONYL)-4-FLUORO-BENZYL]-2H- PHTHALAZIN-1-ONE," to Michael Karl Bechtold, Julie Kay Cahill, Katja Maren Fastnacht, Kieran James Lennon, Bernd Harald Liepold, Claudia Bettina Packhaeuser, and Benedikt Steitz.

25.    On or about May 19, 2023, one or more of Plaintiffs caused the '396 patent to be listed in the Orange Book, in connection with NDA No. 208558.

26.    Kudos Pharmaceuticals Limited purports to be the "assignee" of the '396 patent.

31

27.    By listing the '396 patent in the Orange Book, AstraZeneca Pharmaceuticals LP maintains that an infringement suit could be asserted reasonably against a generic ANDA applicant—including Natco—that attempts to seek approval for, and market, a generic version of Lynparza® before the expiration of the '396 patent.

28.    The '396 patent is related to the '842 patent at least insofar as the '396 patent issued from a continuation application related to the '842 patent family, and claims priority to the same application to which the '842 patent claims priority.

**Natco ANDA Product and Additional Facts Related to the '396 Patent**

29.    Natco filed ANDA No. 218044 ("Natco ANDA"). The Natco ANDA seeks FDA approval to market Olaparib tablets, 100 mg and 150 mg ("Natco ANDA Products").

30.    Pursuant to Local Patent Rule 3.6(a), Natco produced to counsel for Plaintiffs a complete copy of the Natco ANDA on April 17, 2023.

31.    By letter dated June 14, 2023 ("Natco's '396 Notice Letter"), sent pursuant to 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95, Natco notified Plaintiffs that the Natco ANDA includes a Paragraph IV certification with respect to the '396 patent. Natco had previously notified Plaintiffs, by letter dated December 28, 2022, that the Natco ANDA includes a Paragraph IV certification with respect to the '464, '842 and '562 patents.

32.    Natco's '396 Notice Letter contained a detailed statement of the factual and legal bases for Natco's Paragraph IV certification that the claims of the '396 patent are invalid, not infringed and/or unenforceable. Natco also enclosed an Offer of Confidential Access to the Natco ANDA in accordance with 21 U.S.C. § 505(j)(5)(C)(I)(III) to allow certain attorneys for AstraZeneca Pharmaceuticals LP the opportunity to review the relevant portions of the Natco ANDA.

33. On information and belief, Plaintiffs received Natco's '396 Notice Letter on or before June 16, 2023. Plaintiffs have not sued Natco alleging that Natco's ANDA Products infringe the '396 patent as of the date of these First Amended Counterclaims, and did not file any suit against Natco alleging infringement of the '396 patent by Natco's ANDA Products within 45 days of receiving Natco's '396 Notice Letter.

34. No representative of any Plaintiff has responded to the Offer of Confidential Access contained in Natco's '396 Notice Letter as of the date of these First Amended Counterclaims. No representative of any Plaintiff requested permission to use the Natco ANDA in possession of Plaintiffs' counsel for purposes of assessing whether Natco's ANDA Products infringe the claims of the '396 patent.

35. On August 3, 2023, more than 45 days after Plaintiffs' receipt of '396 Notice Letter, Natco asked Plaintiffs' counsel if "Plaintiffs are willing to provide Natco with an irrevocable covenant not to sue on the '396 patent." Plaintiffs have not agreed to provide such a covenant, or any other covenant, as of the date of these First Amended Counterclaims.

36. Because the Natco ANDA seeks FDA approval to market the Natco ANDA Products before the expiration of the '464 patent, the '842 patent, the '562 patent and the '396 patent, the Natco ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '464 patent, the '842 patent, the '562 patent and the '396 patent.

## COUNT I
**(Declaratory Judgment of Non-Infringement of the '464 Patent)**

37. Natco realleges and incorporates by reference the allegations of paragraphs 1-36 as though fully set forth herein.

38. A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding *inter alia*, whether the manufacture, use, offer for sale, sale,

33

importation, and/or marketing of the Natco ANDA Products would infringe any valid or enforceable claim of the '464 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

39.    The manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe any valid or enforceable claim of the '464 patent, either directly or indirectly.

40.    Natco is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the '464 patent, either literally or under the doctrine of equivalents.

## COUNT II
### (Declaratory Judgment of Invalidity of the '464 Patent)

41.    Natco realleges and incorporates by reference the allegations of paragraphs 1-40 as though fully set forth herein.

42.    A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding, *inter alia*, the invalidity of the '464 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

43.    The '464 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

44.    Natco is entitled to a judicial declaration that the '464 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

34

## COUNT III
### (Declaratory Judgment of Non-Infringement of the '842 Patent)

45.    Natco realleges and incorporates by reference the allegations of paragraphs 1-44 as though fully set forth herein.

46.    A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding *inter alia*, whether the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would infringe any valid or enforceable claim of the '842 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

47.    The manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe any valid or enforceable claim of the '842 patent, either directly or indirectly.

48.    Natco is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the '842 patent, either literally or under the doctrine of equivalents.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '842 Patent)

49.    Natco realleges and incorporates by reference the allegations of paragraphs 1-48 as though fully set forth herein.

50.    A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding, *inter alia*, the invalidity of the '842 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

51.    The '842 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double

35

patenting.

52.     Natco is entitled to a judicial declaration that the '842 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

## COUNT V
### (Declaratory Judgment of Non-Infringement of the '562 Patent)

53.     Natco realleges and incorporates by reference the allegations of paragraphs 1-52 as though fully set forth herein.

54.     A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding *inter alia*, whether the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would infringe any valid or enforceable claim of the '562 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

55.     The manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe any valid or enforceable claim of the '562 patent, either directly or indirectly.

56.     Natco is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the '562 patent, either literally or under the doctrine of equivalents.

## COUNT VI
### (Declaratory Judgment of Invalidity of the '562 Patent)

57.     Natco realleges and incorporates by reference the allegations of paragraphs 1-56 as though fully set forth herein.

58.     A present, genuine, and justiciable controversy exists between Natco and

36

Counterclaim-Defendants regarding, *inter alia*, the invalidity of the '562 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

59.     The '562 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

60.     Natco is entitled to a judicial declaration that the '562 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

## COUNT VII
**(Declaratory Judgment of Non-Infringement of the '396 Patent)**

61.     Natco realleges and incorporates by reference the allegations of paragraphs 1-60 as though fully set forth herein.

62.     A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding *inter alia*, whether the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would infringe any valid or enforceable claim of the '396 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

63.     The manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe any valid or enforceable claim of the '396 patent, either directly or indirectly.

64.     Natco is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the '396 patent, either literally or under the doctrine of equivalents.

37

## COUNT VIII
### (Declaratory Judgment of Invalidity of the '396 Patent)

65.    Natco realleges and incorporates by reference the allegations of paragraphs 1-64 as though fully set forth herein.

66.    A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding, *inter alia*, the invalidity of the '396 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

67.    The '396 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

68.    Natco is entitled to a judicial declaration that the '396 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

## PRAYER FOR RELIEF

WHEREFORE, Natco respectfully prays for judgment in its favor and against Counterclaim-Defendants:

(a)    Declaring that the manufacture, use, sale, offer for sale, importation, and/or marketing of the Natco ANDA Products has not infringed, does not infringe, and would not—if made, used, sold, offered for sale, imported, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the '464 patent, the '842 patent, the '562 patent and the '396 patent, either literally or under the doctrine of equivalents;

(b)    Declaring that the claims of the '464 patent, the '842 patent, the '562 patent and/or the '396 patent are invalid;

(c)    Ordering that Counterclaim-Defendants' Complaint be dismissed with prejudice

38

and judgment entered in favor of Natco;

(d)     Declaring this case exceptional and awarding Natco its reasonable attorneys' fees and costs of these Counterclaims under 35 U.S.C. § 285; and

(e)     Awarding Natco such other and further relief as the Court may deem just and proper.

MIDLIGE RICHTER LLC
*Attorneys for Defendants, Natco Pharma Limited and Natco Pharma Inc.*


By:      _____s/_____
James S. Richter
jrichter@midlige-richter.com

Dated:  , 2023


***OF COUNSEL:*** *(Pro Hac Vice Forthcoming)*

Kevin E. Warner (kwarner@rmmslegal.com)
Paul J. Molino (paul@rmmslegal.com)
Greg L. Goldblatt (ggoldblatt@rmmslegal.com)
William A. Rakoczy (wrakoczy@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: 312 527-2157

39

## CERTIFICATION PURSUANT TO RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding.

<i>s/</i>
James S. Richter

Dated:  , 2023

## LOCAL CIVIL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the parties seek, *inter alia*, declaratory relief in their respective pleadings.

I hereby certify under penalty of perjury that the foregoing is true and correct.

<i>s/</i>
James S. Richter

Dated:  , 2023

## CERTIFICATION OF SERVICE

The undersigned attorney certifies that a copy of Defendants' foregoing Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Complaint for Patent Infringement was filed via ECF and served on all counsel of record by electronic mail on, 2023.

<i>s/</i>
James S. Richter

Dated:  , 2023

**EXHIBIT B**

MIDLIGE RICHTER LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
James S. Richter

***OF COUNSEL:*** ~~*(Pro Hac Vice Forthcoming):*~~

RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 527-2157
Kevin Warner (admitted *pro hac vice*)
Paul J. Molino (admitted *pro hac vice*)
Greg L. Goldblatt (admitted *pro hac vice*)
William A. Rakoczy (admitted *pro hac vice*)

*Attorneys for Defendants,*
*Natco Pharma Limited and*
*Natco Pharma Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, and MSD INTERNATIONAL BUSINESS GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> NATCO PHARMA LIMITED and NATCO PHARMA INC., <br><br> Defendants. | Honorable ~~Zahid N. Quraishi~~Robert Kirsch, U.S.D.J. <br><br> Civil Action No. 23 CV 796 (~~ZNQ~~RK)(TJB) <br><br> **DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND ~~COUNTERCLAIM~~COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT** |

Defendants Natco Pharma Limited and Natco Pharma Inc., (collectively, "Natco"),

hereby answer the Complaint for Patent Infringement of Plaintiffs AstraZeneca Pharmaceuticals

LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, The University of Sheffield, and

MSD International Business GmbH, (collectively, "Plaintiffs"), as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations in

Plaintiffs Complaint for Patent Infringement except those specifically admitted below.

## NATURE OF ACTION

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 et seq., which arises out of the submission by Natco of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of LYNPARZA® (olaparib) tablets, 100 mg and 150 mg, prior to the expiration of U.S. Patent No. 7,449,464 ("the '464"); U.S. Patent No. 8,475,842 ("the '842 patent"); and U.S. Patent No. 8,859,562 ("the '562 patent"). These patents are referred to collectively herein as the "Patents-in-Suit."

ANSWER:  Paragraph 1 contains legal conclusions to which no answer is required.  To

the extent that Natco is required to answer, Natco admits that Natco Pharma Limited submitted

an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug

Administration ("FDA") seeking FDA approval to manufacture, use, offer for sale, sell, and/or

import 100 mg and 150 mg olaparib tablets ("Natco ANDA Products") prior to the expiration of

U.S. Patent No. 7,449,464 ("the '464 patent"); U.S. Patent No. 8,475,842 ("the '842 patent");

and U.S. Patent No. 8,859,562 ("the '562 patent") (together "Patents-in-Suit").  Natco further

admits that Plaintiffs purport to state a claim for alleged patent infringement, but deny that

Plaintiffs are entitled to any of the relief they seek.  Natco denies any and all remaining

allegations of Paragraph 1.

2.      Natco Pharma Ltd. notified Plaintiffs by letter dated December 28, 2022 ("Natco's Notice Letter") that it had submitted to FDA ANDA No. 218044 ("Natco's ANDA"), seeking approval from FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic olaparib tablets, 100 mg and 150 mg, ("Natco's ANDA Product") prior to the expiration of the Patents-in-Suit.

2

**ANSWER**:  Paragraph 2 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited sent a Notice Letter on December 28, 2022, which notified Plaintiffs that Natco Pharma Limited had submitted to FDA ANDA No. 218044.  Natco further admits Natco Pharma Limited's Notice Letter states that "[t]he ANDA includes a paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of olaparib oral tablet, 100 mg and 150 mg, before the expiration of the '464, '842, and '562 patents…."  Natco further admits Natco Pharma Limited's Notice Letter speaks for itself.  Natco denies any and all remaining allegations of Paragraph 2.

## THE PARTIES

3.      Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803. AstraZeneca Pharmaceuticals LP is the holder of New Drug Application No. 208558 for the manufacture and sale of LYNPARZA® (olaparib) tablets.

**ANSWER**:  Paragraph 3 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, on information and belief, Natco admits that AstraZeneca Pharmaceuticals LP is organized under the laws of the State of Delaware and has a place of business located at 1800 Concord Pike, Wilmington Delaware 19803.  Natco further admits that according to the online records of the FDA, AstraZeneca Pharmaceuticals LP is listed as the holder of New Drug Application ("NDA") No. 208558.  Natco is without information sufficient to form a belief as to the remaining allegations in Paragraph 3, and therefore denies the same.

4.      Plaintiff AstraZeneca UK Limited is a private company limited by shares organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

**ANSWER**: Paragraph 4 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco is without information sufficient form a belief as to the allegations in Paragraph 4, and therefore denies the same.

5. Plaintiff Kudos Pharmaceuticals Limited is a private company limited by shares organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

**ANSWER**: Paragraph 5 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, on information and belief, Natco admits that Kudos Pharmaceuticals Limited has a registered office at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom. Natco is without information sufficient to form a belief as to the remaining allegations in Paragraph 5, and therefore denies the same.

6. Plaintiff The University of Sheffield is a Royal Charter company organized and existing under the laws of England and Wales, whose address is Western Bank, Sheffield S10 2TN, United Kingdom.

**ANSWER**: Paragraph 6 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, on information and belief, Natco admits that The University of Sheffield is located at Western Bank, Sheffield S10 2TN, United Kingdom. Natco is without information sufficient to form a belief as to the remaining allegations in Paragraph 6, and therefore denies the same.

7. Plaintiff MSD International Business GmbH is a company with limited liability organized and existing under the laws of Switzerland, whose registered office is at Tribschenstrasse, 60, 6005 Lucerne, Switzerland.

**ANSWER**: Paragraph 5 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco is without information sufficient to form a belief as to the allegations in Paragraph 7, and therefore denies the same.

8.      On information and belief, defendant Natco Pharma Limited is a company organized and existing under the laws of the Republic of India with a principal place of business at Natco House Road No. 2, Banjara Hills 500 034, Hyderabad, India. On information and belief, Natco Pharma Limited is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, including through various operating subsidiaries and/or agents, including Natco Pharma Inc.

**ANSWER**:  Paragraph 8 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited is an entity organized and existing under the laws of India having a principal place of business at Natco House Road No. 2, Banjara Hills 500 034, Hyderabad, India.  Natco further admits that Natco is in the business of, among other things, selling pharmaceutical products in the United States and that Natco Pharma Inc. is a subsidiary of Natco Pharma Limited.  Natco denies any and all remaining allegations of Paragraph 8.

9.      On information and belief, defendant Natco Pharma Inc. is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Natco Pharma Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

**ANSWER**:  Paragraph 9 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Inc. is an entity organized and existing under the laws of the State of Delaware.  Natco further admits that Natco is in the business of, among other things, manufacturing and selling pharmaceutical products in the United States.  Natco denies any and all remaining allegations of Paragraph 9.

10.      On information and belief, Natco Pharma Inc. is a wholly owned subsidiary of Natco Pharma Limited and is controlled by Natco Pharma Limited.

**ANSWER**:  Paragraph 10 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Inc. is a wholly owned subsidiary of Natco Pharma Limited.  Natco denies any and all remaining allegations of Paragraph 10.

11.    On information and belief, Natco Pharma Limited and Natco Pharma Inc. acted in concert to prepare and submit Natco's ANDA to the FDA.

**ANSWER**:  Paragraph 11 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited submitted ANDA No. 218044 to the FDA.  Natco denies any and all remaining allegations of Paragraph 11.

12.    On information and belief, Natco Pharma Limited and Natco Pharma Inc. know and intend that upon approval of Natco's ANDA, Natco Pharma Limited will manufacture Natco's ANDA Product and Natco Pharma Limited and Natco Pharma Inc. will directly or indirectly market, sell, and distribute Natco's ANDA Product throughout the United States, including in New Jersey.

**ANSWER**:  Paragraph 12 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to market the Natco ANDA Products within the United States.  Natco denies any and all remaining allegations of Paragraph 12.

13.    On information and belief, following any FDA approval of Natco's ANDA, Natco Pharma Limited and Natco Pharma Inc. will act in concert to distribute and sell Natco's ANDA Product throughout the United States, including in New Jersey.

**ANSWER**:  Paragraph 13 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to market the Natco ANDA Products within the United States.  Natco denies any and all remaining allegations of Paragraph 13.

## JURISDICTION

14.    Plaintiffs incorporate each of the preceding paragraphs 1–13 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-13 as if fully set forth herein.

15.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER**: Paragraph 15 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not dispute that this Court has subject matter jurisdiction solely for the alleged infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A). Natco denies any and all remaining allegations of Paragraph 15.

16.    Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc.

**ANSWER**: Paragraph 16 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only. Natco denies any and all remaining allegations of Paragraph 16.

17.    Natco Pharma Ltd. and Natco Pharma Inc. are subject to personal jurisdiction in New Jersey because, among other things, Natco Pharma Ltd. and Natco Pharma Inc. have purposefully availed themselves of the benefits and protections of New Jersey's laws such that those entities would reasonably anticipate being haled into court here. On information and belief, Natco Pharma Ltd. and Natco Pharma Inc. develop, manufacture, import, market, offer to sell, and/or sell generic drugs throughout the United States, including in the State of New Jersey, and therefore transact business within the State of New Jersey related to Plaintiffs' claims, and/or have engaged in systematic and continuous business contacts within the State of New Jersey.

**ANSWER**: Paragraph 17 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only. Natco denies any and all remaining allegations of Paragraph 17.

18.    In addition, this Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc. because, among other things, on information and belief: (1) Natco Pharma Ltd. Filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including New Jersey; and (2) upon approval of Natco's ANDA, Natco Pharma Ltd. and Natco Pharma Inc. will directly, or indirectly through subsidiaries, intermediaries, distributors, retailers, or others, market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of

7

Natco's ANDA, Natco's ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

**ANSWER**: Paragraph 18 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only. Natco further admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to market the Natco ANDA Products within the United States. Natco denies any and all remaining allegations of Paragraph 18.

19. This Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc. because those entities (1) engage in patent litigation concerning Natco's ANDA products in this District, and (2) do not contest personal jurisdiction in this District. *See, e.g., Gilead Sciences, Inc. v. Natco Pharma Ltd.*, Civ. No. 11-1455, Dkt. 24 (D.N.J. Sept. 30, 2011).

**ANSWER**: Paragraph 19 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only. Natco further admits that the records of any previous litigations involving Natco Pharma Limited and Natco Pharma Inc. speak for themselves. Natco denies any and all remaining allegations of Paragraph 19.

20. For the above reasons, it would not be unfair or unreasonable for Natco Pharma Ltd. and Natco Pharma Inc. to litigate this action in this District, and the Court has personal jurisdiction over those entities here.

**ANSWER**: Paragraph 20 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not contest personal jurisdiction solely for the limited purposes of this action only. Natco denies any and all remaining allegations of Paragraph 20.

## VENUE

21. Plaintiffs incorporate each of the preceding paragraphs 1–20 as if fully set forth herein.

8

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-20 as if fully set forth herein.

22.    Venue is proper in this District as to Natco Pharma Ltd. pursuant to 28 U.S.C. § 1391, at least because, on information and belief, Natco Pharma Ltd. is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

**ANSWER**:  Paragraph 22 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Ltd. is a foreign corporation.  Natco further does not contest venue solely for the limited purposes of this action only.   Natco denies any and all remaining allegations of Paragraph 22.

23.    Venue is proper in this District as to Natco Pharma Inc. pursuant to 28 U.S.C. § 1400(b), at least because, on information and belief, Natco Pharma Inc. has committed, or will commit, an act of infringement in this District, and has a regular and established place of business in this District. On information and belief, among other things, (1) Natco filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including New Jersey; and (2) upon approval of Natco's ANDA, Natco will market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey.

**ANSWER**:  Paragraph 23 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco does not contest venue solely for the limited purposes of this action only.  Further, Natco admits that Natco Pharma Inc. is an entity organized and existing under the laws of the State of Delaware.  Natco additionally admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to market the Natco ANDA Products within the United States.  Natco denies any and all remaining allegations of Paragraph 23.

24.    Venue is proper in this district as to Natco Pharma Ltd. and Natco Pharma Inc. because those entities (1) engage in patent litigation concerning Natco's ANDA products in this District, and (2) do not contest that venue is proper in this District. *See, e.g., Gilead Sciences, Inc. v. Natco Pharma Ltd.*, Civ. No. 11-1455, Dkt. 24 (D.N.J. Sept. 30, 2011).

**ANSWER**:  Paragraph 24 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco does not contest venue solely for the limited purposes of this action only.  Natco further admits that the records of any previous litigations involving Natco Pharma Limited and Natco Pharma Inc. speak for themselves.  Natco denies any and all remaining allegations of Paragraph 24.

## FACTUAL BACKGROUND

25.     LYNPARZA® is approved by FDA for the treatment of certain ovarian, breast, pancreatic, and prostate cancers. The active pharmaceutical ingredient in LYNPARZA® is olaparib, a poly (ADP-ribose) polymerase inhibitor.

**ANSWER**:  Paragraph 25 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that what purports to be the FDA-approved Lynparza label states, among other things:

------------------------- **INDICATIONS AND USAGE** -------------------------

Lynparza is a poly (ADP-ribose) polymerase (PARP) inhibitor indicated:

Ovarian cancer

- for the maintenance treatment of adult patients with deleterious or suspected deleterious germline or somatic *BRCA*-mutated advanced epithelial ovarian, fallopian tube or primary peritoneal cancer who are in complete or partial response to first-line platinum-based chemotherapy. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.1, 2.1)
- in combination with bevacizumab for the maintenance treatment of adult patients with advanced epithelial ovarian, fallopian tube or primary peritoneal cancer who are in complete or partial response to first-line platinum-based chemotherapy and whose cancer is associated with homologous recombination deficiency (HRD)-positive status defined by either:
  - a deleterious or suspected deleterious *BRCA* mutation, and/or
  - genomic instability.
  Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza (1.2, 2.1).
- for the maintenance treatment of adult patients with recurrent epithelial ovarian, fallopian tube or primary peritoneal cancer, who are in complete or partial response to platinum-based chemotherapy. (1.3)

Breast cancer

- for the adjuvant treatment of adult patients with deleterious or suspected deleterious g*BRCA*m human epidermal growth factor receptor 2 (HER2)-negative high risk early breast cancer who have been treated with neoadjuvant or adjuvant chemotherapy. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.4, 2.1).
- for the treatment of adult patients with deleterious or suspected deleterious g*BRCA*m, HER2-negative metastatic breast cancer who have been treated with chemotherapy in the neoadjuvant, adjuvant or metastatic setting. Patients with hormone receptor (HR)-positive breast cancer should have been treated with a prior endocrine therapy or be considered inappropriate for endocrine therapy. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.5, 2.1)

Pancreatic cancer

- for the maintenance treatment of adult patients with deleterious or suspected deleterious g*BRCA*m metastatic pancreatic adenocarcinoma whose disease has not progressed on at least 16 weeks of a first-line platinum-based chemotherapy regimen. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.6, 2.1)

Prostate cancer

- for the treatment of adult patients with deleterious or suspected deleterious germline or somatic homologous recombination repair (HRR) gene-mutated metastatic castration-resistant prostate cancer (mCRPC) who have progressed following prior treatment with enzalutamide or abiraterone. Select patients for therapy based on an FDA-approved companion diagnostic for Lynparza. (1.7, 2.1)

\*          \*          \*

11

Olaparib is a poly (ADP-ribose) polymerase (PARP) inhibitor. The chemical name is 4-[(3-{[4-(cyclopropylcarbonyl)piperazin-1-yl]carbonyl}-4-fluorophenyl)methyl]phthalazin-1(2H)-one. The empirical molecular formula for Lynparza is $C_{24}H_{23}FN_4O_3$ and the relative molecular mass is 434.46. It has the following chemical structure:

October 27, 2022 Lynparza Label at 1, 26.  Natco denies any and all remaining allegations of Paragraph 25.

26.    In Natco's Notice Letter, Natco stated that the subject of Natco's ANDA is olaparib tablets, 100 mg and 150 mg. In Natco's Notice Letter, Natco states that its ANDA was submitted under 21 U.S.C. § 355(j)(1) and § 355(j)(2)(A) and contends that its ANDA contains bioavailability and/or bioequivalence studies for Natco's ANDA Product. On information and belief, Natco's ANDA Product is a generic version of LYNPARZA®.

**ANSWER**:  Paragraph 26 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited's Notice Letter speaks for itself.  Natco denies any and all remaining allegations of Paragraph 26.

27.    In Natco's Notice Letter, Natco stated that it had submitted a Paragraph IV Certification to FDA alleging that the '464, '842, and '562 patents were invalid, unenforceable, and/or not infringed, and that Natco is seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ANDA Product prior to the expiration of the '464, '842, and '562 patents.

12

**ANSWER**:  Paragraph 27 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited's Notice Letter speaks for itself.  Natco denies any and all remaining allegations of Paragraph 27.

28.    The purpose of Natco's submission of Natco's ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the Patents-in-Suit.

**ANSWER**:  Paragraph 28 contains legal conclusions to which no answer is required.  Natco further admits that Natco Pharma Limited submitted ANDA No. 218044 to FDA seeking approval to manufacture, use, offer for sale, sell, and/or import the Natco ANDA Products within and/or into the United States.  Additionally, Natco admits Natco Pharma Limited's Notice Letter speaks for itself.  Natco denies any and all remaining allegations of Paragraph 28.

29.    In an exchange of correspondence, counsel for Plaintiffs and counsel for Natco discussed the terms of Natco's Offer of Confidential Access. The parties did not agree on terms under which Plaintiffs could review, among other things, Natco's ANDA and any Drug Master File referred to therein, and Natco refused to produce samples of Natco's ANDA Product and other internal documents and material relevant to infringement.

**ANSWER**:  Paragraph 29 contains legal conclusions to which no answer is required.  To the extent and answer is required, Natco admits that in an exchange of correspondence, counsel for Plaintiffs and counsel for Natco discussed the terms of Natco Pharma Limited's Offer of Confidential Access.  Natco further admits that Plaintiffs did not make reasonable demands for access to Natco's ANDA and made demands for materials beyond those properly within the scope of Natco Pharma Limited's Offer of Confidential Access.  Natco denies any and all remaining allegations of Paragraph 29.

30.    This action is being commenced within forty-five days from the date Plaintiffs received Natco's Notice Letter.

**ANSWER**:  Paragraph 30 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited's Notice

13

Letter was sent on December 28, 2022. Natco further admits that, on information and belief, the addressees of the Notice Letter received the Notice Letter between December 29, 2022 and January 6, 2023. Natco further admits that this complaint was filed on February 10, 2023. Natco denies any and all remaining allegations of Paragraph 30.

**Count I – Infringement of the '464 Patent Under 35 U.S.C. § 271(E)(2)**

31.    Plaintiffs incorporate each of the preceding paragraphs 1–30 as if fully set forth herein.

**ANSWER**: Natco restates and incorporates by reference each of its responses to Paragraphs 1-30 as if fully set forth herein.

32.    On November 11, 2008, the United States Patent and Trademark Office (the "USPTO") duly and lawfully issued the '464 patent, entitled "Phthalazinone Derivatives." A copy of the '464 patent is attached hereto as Exhibit A.

**ANSWER**: Paragraph 32 contains legal conclusions to which no answer is required. To the extent Natco is required to answer, Natco admits that according to the online records of the USPTO, the '464 patent, which is titled "PHTHALAZINONE DERIVATIVES," issued on November 11, 2008. Natco further admits that what purports to be a true and correct copy of the '464 patent is attached to the Complaint as Exhibit A. Natco denies that the '464 patent was duly and legally issued. Natco denies any and all remaining allegations of Paragraph 32.

33.    Plaintiff Kudos Pharmaceuticals Limited is the assignee of the '464 patent. Plaintiffs Kudos Pharmaceuticals Limited, AstraZeneca Pharmaceuticals LP, AstraZeneca UK Ltd., and MSD International Business GmbH collectively possess all exclusive rights and interests in the '464 patent.

**ANSWER**: Paragraph 33 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that the online records of the PTO list Kudos Pharmaceuticals Limited as the assignee of the '464 patent. Natco lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations of Paragraph 33, and therefore denies any and all remaining allegations of Paragraph 33.

14

34.    The '464 patent claims, *inter alia*, a compound of Formula III, shown below, or isomers, salts, or solvates thereof.

**ANSWER**: Paragraph 34 contains legal conclusions to which no answer is required. To

the extent that Natco is required to answer, Natco admits that claim 1 of the '464 patent states:

1. A compound of formula (III):

(III)

or isomers, salts, or solvates thereof.

Natco denies any and all remaining all remaining allegations of Paragraph 34.

35.    The compound of Formula III is the compound that is known by the international nonproprietary name olaparib. LYNPARZA® contains olaparib as its active pharmaceutical ingredient.

**ANSWER**: Paragraph 35 contains legal conclusions to which no answer is required. To

the extent that Natco is required to answer, Natco admits that what purports to be the FDA-

approved Lynparza label states, among other things:

15

Olaparib is a poly (ADP-ribose) polymerase (PARP) inhibitor. The chemical name is 4-[(3-{[4-(cyclopropylcarbonyl)piperazin-1-yl]carbonyl}-4-fluorophenyl)methyl]phthalazin-1(2$H$)-one. The empirical molecular formula for Lynparza is $C_{24}H_{23}FN_4O_3$ and the relative molecular mass is 434.46. It has the following chemical structure:

October 27, 2022 Lynparza Label at 11.  Natco denies any and all remaining allegations of Paragraph 35.

36.    LYNPARZA® is covered by Claims 1 and 2 of the '464 patent, and the '464 patent has been listed in connection with LYNPARZA® in the FDA's Orange Book.

**ANSWER**:  Paragraph 36 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that the '464 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for NDA No. 208558.  Natco denies any and all remaining allegations of Paragraph 36.

37.    Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '464 patent was an act of infringement of the '464 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**:  Paragraph 37 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco does not dispute that this Court has subject matter jurisdiction for the alleged infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A).  Natco denies any and all remaining allegations of Paragraph 37.

16

38.     On information and belief, Natco's ANDA Product contains olaparib.

**ANSWER**:  Paragraph 37 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, admitted.

39.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe Claims 1 and 2 of the '464 patent, recited above, either literally or under the doctrine of equivalents.

**ANSWER**:  Denied.

40.     On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe Claims 1 and 2 of the '464 patent.

**ANSWER**:  Denied.

41.     On information and belief, Natco plans and intends to, and will, actively induce infringement of the '464 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

**ANSWER**:  Denied.

42.     On information and belief, Natco knows that Natco's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '464 patent and that Natco's ANDA Product and its proposed labeling is not suitable for substantial non-infringing use. On information and belief, Natco plans and intends to, and will, contribute to infringement of the '464 patent after approval of Natco's ANDA.

**ANSWER:**  Denied.

43.     The foregoing actions by Natco constitute and/or will constitute infringement of the '464 patent, active inducement of infringement of the '464 patent, and contribution to the infringement by others of the '464 patent.

**ANSWER**:  Denied.

44.     On information and belief, Natco has acted with full knowledge of the '464 patent and without a reasonable basis for believing that it would not be liable for infringing the '464 patent, actively inducing infringement of the '464 patent, and contributing to the infringement by others of the '464 patent.

**ANSWER**:  Denied.

45.     In Natco's Notice Letter, Natco did not contest infringement of Claims 1 and 2 of the '464 patent on any basis other than the alleged invalidity of those claims.

17

**ANSWER**: Paragraph 45 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited sent Natco Pharma Limited's Notice Letter on December 28, 2022, which notified Plaintiffs that Natco Pharma Limited had submitted to FDA ANDA No. 218044. Natco further admits Natco Pharma Limited's Notice Letter states that "The ANDA includes a paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of olaparib oral tablet, 100 mg and 150 mg, before the expiration of the '464, '842, and '562 patents…." Natco further admits Natco Pharma Limited's Notice Letter speaks for itself. Natco denies any and all remaining allegations of Paragraph 45.

46. Unless Natco is enjoined from infringing the '464 patent, actively inducing infringement of the '464 patent, and contributing to the infringement by others of the '464 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**: Denied.

### Count II – Declaratory Judgment of Infringement of the '464 Patent

47. Plaintiffs incorporate each of the preceding paragraphs 1–46 as if fully set forth herein.

**ANSWER**: Natco restates and incorporates by reference each of its responses to Paragraphs 1-46 as if fully set forth herein.

48. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding validity and/or infringement of the '464 patent.

**ANSWER**: Admitted.

49. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '464 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '464 patent, and that the claims of the '464 patent are valid.

**ANSWER**: Denied.

18

**Count III – Infringement of the '842 Patent Under 35 U.S.C. § 271(E)(2)**

50.    Plaintiffs incorporate each of the preceding paragraphs 1–49 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-49 as if fully set forth herein.

51.    On July 2, 2013, the USPTO duly and lawfully issued the '842 patent, entitled "Immediate Release Pharmaceutical Formulation of 4-[3-(4- Cyclopropanecarbonyl-Piperazine-1-Carbonyl)-4-Fluoro-Benzyl]-2H-Phthalazin-1-One." A copy of the '842 patent is attached hereto as Exhibit B.

**ANSWER**:  Paragraph 51 contains legal conclusions to which no answer is required.  To the extent Natco is required to answer, Natco admits that according to the online records of the USPTO, the '842 patent, which is titled "IMMEDIATE RELEASE PHARMACEUTICAL FORMULATION OF 4-[3-(4-CYCLOSPROPANECARBONYL-PIPERAZINE-1-CARBONYL)-4-FLUORO-BENZYL]-2H-PHTHALAZIN-1-ONE," issued on July 2, 2013. Natco further admits that what purports to be a true and correct copy of the '842 patent is attached to the Complaint as Exhibit B.  Natco denies that the '842 patent was duly and legally issued.  Natco denies any and all remaining allegations of Paragraph 51.

52.    Plaintiff Kudos Pharmaceuticals Limited is the assignee of the '842 patent. Plaintiffs Kudos Pharmaceuticals Limited, AstraZeneca Pharmaceuticals LP, AstraZeneca UK Ltd., and MSD International Business GmbH collectively possess all exclusive rights and interests in the '842 patent.

**ANSWER**:  Paragraph 52 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco states that the face of the '842 patent lists AstraZeneca AB as the assignee of the '842 patent.  Natco lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations of Paragraph 52, and therefore denies any and all remaining allegations of Paragraph 52.

53.    The '842 patent claims, *inter alia*, an immediate-release pharmaceutical composition in the form of a solid dispersion comprising olaparib and certain excipients.

19

**ANSWER**:  Paragraph 53 contains legal conclusions to which no answer is required.  To

the extent that Natco is required to answer, Natco admits that claim 1 of the '842 patent states:

> 1. An immediate-release pharmaceutical composition in the form of a solid dispersion, the composition comprising:
>   an active agent phase comprising 4-[3-(4-cyclopropan-ecarbonyl-piperazine-1-carbonyl)-4-fluoro-benzyl]-2H-phthalazin-1-one (Compound 1) or a salt thereof; and
> a carrier phase comprising copovidone; and
> wherein the active agent phase is dispersed in the carrier phase:
> wherein the total concentration of Compound 1 in the composition is in the range of from 20% by weight to 30% by weight;
> wherein the total amount of Compound 1 in the composition is in the range of from 25 mg to 400 mg; and
> wherein the weight ratio of Compound 1 to copovidone is in the range of from 1:2 to 1:4.

Natco denies any and all remaining allegations of Paragraph 53.

54.     LYNPARZA® is covered by one or more claims of the '842 patent, including at least claims 1 and 7 of the '842 patent, and the '842 patent has been listed in connection with LYNPARZA® in the FDA's Orange Book.

**ANSWER**:  Paragraph 54 contains legal conclusions to which no answer is required.  To

the extent that Natco is required to answer, Natco admits that the '842 patent is listed in the

Orange Book for NDA No. 208558.  Natco lacks sufficient information to admit or deny the

remaining allegations of Paragraph 54, and therefore denies the same.

55.     Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '842 patent was an act of infringement of the '842 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**:  Paragraph 55 contains legal conclusions to which no answer is required.  To

the extent that Natco is required to answer, Natco does not dispute that this Court has subject

20

matter jurisdiction for the alleged infringement of the Patents-in-Suit under 35 U.S.C. §

271(e)(2)(A).  Natco denies any and all remaining allegations of Paragraph 55.

56.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe at least claims 1 and 7 of the '842 patent, recited above, either literally or under the doctrine of equivalents.

**ANSWER**:  Denied.

57.     On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe at least claims 1 and 7 of the '842 patent.

**ANSWER**:  Denied.

58.     On information and belief, Natco plans and intends to, and will, actively induce infringement of the '842 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

**ANSWER**:  Denied.

59.     On information and belief, Natco knows that Natco's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '842 patent and that Natco's ANDA Product and its proposed labeling is not suitable for substantial non-infringing use.  On information and belief, Natco plans and intends to, and will, contribute to infringement of the '842 patent after approval of Natco's ANDA.

**ANSWER**:  Denied.

60.     The foregoing actions by Natco constitute and/or will constitute infringement of the '842 patent, active inducement of infringement of the '842 patent, and contribution to the infringement by others of the '842 patent.

**ANSWER**:  Denied.

61.     On information and belief, Natco has acted with full knowledge of the '842 patent and without a reasonable basis for believing that it would not be liable for infringing the '842 patent, actively inducing infringement of the '842 patent, and contributing to the infringement by others of the '842 patent.

**ANSWER**:  Denied.

62.     Unless Natco is enjoined from infringing the '842 patent, actively inducing infringement of the '842 patent, and contributing to the infringement by others of the '842 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**:  Denied.

### Count IV – Declaratory Judgment of the '842 Patent

63.    Plaintiffs incorporate each of the preceding paragraphs 1–62 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-62 as if fully set forth herein.

64.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding validity and/or infringement of the '842 patent.

**ANSWER**:  Admitted.

65.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '842 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '842 patent, and that the claims of the '842 patent are valid.

**ANSWER**:  Denied.

### Count V – Infringement of the '562 Patent Under 35 U.S.C. § 271(E)(2)

66.    Plaintiffs incorporate each of the preceding paragraphs 1–65 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to Paragraphs 1-65 as if fully set forth herein.

67.    On October 14, 2014, the USPTO duly and lawfully issued the '562 patent, entitled "Use of RNAi Inhibiting PARP Activity for the Manufacture of a Medicament for the Treatment of Cancer." A copy of the '562 patent is attached hereto as Exhibit C.

**ANSWER**:  Paragraph 67 contains legal conclusions to which no answer is required.  To the extent Natco is required to answer, Natco admits that according to the online records of the USPTO, the '562 patent, which is titled "USE OF RNAI INHIBITING PARP ACTIVITY FOR THE MANUFACTURE OF A MEDICAMENT FOR THE TREATMENT OF CANCER," issued on October 14, 2014.  Natco further admits that what purports to be a true and correct

22

copy of the '562 patent is attached to the Complaint as Exhibit C.  Natco denies that the '562 patent was duly and legally issued.  Natco denies any and all remaining allegations of Paragraph 67.

68.     Plaintiff The University of Sheffield is the assignee of the '562 patent. Plaintiffs The University of Sheffield, AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, and MSD International Business GmbH collectively possess all exclusive rights and interests in the '562 patent.

**ANSWER**:  Paragraph 68 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that the face of the '562 patent lists The University of Sheffield as the assignee of the '562 patent.  Natco lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations of Paragraph 68, and therefore denies any and all remaining allegations of Paragraph 68.

69.     The '562 patent claims, *inter alia*, a method of treatment of cancer cells defective in homologous recombination (HR).

**ANSWER**:  Paragraph 69 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that claim 1 of the '562 patent states:

> 1. A method of treatment of cancer cells defective in homologous recombination (HR), the method comprising:
>     identifying a human patient with a familial predisposition to gene-linked hereditary cancer,
>     wherein said cancer comprises cancer cells defective in homologous recombination;
>     identifying a compound which inhibits PARP-1, and administering to said human patient a therapeutically effective amount of said compound.

Natco denies any and all remaining allegations of Paragraph 69.

70.     Methods of using LYNPARZA® are covered by Claim 1 of the '562 patent, and the '562 patent has been listed in connection with LYNPARZA® in the FDA's Orange Book.

**ANSWER**:  Paragraph 70 contains legal conclusions to which no answer is required.  To the extent that Natco is required to answer, Natco admits that the '562 patent is listed in the

23

Orange Book for NDA No. 208558. Natco lacks sufficient information to admit or deny the remaining allegations of Paragraph 70, and therefore denies the same.

71.     Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '562 patent was an act of infringement of the '562 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: Paragraph 71 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco does not dispute that this Court has subject matter jurisdiction for the alleged infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A). Natco denies any and all remaining allegations of Paragraph 71.

72.     On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe Claim 1 of the '562 patent.

**ANSWER**: Denied.

73.     On information and belief, Natco plans and intends to, and will, actively induce infringement of the '562 patent and that Natco's ANDA Product and its proposed labeling is not suitable for substantial non-infringing use. On information and belief, Natco plans and intends to, and will, contribute to infringement of the '562 patent after approval of Natco's ANDA.

**ANSWER**: Denied.

74.     The foregoing actions by Natco constitute and/or will constitute infringement of the '562 patent, active inducement of infringement of the '562 patent, and contribution to the infringement by others of the '562 patent.

**ANSWER**: Denied.

75.     On information and belief, Natco has acted with full knowledge of the '562 patent and without a reasonable basis for believing that it would not be liable for the infringing of the '562 patent, and contributing to the infringement by others of the '562 patent.

**ANSWER**: Denied.

76.     In Natco's Notice Letter, Natco did not contest infringement of Claim 1 of the '562 patent on any basis other than the alleged invalidity of that claim.

**ANSWER**: Paragraph 76 contains legal conclusions to which no answer is required. To the extent that Natco is required to answer, Natco admits that Natco Pharma Limited sent Natco

24

Pharma Limited's Notice Letter on December 28, 2022, which notified Plaintiffs that Natco

Pharma Limited had submitted to FDA ANDA No. 218044.  Natco further admits Natco Pharma

Limited's Notice Letter states that "[t]he ANDA includes a paragraph IV certification to obtain

approval to engage in the commercial manufacture, use or sale of olaparib oral tablet, 100 mg

and 150 mg, before the expiration of the '464, '842, and '562 patents…."  Natco further admits

Natco Pharma Limited's Notice Letter speaks for itself.  Natco denies any and all remaining

allegations of Paragraph 76.

77.    Unless Natco is enjoined from infringing the '562 patent, actively inducing the infringement of the '562 patent, and contributing to the infringement by others of the '562 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**:  Denied.

### Count VI – Declaratory Judgment of the '562 Patent

78.    Plaintiffs incorporate each of the preceding paragraphs 1–77 as if fully set forth herein.

**ANSWER**:  Natco restates and incorporates by reference each of its responses to

Paragraphs 1-77 as if fully set forth herein.

79.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding infringement and/or invalidity of the '562 patent.

**ANSWER**:  Admitted.

80.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '562 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '562 patent, and that the claims of the '562 patent are valid.

**ANSWER**:  Denied.

### PRAYER FOR RELIEF

25

Natco denies that Plaintiffs are entitled to any of the relief prayed for in the Complaint or to any relief whatsoever, and further request that judgment be entered in favor of Natco, dismissing Plaintiffs' Complaint with prejudice, awarding Natco attorneys' fees and costs incurred defending this action under 35 U.S.C. § 285, and granting such further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The proposed manufacture, use, sale, offer for sale, importation, and/or marketing of the Natco ANDA Products has not infringed, does not infringe, and will not—if made, used, sold, offered for sale, imported, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the '464 patent, '842 patent, or '562 patent, either literally or under the doctrine of equivalents.

### Third Defense

Natco has not induced, does not induce, and will not induce infringement of any valid and/or enforceable claim of the '464 patent, '842 patent, or '562 patent.

### Fourth Defense

Natco has not contributed, does not contribute, and will not contribute to infringement of any valid and/or enforceable claim of the '464 patent, '842 patent, or '562 patent.

### Fifth Defense

The claims of the '464 patent, '842 patent, and/or '562 patent are invalid for failing to

26

comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or any judicially-created basis for invalidation or unenforceability.

## Sixth Defense

Any additional defenses or counterclaims that discovery may reveal.

\*        \*        \*

## FIRST AMENDED COUNTERCLAIMS

Defendants/Counterclaim-PlaintiffsPlaintiff Natco Pharma Limited ("Natco"), for its First Amended Counterclaims against AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, The University of Sheffield and MSD International Business GMBH (together "Counterclaim-Defendants"), allege:

## THE PARTIES

1.      Natco is an entity organized and existing under the laws of India, having a principal place of business at 8 Natco House Road No. 2, Banjara Hills 500 034, Hyderabad, India.

2.      On information and belief, as alleged in Plaintiffs' Complaint, AstraZeneca Pharmaceuticals LP is an entity organized and existing under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.

3.      On information and belief, as alleged in Plaintiffs' Complaint, AstraZeneca UK Limited is an entity organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

4.      On information and belief, as alleged in Plaintiffs' Complaint, Kudos Pharmaceuticals Limited is an entity organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

5.      On information and belief, as alleged in Plaintiffs' Complaint, The University of Sheffield is an entity organized and existing under the laws of England and Wales, whose address is Western Bank, Sheffield S10 2TN, United Kingdom.

6.      On information and belief, as alleged in Plaintiffs' Complaint, MSD International Business GmbH is an entity organized and existing under the laws of Switzerland, whose

28

registered office is at Tribschenstrasse, 60, 6005 Lucerne, Switzerland.

## JURISDICTION

7.     These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

8.     This court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

9.     This Court has personal jurisdiction over Counterclaim-Defendants because Counterclaim-Defendants have availed themselves of the rights and privileges—and subjected themselves to the jurisdiction—of this forum by suing Natco in this District, and/or because Counterclaim-Defendants conduct substantial business in, and have regular and systematic contact with, this District.

## FACTUAL BACKGROUND

### Lynparza® (olaparib)

10.     AstraZeneca Pharmaceuticals LP purports to be the holder of approved New Drug Application ("NDA") No. 208558, under which the United States Food and Drug Administration ("FDA") granted approval for Olaparib tablets 100 mg and 150 mg marketed in the United States under the trade name Lynparza®.

11.     At the time the Complaint was filed, U.S. Patent Nos. 7,449,464 ("the '464 patent"), 8,475,842 ("the '842 patent"), and 8,859,562 ("the '562 patent") (collectively, "the Patents-in-Suit") were listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations*

29

("Orange Book") in connection with NDA. No. 208558.

**Patents-in-Suit**

12. On or about November 11, 2008, the United States Patent and Trademark Office ("PTO") issued the '464 patent, titled "PHTHALAZINONE DERIVATIVES," to Niall Morrison Barr Martin, Graeme Cameron Smith, Stephen Philip Jackson, Vincent Junior M Loh, Xiao-Ling Fan Cockcroft, Ian Timothy Williams Matthews, Keith Allan Menear, Frank Kerrigan, and Alan Ashworth.

13. Kudos ~~Pharmaceutical~~Pharmaceuticals Limited is listed as the "assignee" of the '464 patent in the PTO's online records.

14. On information and belief, Counterclaim-Defendants allege that certain Counterclaim-Defendants have the right to enforce the '464 patent.

15. By listing the '464 patent in the Orange Book, AstraZeneca Pharmaceuticals LP maintains that an infringement suit could be asserted reasonably against a generic Abbreviated New Drug Application ("ANDA") applicant—including Natco—that attempts to seek approval for, and market, a generic version of Lynparza® before the expiration of the '464 patent.

16. On or about July 2, 2013, the PTO issued the '842 patent, titled "IMMEDIATE RELEASE PHARMACEUTICAL FORMULATION OF 4-[3-(4-CYCLOSPROPANECARBONYL-PIPERAZINE-1-CARBONYL)-4-FLUORO-BENZYL]-2H-PHTHALAZIN-1-ONE," to Michael Karl Bechtold, Claudia Bettina Packhaeuser, Katja Maren Fastnacht, Bernd Harald Liepold, Benedikt Steitz, Julie Kay Cahill, and Kieran James Lennon.

17. Kudos Pharmaceuticals Limited purports to be the "assignee" of the '842 patent.

18. On information and belief, Counterclaim-Defendants allege that certain Counterclaim-Defendants have the right to enforce the '842 patent.

19.     By listing the '842 patent in the Orange Book, AstraZeneca Pharmaceuticals LP maintains that an infringement suit could be asserted reasonably against a generic ~~Abbreviated New Drug Application ("ANDA")~~ANDA applicant—including Natco—that attempts to seek approval for, and market, a generic version of Lynparza® before the expiration of the '842 patent.

20.     On or about October 14, 2014, the PTO issued the '562 patent, titled "USE OF RNAI INHIBITING PARP ACTIVITY FOR THE MANUFACTURE OF A MEDICAMENT FOR THE TREATMENT OF CANCER," to Thomas Helleday.

21.     Kudos ~~Pharmaceutical~~Pharmaceuticals Limited purports to be the "assignee" of the '562 patent.

22.     On information and belief, Counterclaim-Defendants allege that certain Counterclaim-Defendants have the right to enforce the '562 patent.

23.     By listing the '562 patent in the Orange Book, AstraZeneca Pharmaceuticals LP maintains that an infringement suit could be asserted reasonably against a generic ~~Abbreviated New Drug Application ("ANDA")~~ANDA applicant—including Natco—that attempts to seek approval for, and market, a generic version of Lynparza® before the expiration of the '562 patent.

24.     After the complaint was filed, on or about April 25, 2023, the PTO issued U.S. Patent No. 11,633,396 ("the '396 patent), titled "IMMEDIATE RELEASE PHARMACEUTICAL FORMULATION OF 4-[3-(4- CYCLOPROPANECARBONYL-PIPERAZINE-1- CARBONYL)-4-FLUORO-BENZYL]-2H- PHTHALAZIN-1-ONE," to Michael Karl Bechtold, Julie Kay Cahill, Katja Maren Fastnacht, Kieran James Lennon, Bernd Harald Liepold, Claudia Bettina Packhaeuser, and Benedikt Steitz.

25.     On or about May 19, 2023, one or more of Plaintiffs caused the '396 patent to be listed in the Orange Book, in connection with NDA No. 208558.

31

26.    Kudos Pharmaceuticals Limited purports to be the "assignee" of the '396 patent.

27.    By listing the '396 patent in the Orange Book, AstraZeneca Pharmaceuticals LP maintains that an infringement suit could be asserted reasonably against a generic ANDA applicant—including Natco—that attempts to seek approval for, and market, a generic version of Lynparza® before the expiration of the '396 patent.

28.    The '396 patent is related to the '842 patent at least insofar as the '396 patent issued from a continuation application related to the '842 patent family, and claims priority to the same application to which the '842 patent claims priority.

### Natco ANDA Product and Additional Facts Related to the '396 Patent

~~24.~~    Natco filed ANDA No. 218044 ("Natco ANDA").

29.    ~~Because the~~  The Natco ANDA seeks FDA approval to market Olaparib tablets, 100 mg and 150 mg ("Natco ANDA Products~~")~~").

30.    Pursuant to Local Patent Rule 3.6(a), Natco produced to counsel for Plaintiffs a complete copy of the Natco ANDA on April 17, 2023.

31.    By letter dated June 14, 2023 ("Natco's '396 Notice Letter"), sent pursuant to 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95, Natco notified Plaintiffs that the Natco ANDA includes a Paragraph IV certification with respect to the '396 patent.  Natco had previously notified Plaintiffs, by letter dated December 28, 2022, that the Natco ANDA includes a Paragraph IV certification with respect to the '464, '842 and '562 patents.

32.    Natco's '396 Notice Letter contained a detailed statement of the factual and legal bases for Natco's Paragraph IV certification that the claims of the '396 patent are invalid, not infringed and/or unenforceable.  Natco also enclosed an Offer of Confidential Access to the Natco ANDA in accordance with 21 U.S.C. § 505(j)(5)(C)(I)(III) to allow certain attorneys for

32

AstraZeneca Pharmaceuticals LP the opportunity to review the relevant portions of the Natco ANDA.

33.    On information and belief, Plaintiffs received Natco's '396 Notice Letter on or before June 16, 2023.  Plaintiffs have not sued Natco alleging that Natco's ANDA Products infringe the '396 patent as of the date of these First Amended Counterclaims, and did not file any suit against Natco alleging infringement of the '396 patent by Natco's ANDA Products within 45 days of receiving Natco's '396 Notice Letter.

34.    No representative of any Plaintiff has responded to the Offer of Confidential Access contained in Natco's '396 Notice Letter as of the date of these First Amended Counterclaims.  No representative of any Plaintiff requested permission to use the Natco ANDA in possession of Plaintiffs' counsel for purposes of assessing whether Natco's ANDA Products infringe the claims of the '396 patent.

35.    On August 3, 2023, more than 45 days after Plaintiffs' receipt of '396 Notice Letter, Natco asked Plaintiffs' counsel if "Plaintiffs are willing to provide Natco with an irrevocable covenant not to sue on the '396 patent."  Plaintiffs have not agreed to provide such a covenant, or any other covenant, as of the date of these First Amended Counterclaims.

25.36. Because the Natco ANDA seeks FDA approval to market the Natco ANDA Products before the expiration of the '464 patent, the '842 patent, the '562 patent and the '562396 patent, the Natco ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '464 patent, the '842 patent, the '562 patent and the '562396 patent.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '464 Patent)**

26.37.  Natco realleges and incorporates by reference the allegations of paragraphs 1-2536 as though fully set forth herein.

33

27.38. A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding *inter alia*, whether the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would infringe any valid or enforceable claim of the '464 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

28.39. The manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe any valid or enforceable claim of the '464 patent, either directly or indirectly.

29.40. Natco is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the '464 patent, either literally or under the doctrine of equivalents.

## <u>COUNT II</u>
### (Declaratory Judgment of Invalidity of the '464 Patent)

30.41. Natco realleges and incorporates by reference the allegations of paragraphs 1-2940 as though fully set forth herein.

31.42. A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding, *inter alia*, the invalidity of the '464 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

32.43. The '464 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

33.44. Natco is entitled to a judicial declaration that the '464 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or

34

for obviousness-type double patenting.

## COUNT III
**(Declaratory Judgment of Non-Infringement of the '842 Patent)**

34.45.  Natco realleges and incorporates by reference the allegations of paragraphs 1-3344 as though fully set forth herein.

35.46.  A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding *inter alia*, whether the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would infringe any valid or enforceable claim of the '842 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

36.47.  The manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe any valid or enforceable claim of the '842 patent, either directly or indirectly.

37.48.  Natco is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the '842 patent, either literally or under the doctrine of equivalents.

## COUNT IV
**(Declaratory Judgment of Invalidity of the '842 Patent)**

38.49.  Natco realleges and incorporates by reference the allegations of paragraphs 1-3748 as though fully set forth herein.

39.50.  A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding, *inter alia*, the invalidity of the '842 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

40.51.  The '842 patent is invalid for failure to comply with one or more of the

35

requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

41.52.  Natco is entitled to a judicial declaration that the '842 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

## COUNT V
### (Declaratory Judgment of Non-Infringement of the '562 Patent)

42.53.  Natco realleges and incorporates by reference the allegations of paragraphs 1-4152 as though fully set forth herein.

43.54.  A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding *inter alia*, whether the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would infringe any valid or enforceable claim of the '562 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

44.55.  The manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe any valid or enforceable claim of the '562 patent, either directly or indirectly.

45.56.  Natco is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the '562 patent, either literally or under the doctrine of equivalents.

## COUNT VI
### (Declaratory Judgment of Invalidity of the '562 Patent)

46.57.  Natco realleges and incorporates by reference the allegations of paragraphs 1-4556 as though fully set forth herein.

36

47. 58. A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding, *inter alia*, the invalidity of the '562 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

48. 59. The '562 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

49. 60. Natco is entitled to a judicial declaration that the '562 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

## COUNT VII
### (Declaratory Judgment of Non-Infringement of the '396 Patent)

61. Natco realleges and incorporates by reference the allegations of paragraphs 1-60 as though fully set forth herein.

62. A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding *inter alia*, whether the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would infringe any valid or enforceable claim of the '396 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

63. The manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe any valid or enforceable claim of the '396 patent, either directly or indirectly.

64. Natco is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the Natco ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the '396 patent, either literally or under the doctrine

of equivalents.

**COUNT VIII**
**(Declaratory Judgment of Invalidity of the '396 Patent)**

65.     Natco realleges and incorporates by reference the allegations of paragraphs 1-64 as though fully set forth herein.

66.     A present, genuine, and justiciable controversy exists between Natco and Counterclaim-Defendants regarding, *inter alia*, the invalidity of the '396 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

67.     The '396 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

68.     Natco is entitled to a judicial declaration that the '396 patent is invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

**PRAYER FOR RELIEF**

WHEREFORE, Natco respectfully prays for judgment in its favor and against Counterclaim-Defendants:

(a)     Declaring that the manufacture, use, sale, offer for sale, importation, and/or marketing of the Natco ANDA Products has not infringed, does not infringe, and would not—if made, used, sold, offered for sale, imported, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the ~~patents-in-suit~~'464 patent, the '842 patent, the '562 patent and the '396 patent, either literally or under the doctrine of equivalents;

(b)     Declaring that the claims of the ~~patents-in-suit are~~'464 patent, the '842 patent, the '562 patent and/or the '396 patent are invalid;

38

(c)     Ordering that Counterclaim-Defendants' Complaint be dismissed with prejudice and judgment entered in favor of Natco;

(d)     Declaring this case exceptional and awarding Natco its reasonable attorneys' fees and costs of these Counterclaims under 35 U.S.C. § 285; and

(e)     Awarding Natco such other and further relief as the Court may deem just and proper.

MIDLIGE RICHTER LLC
*Attorneys for Defendants, Natco Pharma Limited and Natco Pharma Inc.*

By:        s/ ~~James S. Richter~~
               James S. Richter
               jrichter@midlige-richter.com

Dated:  ~~April 17~~, 2023

*OF COUNSEL:* *(Pro Hac Vice Forthcoming)*

Kevin E. Warner (kwarner@rmmslegal.com)
Paul J. Molino (paul@rmmslegal.com)
Greg L. Goldblatt (ggoldblatt@rmmslegal.com)
William A. Rakoczy (wrakoczy@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: 312 527-2157

39

**CERTIFICATION PURSUANT TO RULE 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding.

s/ ~~James S. Richter~~
James S. Richter

Dated: ~~April 17~~, 2023

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the parties seek, *inter alia*, declaratory relief in their respective pleadings.

I hereby certify under penalty of perjury that the foregoing is true and correct.

s/ ~~James S. Richter~~
James S. Richter

Dated: ~~April 17~~, 2023

**CERTIFICATION OF SERVICE**

The undersigned attorney certifies that a copy of Defendants' foregoing Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Complaint for Patent Infringement was filed via ECF and served on all counsel of record by electronic mail on ~~April 17~~, 2023.

s/ ~~James S. Richter~~
James S. Richter

Dated: ~~April 17~~, 2023

40