# <u>EXHIBIT A</u>
Defendants' Requests for Production

MIDLIGE RICHTER LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
James S. Richter

*OF COUNSEL:*

RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 527-2157
Kevin Warner (admitted *pro hac vice*)
Paul J. Molino (admitted *pro hac vice*)
Greg L. Goldblatt (admitted *pro hac vice*)
William A. Rakoczy (admitted *pro hac vice*)

*Attorneys for Defendants,*
*Natco Pharma Limited and*
*Natco Pharma Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | x | |
| | : | |
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, and MSD INTERNATIONAL BUSINESS GMBH, | : : : : : : | Honorable Robert Kirsch, U.S.D.J. Civil Action No. 23 CV 796 (RK)(TJB) |
| Plaintiffs, | : : | **NATCO PHARMA LIMITED AND** |
| v. | : : : | **NATCO PHARMA INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-5)** |
| NATCO PHARMA LIMITED and NATCO PHARMA INC., | : : : | |
| Defendants. | : : : | |
| | x | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Natco Pharma Limited and Natco Pharma Inc. requests that AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, The University of Sheffield, and MSD International Business GmbH produce the documents and things requested herein at the offices of Rakoczy Molino Mazzochi Siwik LLP, Six West Hubbard Street, Suite 500, Chicago, Illinois 60654, or at an alternative location upon which the parties mutually agree, within thirty (30) days of service of these requests.

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

1.  The term "Natco" shall mean Natco Pharma Limited and Natco Pharma Inc., named parties in the above-captioned litigation.

2.  The term "AstraZeneca" shall mean any one or more of Astrazeneca Pharmaceuticals LP, Astrazeneca UK Limited and Kudos Pharmaceuticals Limited, named parties in the above-captioned litigation, and all predecessors or successors thereof, and all past or present directors, officers, employees, agents, representatives, or persons acting on behalf of any of the foregoing entities.

3.  The term "The University of Sheffield" shall mean The University of Sheffield, named party in the above-captioned litigation, and all predecessors or successors thereof, and all past or present directors, officers, employees, agents, representatives, or persons acting on behalf of any of the foregoing entities.

4.  The term "Merck" shall mean MSD International Business GmbH, named party in the above-captioned litigation, and all predecessors or successors thereof, and all past or present

2

directors, officers, employees, agents, representatives, or persons acting on behalf of any of the foregoing entities.

5.      The term "Plaintiffs" shall mean any one or more of AstraZeneca, The University of Sheffield, or Merck as defined above.

6.      The term "prior art" encompasses all categories of documents, information, events, and circumstances described in 35 U.S.C. §§ 102 and 103.

7.      The term "FDA" shall mean the U.S. Food and Drug Administration.

8.      The term "Orange Book" shall mean FDA's Approved Drug Products with Therapeutic Equivalence Evaluations.

9.      The term "NDA" shall mean a New Drug Application as defined in 21 U.S.C. § 355.

10.     The term "Tesaro Licensing Case" shall mean the case AstraZeneca UK Ltd. V. Tesaro, Inc. that was before the England and Wales High Court (Chancery Division) leading to the judgment **AstraZeneca UK Ltd. V. Tesaro, Inc.** [2023] EWHC 803.

11.     The term "Head License Agreement" shall mean the agreements between AstraZeneca, the Institute of Cancer Research, and the University of Sheffield that are the subject of the Tesaro Licensing Case.

12.     The term "Head License Agreement Sublicense" shall mean any sublicense agreement relating to a patent that is the subject of the Head License Agreement.

13.     The term "Lynparza" shall mean the products that are the subject of NDA. No. 208558.

14.     The term "Talzenna" shall mean the products that are the subject of NDA. No. 211651.

3

15.    The term "Zejula" shall mean the products that are the subject of NDA. No. 214876.

16.    The term "Rubraca" shall mean the products that are the subject of NDA. No. 209115.

17.    The term "PARP Patent Agreement(s)" shall mean any assignment, transfer, license, covenant not to sue, or any other agreement to which Plaintiffs are a party concerning patents related to PARP inhibitors and the use of PARP inhibitors, including but not limited to, any patents that are the subject of the Head License Agreement, any patents that are the subject of any Head License Agreement Sublicense, and any patents listed in the Orange Book for Lynparza, Talzenna, Zejula and Rubraca.

18.    The term "person" shall mean any individual, corporation, proprietorship, partnership, limited partnership, association, joint venture, governmental body or agency, or other legal entity.

19.    The term "document" is used in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

20.    The term "thing" shall mean any physical specimen or other tangible item, other than a document.

21.    The terms "each" and "any" mean any and all.

22.    The terms "concerning," "relating to," "referring to," and "regarding" are used interchangeably and mean constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to the subject matter.

23.     The term "and" or "or" shall be construed conjunctively or disjunctively, and singular or plural forms of words shall be construed as plural or singular, as necessary to make the request inclusive rather than exclusive; "any" shall mean one or more.

24.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and in the singular form shall be deemed to include the plural and vice-versa.

25.     Wherever any interrogatory or document request calls for information, for the identification of a document, a thing, or an oral communication, or for the production of a document or thing that Plaintiffs claim to be privileged or immune from discovery as work product or on any other ground, Natco's requests, pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, that Plaintiffs provides within thirty days (30) of service of these discovery requests a list:

1.     identifying each particular interrogatory or document request to which Plaintiffs object, and each specific ground upon which such objection is based; and

2.     specifying each withheld document or thing, or portion thereof, as follows:

a)     its date;

b)     the general nature of the document or thing (*e.g.*, whether it is a letter, chart, pamphlet, memorandum, etc.);

c)     a summary of its contents, or the general subject matter of the document or thing;

d)     the identity of each other document or other thing transmitted with or attached to that allegedly privileged or discovery-immune document or thing;

e)     its present location and the identity of its current custodian;

5

f)  the identity of each person who authored, prepared, or signed the document or thing;

g)  a listing identifying each person, including but not limited to addressees and designated copy recipients, to whom either the original or a copy of the document or thing has been disclosed, including the date and means of such disclosure; and

h)  the nature of the privilege, immunity, or other rule of law relied upon to withhold the information, document, or thing, and the facts supporting Plaintiffs' asserted reliance.

26.  If any document or information otherwise responsive to these Requests is withheld or redacted on a claim of privilege, work product immunity or other immunity from discovery, each such document should be identified in writing by specifying the following for each such document: the type of document; a general description of the information contained within the document; the identities of the author(s), addresser(s), addressee(s), or any indicated or blind copy recipients; and the date of creation or transmittal.  In addition, for each such document, Plaintiffs should (1) indicate that it claims privilege; (2) state the grounds on which the claim of privilege rests; and (3) describe the subject matter of the document.  Such information shall be provided in order that Natco and the Court may have a suitable basis to determine whether the document is in fact privileged.  To the extent only a portion of a document is claimed to be privileged, the non-privileged portion of the document should be produced and the information listed above should be provided for the redacted portion of the document.  Any purportedly privileged or discovery-immune information or document that contains matter that is not privileged or immune from discovery must be produced with the purportedly privileged or discovery-immune portion excised.

27.     These Rule 34 requests are intended to include all documents and things in the possession, custody, or control of Plaintiffs, wherever located.

28.     The documents or things requested shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond with the requests to which they are responsive.  If there are no documents or things responsive to any particular discovery request, Plaintiffs should so state in writing rather than leave the request unanswered.

29.     If Plaintiffs comes into possession, custody, or control of responsive documents or things between the time of initial production and the time of trial herein, Natco requests that Plaintiffs promptly supplement its earlier production by producing such documents or things in accordance with Plaintiffs' obligation to supplement responses under Rule 26(e) of the Federal Rules of Civil Procedure.

30.     When gathering documents or things responsive to this Set of Rule 34 Requests, information as to the source (*i.e.*, the person for whom files were maintained, or other location) from which each document or thing was gathered for production, is requested by Natco's Requests.

31.     If the meaning of any term in these Requests is unclear, Plaintiffs should assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

32.     If an English language version or translation of non-English documents or business records exists, both the non-English documents or business records and the English language version or translation should be produced.

33.     If any requested document is known or believed to have existed and cannot now be located or has been destroyed or discarded, identify the document by stating the last known custodian of the document, the date of destruction or discard, the manner of destruction or discard,

7

the reasons for destruction or discard, the efforts made to locate such document, a statement describing the contents of the document, and all authors, addresses or recipients of the document.

34.      Plaintiffs shall respond to each Request separately.

35.      If Plaintiffs has any good faith objection to any Request or any part thereof, the specific nature of the objection and whether it applies to the entire Request or to a part of the Request shall be stated.  If there is an objection to any part of a Request, the part objected to should be identified and documents responsive to the remaining unobjectionable part should be produced.

36.      If, in responding to these Requests, Plaintiffs claims any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, such claim shall not be utilized by Plaintiffs as a basis for refusing to respond, but Plaintiffs shall set forth as part of Plaintiffs' response the language deemed to be ambiguous and the interpretation chosen to be used in the response.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**

All declarations, affidavits, reports and transcripts of testimony from the Tesaro Licensing Case related to the scope of the patents that are the subject of the Head Licensing Agreement and/or any Head Licensing Agreement Sublicense and the rights to those patents afforded by the Head Licensing Agreement and/or any Head Licensing Agreement Sublicense.

**REQUEST NO. 2**

All PARP Patent Agreements including all amendments, revisions, or supplements without restriction as to date.

**REQUEST NO. 3**

Documents, concerning, relating to, and/or referring to the scope of any patent that is subject to a PARP Patent Agreement and the rights afforded to any patent that is subject to a PARP Patent Agreement.

**REQUEST NO. 4**

8

Documents, concerning, relating to, and/or referring to assignment, transfer, license, covenant not to sue, or any other agreement concerning ownership rights or other interests in U.S. Patent Nos. 8,071,579, 8,143,241, and/or 8,859,562 ("the '562 patent").

**REQUEST NO. 5**

Documents, concerning, relating to, and/or referring to assignment, transfer, license, covenant not to sue, or any other agreement concerning any patent or patent application to which the '562 patent claims priority or which claims priority to the '562 patent, as well as any child, divisional, continuation or continuation-in-part of the '562 patent, including but not limited to, U.S. Patent Application No. 17/528,034.

MIDLIGE RICHTER LLC
*Attorneys for Defendants, Natco Pharma Limited and Natco Pharma Inc.*

By:   s/ James S. Richter
            James S. Richter
            jrichter@midlige-richter.com

Dated: January 9, 2024

*OF COUNSEL:*

Kevin E. Warner (kwarner@rmmslegal.com)
Paul J. Molino (paul@rmmslegal.com)
Greg L. Goldblatt (ggoldblatt@rmmslegal.com)
William A. Rakoczy (wrakoczy@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: 312 527-2157

## <u>CERTIFICATION OF SERVICE</u>

The undersigned attorney certifies that a copy of Defendants' First Set Of Requests For Production Of Documents And Things (Nos. 1-5) was served on all counsel of record by electronic mail on January 9, 2024.

*s/ James S. Richter*

James S. Richter

Dated: January 9, 2024

10