# EXHIBIT C
## Defendants' Invalidity Contentions
## (excerpted and highlighted)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
|  | x | |
|  | : | |
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, and MSD INTERNATIONAL BUSINESS GMBH, | : : : : : | Honorable Robert Kirsch, U.S.D.J.  Civil Action No. 23 CV 796 (RK)(TJB) (Consolidated) |
|  | : | |
| Plaintiffs, | : | |
|  | : | |
| v. | : | |
|  | : | |
| NATCO PHARMA LIMITED and NATCO PHARMA INC., | : : : | |
|  | : | |
| Defendants. | : | |
|  | : | |
|  | x | |
|  | : | |
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, and MSD INTERNATIONAL BUSINESS GMBH, | : : : : : | Honorable Robert Kirsch, U.S.D.J.  Civil Action No. 24 CV 641 (RK)(TJB) (Consolidated) |
|  | : | |
| Plaintiffs, | : | |
|  | : | |
| v. | : | |
|  | : | |
| SANDOZ, INC., | : | |
|  | : | |
| Defendant. | : | |
|  | : | |
|  | : | |
|  | x | |

**DEFENDANTS' CORRECTED INVALIDITY CONTENTIONS**

Furthermore, Claim 1 of the 701 patent discloses administering the claimed PARP-1 inhibitor compounds as "a direct cytotoxic agent" as part of a "method for treating cancer." Claim 1 of the 530 patent discloses administering the claimed PARP-1 inhibitor compounds as part of a "method for treating cancer." The POSA would understand that this means the amount of the compound of both Claim 1 of the 701 patent and Claim 1 of the 530 patent that is administered is "a therapeutically effective amount." Claim 1 of the 562 patent contains no other information about or restrictions on what constitutes an "effective amount" of the PARP-1 inhibitor.

Defendants contend that Claim 1 of the 562 patent is not limited to administering PARP-inhibitors as direct cytotoxic agents, and is not limited to administering PARP inhibitors alone to treat the recited cancer. Thus, the "effective amount" administered need not be an effective amount when used for direct cytotoxic activity or as the sole therapeutic agent administered, though such uses are disclosed and/or obvious in view of each of Claim 1 of the 701 patent and Claim 1 of the 530 patent.

While not necessary in view of the discussion above and the plain and ordinary meaning of the claim terms at issue, the above conclusions are further supported by the specifications of each of the 701 patent and the 530 patent for the limited purpose of assessing the scope and meaning of its claim terms. Each of the 701 patent and 530 patent specifications defines each compound claimed as formula I, formula II, and formula III as "a compound for inhibiting the activity of PARP." (701 patent at col. 2, l. 24 – col. 3, l. 20; 530 patent at col. 2, ll. 10-67).

For the reasons set forth above, Claim 1 of the 562 patent is invalid for non-statutory double patenting over each of Claim 1 of the earlier 701 patent and Claim 1 of the earlier 530 patent under the plain and ordinary meaning of the 701 patent claim terms as well as the 530 patent claim terms, using the one-way test of double patenting.

181

earlier references); Huinink 1997 at 2183-92 (discussing the use of topotecan in certain ovarian cancers); Raymond 1997 at 1769-73 (discussing the use of temozolomide in breast and ovarian cancers); Brada 1999 at Abstract (discussing use of temozolomide in ovarian cancer, and its use with PARP-inhibitors); Jen 2000 at 1284 (discussing clinical trials of temozolomide in breast cancer)).

The person of ordinary skill in the art at the time of the alleged invention thus would have deemed it obvious to identify known PARP-inhibitors, including but not limited to those recited in Claim 1 of the 701 and 530 patents, and administer them in effective amounts to treat human cancer patients in general. The POSA likewise would have deemed it obvious to identify known PARP-inhibitors, including but not limited to those recited in Claim 1 of the 701 and 530 patents, and administer them in effective amounts to treat patients with HR-defective breast or ovarian cancer more particularly. That conclusion is consistent with that of the PTAB, which correctly noted that the compounds recited in claim 1 of the 701 and 530 patents were known in the art as PARP-1 inhibitors, and "it would have been obvious to identify the compounds of the 701 and 530 patents claims as inhibitors of PARP-1," and "it would have been obvious to one of skill in the art to evaluate the effectiveness of therapy using the compounds of formula I, II, or III by determining inhibition of PARP." (562 patent PH, 03/27/2014 Decision on Appeal at 9, 11).

Furthermore, Claim 1 of the 701 and 530 patents discloses administering the claimed compounds as "a direct cytotoxic agent" as part of a "method for treating cancer," which means that the amount administered is necessarily "a therapeutically effective amount." However, Claim 1 of the 562 patent is not limited to using PARP-inhibitors as direct cytotoxic agents, and is not limited to administering PARP inhibitors alone to treat the recited cancer. Thus, the "effective amount" administered need not be an effective amount when used for direct cytotoxic activity or

208

cancers); Raymond 1997 at 1769-73 (discussing the use of temozolomide in breast and ovarian cancers); Brada 1999 at Abstract (discussing use of temozolomide in ovarian cancer, and its use with PARP-inhibitors); Jen 2000 at 1284 (discussing clinical trials of temozolomide in breast cancer); Koch 2002 at 4967-68 (discussing experiments with temozolomide, topotecan, and a "new class of PARP-1 inhibitors" that could be used "for potentiation of radiation and chemotherapy.")).

The person of ordinary skill in the art at the time of the alleged invention thus would have deemed it obvious to identify known PARP-inhibitors and administer them in effective amounts to treat human cancer patients in general. The POSA likewise would have deemed it obvious to identify known PARP-inhibitors and administer them in effective amounts to treat patients with HR-defective breast or ovarian cancer more particularly.

Furthermore, Claim 1 of the 562 patent is not limited to using PARP-inhibitors as direct cytotoxic agents, and is not limited to administering PARP inhibitors alone to treat the recited cancer. Thus, the "effective amount" administered need not be an effective amount when used for direct cytotoxic activity or as the sole therapeutic agent administered. The effective amount may also be an amount that potentiates or otherwise adds therapeutic benefit to another form of cancer treatment, such as radiation therapy or chemotherapy. The use of effective amounts of PARP-1 inhibitors for those uses was also disclosed in the prior art discussed above, and thus would have been obvious to the POSA at the time of the alleged invention.

In sum, the POSA at the time would have been motivated with a reasonable expectation of success to identify known compounds which inhibit PARP-1, and administer the claimed therapeutically effective amount of such compounds to cancer patients in general, including patients having a familial disposition to a gene-linked hereditary cancer, like BRCA-deficient breast cancer. This required nothing more than routine steps in the art for improving the treatment

231

of hereditary cancers, including BRCA-related breast and ovarian cancers, that would have been obvious to employ prior to and in combination with treatment.

### a. PARP Inhibitors as Monotherapy.

As noted above, Claim 1 of the 562 patent is not limited to using PARP-inhibitors as direct cytotoxic agents or as the sole administered therapeutic agent. The PTAB indeed expressly held that the allowed claim "is not limited to the use of PARP inhibitors alone to treat cancer, but encompasses the use of PARP-1 inhibitors in conjunction with a therapeutic agent." Defendants thus need not prove that it was anticipated or obvious from the prior art to use the claimed PARP inhibitors to treat the claimed cancer cells alone or as a direct cytotoxic agent.

Nevertheless, doing so is encompassed by the Asserted Claim and would have been obvious for the following reasons, in addition to the explanation of obviousness set forth above.

*First*, using a PARP-1 inhibitor as a monotherapy to treat the claimed cancers would have been obvious based on the relationship between BRCA1, ATM, and PARP-1 as disclosed by, for example, Murcia 2001. Murcia 2001 discloses that "[t]reatment with alkylating agents, which activates PARP-1 in normal cells, causes PARP-1-/- splenocytes to undergo apoptosis extremely rapidly." (Murcia 2001 at 1828). Murcia 2001 states that "[t]he extreme sensitivity of PARP-1-/- cells to [chemo- and radiotherapy] could be explained by the accumulation of unrepaired DNA damage . . . supported by the fact that PARP-1-/- cells have a considerably prolonged delay of DNA strand break rejoining." (*Id.*) Murcia 2001 further shows that "double mutation of both [ATM] and PARP-1 genes in the mouse leads to an early post-implantation lethality of the embryo . . . suggest[ing] that PARP-1 and ATM act synergistically in pathways that either monitor or repair DNA damage during mouse development." (*Id.* at 1829). Murcia 2001 analogizes the intense metabolism during embryonic growth to cells in any proliferative state, (*id.* at 1830), and so a

232

Contentions. Defendants have also produced all other documents and things that support their

Invalidity Contentions that are reasonably known and available at this time, pursuant to L. Pat. R.

3.4(c) and 3.6(d).

Dated: May 10, 2024                              Respectfully submitted,

                                                 */s/ James S. Richter*
                                                 **MIDLIGE RICHTER LLC**
                                                 Basking Ridge, New Jersey 07920
                                                 (908) 626-0622 (telephone)
                                                 James S. Richter (jrichter@midlige-richter.com)

                                                 *Of Counsel*
                                                 Kevin Warner (kwarner@rmmslegal.com)
                                                 Paul J. Molino (pmolino@rmmslegal.com)
                                                 Greg L. Goldblatt (ggoldblatt@rmmslegal.com)
                                                 William A. Rakoczy (wrakoczy@rmmslegal.com)
                                                 **RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
                                                 6 West Hubbard Street, Suite 500
                                                 Chicago, Illinois 60654
                                                 (312) 527-2157 (telephone)

                                                 *Attorneys for Defendants/Counterclaim-Plaintiffs*
                                                 *Natco Pharma Limited and Natco Pharma Inc.*

                                                 Eric I. Abraham (eabraham@hillwallack.com)
                                                 William P. Murtha (wmurtha@hillwallack.com)
                                                 **HILL WALLACK LLP**
                                                 21 Roszel Road
                                                 Princeton, NJ 08540
                                                 T: (609) 924-0808
                                                 F: (609) 452-1888

                                                 Laura A. Lydigsen (llydigsen@crowell.com)
                                                 Mark H. Remus (mremus@crowell.com)
                                                 Mary E. LaFleur (mlafleur@crowell.com)
                                                 **CROWELL & MORING LLP**
                                                 455 North Cityfront Plaza Drive
                                                 NBC Tower, Suite 3600
                                                 Chicago, IL 60611
                                                 T: (312) 321-4200
                                                 F: (312) 321-4299

309

Ryan Seewald (rseewald@crowell.com)
**CROWELL & MORING LLP**
1601 Wewatta Street, Suite 815
Denver, CO 80202
T: (303) 524-8660

*Attorneys for Defendant Sandoz Inc.*

310