# **<u>EXHIBIT B</u>**
Plaintiffs' Responses to Defendants'
Requests for Production

# **<u>FILED UNDER SEAL</u>**

Charles H. Chevalier
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
cchevalier@gibbonslaw.com

*Of Counsel:*

David I. Berl
Elise M. Baumgarten
Kevin Hoagland-Hanson
Rebecca A. Carter
Falicia Elenberg
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, D.C.
(202) 434-5000
dberl@wc.com
ebaumgarten@wc.com
khoagland-hanson@wc.com
rebeccacarter@wc.com
felenberg@wc.com

*Attorneys for Plaintiffs AstraZeneca Pharmaceuticals LP,*
*AstraZeneca UK Limited, Kudos Pharmaceuticals Limited,*
*The University of Sheffield, and MSD International*
*Business GmbH*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, AND MSD INTERNATIONAL BUSINESS GMBH | : : : : : : | Civil Action No. 3:23-cv-00796 (RK)(TJB) |
| Plaintiffs, | : : |  |
| v. | : : | |
| NATCO PHARMA, INC. and NATCO PHARMA, LTD., | : : : | |
| Defendants. | : : : | |

1

**PLAINTIFFS' RESPONSES TO DEFENDANT NATCO PHARMA
LTD. AND NATCO PHARMA INC.'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1–5)**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the U.S. District Court for the District of New Jersey, Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, The University of Sheffield, and MSD International Business GmbH (collectively, "Plaintiffs"), by undersigned counsel, hereby object and respond as follows to Defendants Natco Pharma Ltd. and Natco Pharma Inc.'s ("Natco's") First Set of Requests for Production of Documents and Things (Nos. 1–5).  Except as provided otherwise, documents and things produced in response to these requests (as set forth in detail below) will be produced on a rolling basis and in accordance with the Court's Scheduling Order and subject to Local Patent Rule 2.2.

## GENERAL OBJECTIONS

1.      The following General Objections form a part of, and are hereby incorporated into, the response to each and every request set forth below.  Nothing in those responses, including any failure to recite a specific objection in response to a particular request, should be construed as a waiver of any of these General Objections.

2.      Plaintiffs object to each request, definition, and instruction to the extent that it attempts to impose any duties on Plaintiffs beyond those affirmatively imposed by Federal Rules of Civil Procedure, the District of New Jersey, the Court, or any other applicable rules, laws, doctrines, or accepted practices.  Plaintiffs will interpret and respond to these requests in good faith and in accordance with such rules, laws, doctrines, or practices.

3.      Plaintiffs object to each request, definition, and instruction to the extent

that it seeks documents or things protected by any privilege, protection, or immunity from discovery, including, without limitation, the attorney-client privilege, the accountant-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Plaintiffs do not agree to produce such documents or things and will withhold or redact documents or things on that basis.  If protected documents or things are inadvertently produced in response to these requests, the production of such documents or things shall not constitute a waiver of Plaintiffs' rights to assert the applicability of any privilege, protection, or immunity to the documents or things, to seek the return of such documents or things, or to object to the use of such documents or things at any stage of the action or in any other action or proceeding.  Plaintiffs will comply with the Federal Rules of Civil Procedure and the Local Rules in identifying privileged material, but Plaintiffs specifically object to identifying on a privilege log communications between Plaintiffs and their litigation counsel, or documents or things that were created subsequent to the date Plaintiffs received the first Patent Certification Notice pursuant to 21 U.S.C. § 355(j)(2)(B)(ii)(IV), relating to a patent listed in the U.S. Food & Drug Administration ("FDA") Orange Book in connection with Lynparza®, and will not log such documents and things.  Plaintiffs further object to logging documents or things related to other U.S. or foreign litigations, as well as documents or things related to U.S. patent office or regulatory proceedings or filings, on the grounds that such documents and things are not relevant to the subject matter of this litigation and that logging them would be unduly burdensome, and will not log such documents or things.

    4. Plaintiffs object to each request, definition, and instruction to the extent that it seeks documents or things containing private, confidential, secret, trade secret, proprietary, and/or sensitive business information of Plaintiffs, its employees, and/or third parties (herein

after referred to as "Confidential Information").  Plaintiffs will not produce Confidential

Information to the extent that it is under any obligation—whether imposed by a third party,

court, tribunal, legislature, or any other body with authority to impose or enforce such an

agreement, or by any statute, regulation, or order—to maintain it in confidence and not disclose

it, and all of Plaintiffs' responses should be read to exclude the production of such information.

In addition, Plaintiffs will not produce Confidential Information, and will redact Confidential

Information from documents and information that it produces, to the extent that such

Confidential Information is not relevant to any claim or defense in this action or proportional to

the needs of the case.  Plaintiffs will withhold and/or redact Confidential Information that

includes, but is not limited to, Confidential Information pertaining to individual patients involved

in clinical trials, clinical trial investigators' personal information, Plaintiffs' employees' personal

information, Plaintiffs' information technology systems, drug products that do not contain

olaparib, drugs belonging to other companies, sales and budget forecasts, materials concerning

the negotiation of agreements with third parties, trade secret information about pricing and

pricing strategy, and proprietary manufacturing information.  All of Plaintiffs' responses should

be read to exclude the production of such documents and information.

        5.      Plaintiffs object to each request, definition, and instruction to the extent

that it seeks documents or things containing individually identifiable health information,

including, without limitation, information that would identify patients and persons associated

with reporting adverse events involving human drugs and research subjects.  *See* 21 C.F.R. §§

20.63, 314.430.  Plaintiffs will withhold documents and information on this basis and will redact

such information from any documents that it produces in this action.

        6.      Plaintiffs may, in response to certain requests, refer to or produce

documents or information from custodians or non-custodial sources located outside the United States.  Foreign privacy laws, over which Plaintiffs have no control, may have a substantial impact on the nature and extent of documents and information that Plaintiffs can disclose or produce from such sources.  Plaintiffs object to each request, instruction, and definition to the extent that it seeks documents or things from any jurisdiction outside the United States that (i) pertains to a specific individual that can be linked to that individual; or (ii) is reasonably believed by Plaintiffs to contain information about or pertaining to a specific individual that can be linked to that individual and that reveals race, ethnic origin, sexual orientation, political opinions, religious or philosophical beliefs, trade union or political party membership, or that concerns an individual's health.  Plaintiffs will withhold documents and information on this basis and will redact such information from any documents that it produces in this action.

7.      Plaintiffs object to each request, definition, and instruction to the extent that it incorporates or calls for a subjective judgment that documents or things, for example, "concern," "support," or "refute" a particular issue.  By their subjective nature, such requests are vague and ambiguous.  Plaintiffs further object to each request to the extent that it incorporates, presupposes, or calls for a legal conclusion or makes an erroneous statement of law.  By incorporating, presupposing, or calling for a legal conclusion, such requests are also vague and ambiguous.  Such requests also intrude upon the attorney work product protection because they seek identification of documents or things that counsel considers relevant to a particular legal issue.

8.      Plaintiffs' responses herein are based on facts presently known to Plaintiffs and represent a diligent and good faith effort to respond to these requests.  Plaintiffs' discovery and investigation into the matters specified is continuing.  Accordingly, Plaintiffs

reserve their right to supplement, alter, or change their responses and objections to these requests and to produce response documents or things, if any, that Plaintiffs have in their possession, custody, or control.  Furthermore, Plaintiffs reserve the right, at trial or during other proceedings in this action, to rely on documents, evidence, and other matters in addition to the documents or things produced in response to these requests, whether or not such documents, evidence, or other matters are newly discovered or are not in existence but have not been identified or produced despite diligent and good faith efforts.

9.      Plaintiffs object to each request, definition, and instruction to the extent that it seeks identification of "any," "all," or "each" document(s), thing(s), communication(s), location(s), person(s), or corporation(s) or other entities.  Such demands are overly broad and unduly burdensome, and they seek documents and information that are not relevant to the claim or defense of any party nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiffs will use reasonable diligence to respond to these requests based on documents and/or information in their possession, custody, or control, including based on a reasonably diligent search of those files in which such documents or things ordinarily would be found and of files of those employees whom Plaintiffs reasonably believe are most likely to have responsive documents and/or information about the specific matters at issue.  Where Plaintiffs indicate that they will produce documents or things in response to a request, it means that Plaintiffs will produce only responsive, non-privileged documents or things that they could identify and locate after a reasonably diligent search, if any, as set forth above.

10.     Plaintiffs object to each request, definition, and instruction as overly broad and unduly burdensome to the extent that it purports to require Plaintiffs to search for and produce large volumes of electronically stored information without reasonable limitations upon the scope of documents or things to be searched or the content of the material to be searched for. Plaintiffs will work in good faith with Natco to reach an agreement regarding the scope and content of electronic discovery so as to minimize the burden and expense on all parties.

11.     Plaintiffs object to each request, definition, and instruction to the extent that it seeks documents or things not within Plaintiffs' possession, custody, or control.

12.     Plaintiffs object to each request, definition, and instruction to the extent that it seeks documents or things that are unreasonably cumulative or duplicative; that are publicly available; that are already in Natco's possession, custody, or control; that are of no greater burden for Natco to obtain than Plaintiffs to obtain; or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.  Unless otherwise indicated specifically below, Plaintiffs will not produce such documents or things.

13.     The responses given herein, and the production of documents or things by Plaintiffs in response to any one or more of these requests, shall not be deemed to waive any claim of privilege or immunity that Plaintiffs may have as to any response, document, or thing, or any objection that Plaintiffs may have as to a demand for further response to these or other requests. Plaintiffs may, for their sole convenience, produce documents or things in response to a request without agreeing that other, similar documents or things in their possession, custody, or control are responsive and without waiving any objections they may have to the production of such documents or things.

14.     In furnishing these responses and objections, Plaintiffs do not admit or

concede the relevance, materiality, authenticity, or admissibility in evidence of any such request or response, or of any documents or things produced in response to a particular request. All objections to the use, at trial or otherwise, of any documents or things provided in response to these requests are hereby expressly reserved.

15.    Plaintiffs' statements that it will produce documents or things in response to a particular request do not mean that they have any such documents or things, and its responses should not be construed in such a manner. Where Plaintiffs respond that they will produce "documents, if any," or "any documents," it means that they will produce those documents that exist and can be located after a reasonably diligent search.

16.    Plaintiffs object to each request, definition, and instruction to the extent that it uses language incorporating or calling for a subjective determination, legal conclusion, or erroneous statement of law.  Plaintiffs' responses herein shall be as to matters of fact only and shall not be construed as stating or implying any subjective determinations or conclusions of law concerning the matters referenced in any request or response or any matter relevant to this litigation.

17.    Plaintiffs object to each request, definition, and instruction to the extent that it prematurely seeks production of documents or things to be provided by expert witnesses, or otherwise is premature in light of any applicable order, rule, doctrine, or accepted practice. To the extent Plaintiffs agree to provide any such materials, it will do so at the appropriate time. In addition, documents and/or information sought by these requests will be addressed in Plaintiffs' expert reports and during the depositions of Plaintiffs' expert witnesses.

18.    Plaintiffs object to each request, definition, and instruction as overly

broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to a particular time period, and Plaintiffs specifically object to the production of documents or things that were created subsequent to the filing date of U.S. Patent Nos. 7,449,464 ("the '464 patent") and 8,859,562 ("the '562 patent"), except as noted below, and will not produce such documents or things. To the extent Plaintiffs produce any documents or things created after that date, such production does not constitute a waiver of this objection.

19.     Plaintiffs object to each request, definition, and instruction to the extent that it seeks documents and things relating to Lynparza® in countries other than the United States— including but not limited to documents and things relating to foreign counterparts to the patent-in-suit (including any prosecution or foreign litigation involving such patents), foreign regulatory documents, and foreign sales and marketing information—on the grounds that such requests are overly broad, unduly burdensome, and seek information not relevant to any party's claim or defense or proportional to the needs of the case.  Plaintiffs will not produce such documents and things, and Plaintiffs' responses should be read to exclude the production of such documents and things.

20.     Plaintiffs object to each request, definition, or instruction to the extent it seeks the production of draft articles, submissions, publications, or other documents, on the ground and to the extent that production of drafts of documents is unduly burdensome and not relevant to any party's claim or defense or proportional to the needs of the case.

21.     Plaintiffs object to Natco's definition of "AstraZeneca" as overly broad, burdensome, vague, ambiguous, and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices to the extent that it seeks documents or things related to all

predecessors and successors thereof, and all past or present directors, officers, employees, agents, representatives, or persons acting on behalf of any of the foregoing entities.  Documents and information within the possession of those entities or persons is not necessarily in Plaintiffs' possession, custody, or control.  Plaintiffs will construe "AstraZeneca" to mean AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, and Kudos Pharmaceuticals Limited.

22.     Plaintiffs object to Natco's definition of "The University of Sheffield" as overly broad, burdensome, vague, ambiguous, and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices to the extent that it seeks documents or things related to predecessors and successors thereof, and all past or present directors, officers, employees, agents, representatives, or persons acting on behalf of any of the foregoing entities. Documents and information within the possession of those entities or persons is not necessarily in Plaintiffs' possession, custody, or control.  Plaintiffs will construe "The University of Sheffield" as The University of Sheffield.

23.     Plaintiffs object to Natco's definition of "Merck" as overly broad, burdensome, vague, ambiguous, and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices to the extent that it seeks documents or things related to predecessors and successors thereof, and all past or present directors, officers, employees, agents, representatives, or persons acting on behalf of any of the foregoing entities.  Documents and information within the possession of those entities or persons is not necessarily in Plaintiffs' possession, custody, or control.  Plaintiffs will construe "Merck" to mean MSD International Business GmbH.

24.     Plaintiffs object to Natco's definition of "Plaintiffs" as overly broad, burdensome, vague, ambiguous, and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices to the extent that it seeks documents or things related to predecessors and successors thereof, and all past or present directors, officers, employees, agents, representatives, or persons acting on behalf of any of the foregoing entities.  Documents and information within the possession of those entities or persons is not necessarily in Plaintiffs' possession, custody, or control.  Plaintiffs will construe "Plaintiffs" to mean AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, The University of Sheffield, and MSD International Business GmbH.

25.     Plaintiffs object to Natco's definition of "prior art" as overly broad, unduly burdensome, vague, ambiguous, and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices.  Plaintiffs will not search for "prior art," and neither Plaintiffs' responses nor any documents that Plaintiffs produce should be construed as an admission that a particular document is prior art.

26.     Plaintiffs object to Natco's definition of "Head License Agreement" as vague and ambiguous.

27.     Plaintiffs object to Natco's definition of "Head License Agreement Sublicense" as overly broad, unduly burdensome, vague, ambiguous, and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices.

28.     Plaintiffs object to Natco's definition of "PARP Patent Agreement" as

overly broad, unduly burdensome, vague, and ambiguous.

29.     Plaintiffs object to Natco's definition of "Lynparza," "Talzenna," "Zejula," and "Rubraca" as overly broad, unduly burdensome, vague, ambiguous, and imposing on Plaintiffs a greater burden than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices.  Plaintiffs' Lynparza® (olaparib), which is the subject of Plaintiffs' New Drug Application ("NDA") No. 208558, is the only Plaintiffs product at issue in this case.  Unless otherwise specified, Plaintiffs will provide documents and information only with respect to this product.

30.     Plaintiffs object to Natco's definition of "person" as overly broad, unduly burdensome, vague, ambiguous, and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices.  Plaintiffs will construe "person" to refer to natural persons.

31.     Plaintiffs object to Natco's definitions of "document" and "thing" as overly broad, unduly burdensome, vague, ambiguous, irrelevant, not proportional to the needs of the case, and imposing on Plaintiffs a burden of production greater than that provided by the Federal Rules of Civil Procedure, the Local Rules, and other applicable rules, laws, doctrines, and accepted practices.  Plaintiffs further object to these definitions to the extent that they include items not within Plaintiffs' possession, custody, or control—for example, oral communications.  Plaintiffs will construe these terms only to the extent required by the applicable rules, law, doctrines, and practices.

32.     Plaintiffs object to Natco's definitions of "each" and "any" as overly broad, unduly burdensome, vague, ambiguous, and imposing on Plaintiffs a greater burden than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable

rules, laws, doctrines, and accepted practices.  Plaintiffs will construe these terms only to the extent required by the applicable rules, laws, doctrines, and practices.

33.     Plaintiffs object to Natco's definitions of "concerning," "relating to," "referring to," and "regarding" as overly broad, unduly burdensome, vague, ambiguous, and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices. Plaintiffs will consider as responsive to any request using these terms (or similar terms) only documents or things that discuss the designated subject matter on their face.

34.     Plaintiffs object to Natco's definitions of "and" and "or" and usage of plurals and singulars.  Unless otherwise specified, Plaintiffs will construe "and" conjunctively; "or" disjunctively; plurals as plural; and singulars as singular.

35.     Plaintiffs object to Natco's use of a verb in any tense being construed as the use of the verb in all other tenses, and in the singular form deemed to include the plural and vice versa.  Unless otherwise specified, Plaintiffs will construe a verb in the tense and singular/plural form in which it appears.

36.      Plaintiffs object to requests to the extent that they seek documents or things containing Confidential Information, which will only be produced, to the extent that producing those documents or things will not violate third-party confidentiality rights.

37.     Plaintiffs object to Natco's instructions 25–36 as overly broad, unduly burdensome, vague, ambiguous, and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices.  Plaintiffs will interpret and respond to these requests in good faith and in accordance with such rules, laws, doctrines, or practices, including with respect to

the information and/or documents that Plaintiffs provide in the responses and objections to these requests.

38.     Plaintiffs object to Natco's instructions 25–26 as unduly burdensome and imposing on Plaintiffs a burden greater than provided by the Federal Rules of Civil Procedure, this District, the Court, and other applicable rules, laws, doctrines, and accepted practices. Plaintiffs will negotiate with Natco concerning any future production of a privilege log.

39.     Plaintiffs expressly reserve the right to supplement these General Objections.

## DEFINITIONS

1.     As used herein, "Lynparza" means the Lynparza® (olaparib) tablet, oral, 100 mg and 150 mg product that is the subject of NDA No. 208558.

2.     As used herein, "Assignment Documents" means copies of any assignment of a patent that has been filed with the U.S. Patent and Trademark Office.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

All declarations, affidavits, reports and transcripts of testimony from the Tesaro Licensing Case related to the scope of the patents that are the subject of the Head Licensing Agreement and/or any Head Licensing Agreement Sublicense and the rights to those patents afforded by the Head Licensing Agreement and/or any Head Licensing Agreement Sublicense.

### RESPONSE TO REQUEST NO. 1:

Plaintiffs incorporate by reference and assert their General Objections as though fully set forth herein.  Plaintiffs further object to this request on the ground that it seeks documents or things that are not relevant to any claim or defense in this action or proportional to the needs of the case.  For example, the request asks Plaintiffs to provide "all" declarations, affidavits, and transcripts of testimony and "any" licensing and sublicensing agreements, regardless whether

14

they concern the patents or products at issue in this litigation.  Plaintiffs further object to the terms "all declarations, affidavits, reports, and transcripts of testimony" and "any Head Licensing Agreement Sublicense and the rights to those patents afforded by the Head Licensing Agreement and/or any Head Licensing Agreement Sublicense" as overly broad, unduly burdensome, vague, and ambiguous.  Plaintiffs further object to this request to the extent that it seeks documents or things in Natco's possession, custody, or control; in the public domain; or of no greater burden for Natco to obtain than for Plaintiffs to obtain.  Plaintiffs further object to this request to the extent it seeks documents or things that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, and/or any other applicable privilege or immunity.  Plaintiffs further object to this request to the extent that it seeks documents or things containing Confidential Information, which will only be produced to the extent that producing those documents or things will not violate third-party confidentiality rights.  Plaintiffs further object to this request as premature in light of the timetable provided in the Local Patent Rules to the extent that it seeks Plaintiffs' claim construction positions.

Pursuant to the foregoing General and Specific Objections, Plaintiffs will not produce documents in response to this request.

## REQUEST NO. 2:

All PARP Patent Agreements including all amendments, revisions, or supplements without restriction to date.

## RESPONSE TO REQUEST NO. 2:

Plaintiffs incorporate by reference and assert their General Objections as though fully set forth herein.  Plaintiffs further object to this request on the ground that it seeks documents or things that are not relevant to any claim or defense in this action or proportional to the needs of the case.  For example, the request asks Plaintiffs to provide "all" agreements, including

amendments, revisions, or supplements without restriction to date, regardless whether they concern the patents or products at issue in this litigation.  Plaintiffs further object to the term "amendments, revisions, or supplements" as overly broad, unduly burdensome, vague, and ambiguous.  Plaintiffs further object to this request to the extent that it seeks documents or things containing Confidential Information, which will only be produced to the extent that producing those documents or things will not violate third-party confidentiality rights.  Plaintiffs further object to this request as premature in light of the timetable provided in the Local Patent Rules.

Pursuant to the foregoing General and Specific Objections, Plaintiffs will not produce documents in response to this request.

**REQUEST NO. 3:**

Documents, concerning, relating to, and/or referring to the scope of any patent that is subject to a PARP Patent Agreement and the rights afforded to any patent that is subject to a PARP Patent Agreement.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs incorporate by reference and assert their General Objections as though fully set forth herein.  Plaintiffs further object to this request on the ground that it seeks documents or things that are not relevant to any claim or defense in this action or proportional to the needs of the case.  For example, the request asks Plaintiffs to provide documents "concerning, relating to, and/or referring to" the scope of any patent subject to a PARP Patent Agreement, regardless whether they concern the patents or products at issue in this litigation.  Plaintiffs further object to the terms "documents," "the scope of any patent that is subject to a PARP Patent Agreement," and "the rights afforded to any patent that is subject to a PARP Patent Agreement" as overly broad, unduly burdensome, vague, and ambiguous.  Plaintiffs further object to this request to the extent that it seeks documents or things outside of Plaintiffs' possession, custody, or control.

Plaintiffs further object to this request to the extent it seeks documents or things that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, and/or any other applicable privilege or immunity.  Plaintiffs further object to this request to the extent that it seeks documents or things containing Confidential Information, which will only be produced, to the extent that producing those documents or things will not violate third-party confidentiality rights.  Plaintiffs further object to this request as premature in light of the timetable provided in the Local Patent Rules to the extent that it seeks Plaintiffs' claim construction positions.

Pursuant to the foregoing General and Specific Objections, Plaintiffs will not produce documents in response to this request.

**REQUEST NO. 4:**

Documents, concerning, relating to, and/or referring to assignment, transfer, license, covenant not to sue, or any other agreement concerning ownership rights or other interests in U.S. Patent Nos. 8,071,579, 8,143,241, and/or 8,859,562 ("the '562 patent").

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs incorporate by reference and assert their General Objections as though fully set forth herein.  Plaintiffs further object to this request on the ground that it seeks documents or things that are not relevant to any claim or defense in this action or proportional to the needs of the case.  For example, the request asks Plaintiffs to provide "documents" pertaining to "assignments, transfer, license, covenant not to sue, or any other agreement concerning ownership rights or other interests," regardless whether they concern the patents or products at issue in this litigation.  Plaintiffs further object to the terms "documents," "concerning, relating to, and/or referring to assignment, transfer, license, covenant not to sue, or any other agreement concerning ownership rights or other interests" as overly broad, unduly burdensome, vague, and

17

ambiguous.  Plaintiffs further object to this request to the extent that it seeks documents or things outside of Plaintiffs' possession, custody, or control.  Plaintiffs further object to this request to the extent it seeks documents or things that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, and/or any other applicable privilege or immunity.  Plaintiffs further object to this request to the extent that it seeks documents or things containing Confidential Information, which will only be produced to the extent that producing those documents or things will not violate third-party confidentiality rights. Plaintiffs further object to this request as premature in light of the timetable provided in the Local Patent Rules.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce the Assignment Documents for U.S. Patent No.8,859,562.

**REQUEST NO. 5:**

Documents, concerning, relating to, and/or referring to assignment, transfer, license, covenant not to sue, or any other agreement concerning any patent or patent application to which the '562 patent claims priority or which claims priority to the '562 patent, as well as any child, divisional, continuation or continuation-in-part of the '562 patent, including but not limited to, U.S. Patent Application No. 17/528,034.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs incorporate by reference and assert their General Objections as though fully set forth herein. Plaintiffs further object to this request on the ground that it seeks documents or things that are not relevant to any claim or defense in this action or proportional to the needs of the case.  Plaintiffs further object to the terms "documents," "concerning, relating to, and/or referring to assignment, transfer, license, covenant not to sue, or any other agreement concerning any patent or patent application" as overly broad, unduly burdensome, vague, and ambiguous. Plaintiffs further object to this request to the extent that it seeks documents or things outside of

Plaintiffs' possession, custody, or control.  Plaintiffs further object to this request to the extent that it seeks documents or things in the public domain; or of no greater burden for Natco to obtain than for Plaintiffs to obtain.  Plaintiffs further object to this request to the extent it seeks documents or things that are protected from disclosure by the attorney-client privilege, common interest privilege, work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this request to the extent that it seeks documents or things containing Confidential Information, which will only be produced to the extent that producing those documents or things will not violate third-party confidentiality rights.  Plaintiffs further object to this request as premature in light of the timetable provided in the Local Patent Rules.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce the Assignment Documents for any patent or patent application to which the '562 patent claims priority or which claims priority to the '562 patent.

Dated: February 8, 2024

Gibbons P.C.

*s/Charles H. Chevalier*

*Of Counsel:*                                    Charles H. Chevalier
                                                 Gibbons P.C.
David I. Berl                                    One Gateway Center
Elise M. Baumgarten                              Newark, New Jersey 07102-5310
Kevin Hoagland-Hanson                            (973) 596-4500
Rebecca A. Carter                                cchevalier@gibbonslaw.com
Falicia Elenberg
Williams & Connolly LLP
680 Maine Avenue, SW
Washington, D.C. 20024
(202) 434-5000
dberl@wc.com
ebaumgarten@wc.com
khoagland-hanson@wc.com
rebeccacarter@wc.com
felenberg@wc.com

*Attorneys for Plaintiffs AstraZeneca*
*Pharmaceuticals LP, AstraZeneca UK*
*Limited, Kudos Pharmaceuticals Limited,*
*The University of Sheffield, and MSD*
*International Business GmbH*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of **PLAINTIFFS'**

**RESPONSES TO DEFENDANT NATCO PHARMA LTD. AND NATCO PHARMA**

**INC.'S FIRST SET OF REQUESTS <u>FOR PRODUCTION OF DOCUMENTS AND</u>**

**<u>THINGS (NOS. 1–5)</u>** was caused to be served on all counsel of record by email on February 8,

2024.


<u>/s/*Charles H. Chevalier*</u>