## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, and MSD INTERNATIONAL BUSINESS GMBH,

Plaintiffs,

v.

NATCO PHARMA LIMITED, NATCO PHARMA INC., SANDOZ INC., CIPLA LIMITED and CIPLA USA, INC.,

Defendants.

Civil Action No. 3:23-796 (RK) (TJB)
(Consolidated)

## SECOND SUPPLEMENTAL STIPULATED CONFIDENTIALITY ORDER

Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, Kudos Pharmaceuticals Limited, The University of Sheffield, and MSD International Business GmbH, (collectively, "Plaintiffs") and Defendants Natco Pharma Limited and Natco Pharma Inc., and Sandoz Inc. and Cipla Limited and Cipla USA, Inc. (collectively, "Defendants") hereby stipulate to the entry of the following confidentiality order in the above captioned matter ("Action"):

1.      **Purpose and Scope of Protection.**

1.1      Disclosure and discovery in this Action may involve the production of certain confidential, proprietary, or private documents, things and information (including electronically stored information) in the possession, custody or control of a party or a non-party that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information within the meaning of Rule 26(c)(1)(G) of

the Federal Rules of Civil Procedure or contain information involving privacy interests of individuals for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action may be warranted.  Accordingly, the parties have in good faith conferred and have agreed upon the terms of this Confidentiality Order.

1.2     This Confidentiality Order shall govern any record of information, designated pursuant to ¶ 3 of this Confidentiality Order, produced in this Action, including, without limitation, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

1.3     This Confidentiality Order shall also govern any designated record of information produced, exchanged, or served in this Action pursuant to required disclosures under any federal procedural rule or District of New Jersey Local Rules, and any supplementary disclosures thereto.

1.4     This Confidentiality Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Confidentiality Order.  If an additional party unrelated to Plaintiffs or Defendants (or a successor in interest to any of them) joins or is joined in this Action, the newly joined party shall not have access to documents or other information produced under protection of this Confidentiality Order until the parties agree to a supplemental confidentiality order.

**2.      Definitions.**

2.1     As used herein, the terms "CONFIDENTIAL" and "CONFIDENTIAL INFORMATION" (which are used herein interchangeably and are synonymous with one another) shall mean any document or other tangible thing or any electronically stored information or oral

testimony that contains or reveals what a party or non-party considers to be its trade secret, business, confidential, or proprietary information, including without limitation research and development information, patent applications and prosecution related thereto (to the extent not publicly available), and other technical information, and that the Producing Party designates pursuant to this Confidentiality Order.  Confidential Information may include without limitation documents produced in the course of discovery or otherwise, contentions, answers to interrogatories, answers to requests for admission, deposition testimony, and deposition exhibits that are so designated.  In designating information as "Confidential Information," a Designating Party shall designate only its trade secrets, information that it has maintained in confidence, information which it has an obligation to a third party to keep confidential, or information in which it has a proprietary interest.  Each party shall act in good faith in designating information as "Confidential Information." Information shall be designated CONFIDENTIAL INFORMATION if the information constitutes, without limitation, (i) any approved or unapproved (whether pending or not yet filed) new drug application or abbreviated new drug application that purports to cover any olaparib product ("Olaparib Drug Application"); (ii) any correspondence with the FDA regarding any Olaparib Drug Application; (iii) financial or strategic commercial information; (iv) research and development information or other technical information; (v) drafts of items (i)-(iv) above; and/or (vi) any document attaching any of items (i)-(v) of this ¶ 2.1.

2.2     CONFIDENTIAL INFORMATION shall include: (a) all copies, extracts, and complete or partial summaries prepared from such CONFIDENTIAL INFORMATION; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the

content of any such CONFIDENTIAL INFORMATION; (d) written discovery responses, answers, expert reports, and/or contentions that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; and (e) deposition testimony designated in accordance with Paragraph 11 below.

3.      **Designation.**

Each party shall have the right to designate information as CONFIDENTIAL, subject to this Confidentiality Order.  It shall be the duty of the Producing Party to give notice, in accordance with the provisions of this Confidentiality Order, of the information designated to be covered by this Confidentiality Order.  To the extent that material is marked CONFIDENTIAL, such material shall only be revealed to or used by limited categories of individuals, as provided for herein, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Confidentiality Order.  Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL accordingly, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

4.      **Marked Documents and Things.**

4.1      Each page of a document and each thing that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL – CONFIDENTIALITY ORDER MATERIAL" or "CONFIDENTIAL INFORMATION – CONFIDENTIALITY ORDER MATERIAL" when the document or thing is produced to the receiving parties.  Anything that cannot be so labeled or marked on its face shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto.  Or, with respect to documents produced in native format, a

4

marking associated with that document should also be sufficient.  Material produced without any such legend clearly indicating that it is subject to this Confidentiality Order shall not be subject to the protections afforded to such information under this Confidentiality Order unless otherwise agreed by the parties, ordered by the Court, or designated in accordance with ¶ 16 of this Confidentiality Order.

4.2     Should a party opt to make materials available for inspection in response to a discovery request, such inspection shall be conducted on an outside-counsel-eyes-only basis.  Once produced, such materials shall be treated by the receiving parties in accordance with any confidentiality designation made at the time of their production.

4.3     Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege or to work-product immunity.  Each such redaction, regardless of size, shall be clearly labeled as redacted.  Information involving the privacy interests of one or more individuals or subject to data privacy restrictions (such as social security numbers, dates of birth, private addresses or telephone numbers, or other personal information) can be redacted in accordance with the provisions of this paragraph.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.  All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

**5.     Limit on Use and Disclosure of Designated Information.**

5.1     The production of CONFIDENTIAL INFORMATION by a party under the terms of this Confidentiality Order shall not be construed to mean that the Producing Party has waived

any objection to the production, relevancy or admissibility of such information.  Nothing contained herein shall preclude any party from opposing any discovery on any basis.  Further, nothing in this Confidentiality Order constitutes an admission by any party that any specific item of CONFIDENTIAL INFORMATION is a trade secret or otherwise confidential and proprietary to a party.

5.2     Each party and all persons bound by the terms of this Confidentiality Order shall use any information or document designated CONFIDENTIAL only in connection with the prosecution or defense of this litigation arising from Defendants' ANDAs related to the drug olaparib, except by written consent of the Producing Party or order of the Court.  Such use includes, but is not limited to, offering evidence and testimony at trial and/or other hearings, preparing for and conducting discovery, preparing for trial, and supporting or opposing any motion, all in this Action.  Except as provided for in this Order or by written consent of the Producing Party, no party or other person shall disclose or release any information or document governed by this Confidentiality Order to any person not authorized pursuant to this Confidentiality Order to receive such information or document.

Except as provided by written consent of the Producing Party, material designated CONFIDENTIAL, and all information derived therefrom, shall be used only by persons permitted access to such information under this Confidentiality Order, shall not be disclosed by the Receiving Parties to any party or person not entitled under this Confidentiality Order to have access to such material, and shall not be used by the Receiving Parties for any purpose other than in connection with the prosecution or defense of this Action concerning Defendants' ANDAs related to the drug olaparib, including without limitation for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory (including citizen's petitions and

submissions to the U.S. Pharmacopeia or equivalent organizations), business, or other competitive purpose (except for settlement of this Action concerning Defendants' ANDAs related to the drug olaparib).

5.3     Absent written consent of the Producing Party and/or further order of this Court, all persons receiving information designated CONFIDENTIAL under this Confidentiality Order from an opposing party in this Action are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United States Patent and Trademark Office or the Patent Trial and Appeal Board or their counterpart organizations in any foreign jurisdiction.

5.4     Absent written consent of the Producing Party and/or further order of this Court, any person who receives information designated CONFIDENTIAL INFORMATION under this Confidentiality Order from, in the case of an individual representing or affiliated with the Plaintiffs or Defendants in this Action, shall not, thereafter during the course of this Action and continuing for two years following final termination of this Action, (i) work on or directly participate in the drafting or editing of any patent application (foreign or domestic), claim, or claim amendment that is directed to any product containing olaparib, including without limitation the uses of any product containing olaparib or the method of manufacturing any product containing olaparib; (ii) work on or directly participate in the drafting or editing of a Citizen Petition (or related submission, including a response to a Citizen Petition) concerning bioequivalence requirements for olaparib products, 505(b)(2) applications concerning products containing olaparib, 505(j) applications concerning products containing olaparib, or labeling requirements for 505(b)(2) or 505(j) applications concerning products containing olaparib; or (iii) hold a non-legal competitive decision-making role related to olaparib drug products, such as a role involving the development

of pricing, sales, marketing, business plans, or commercial strategies related to olaparib drug products[1]. For clarity, nothing in item (i) of this ¶ 5.4 of this Confidentiality Order shall prevent an individual who receives CONFIDENTIAL INFORMATION from working on or directly participating in (a) *inter partes* reviews, post grant reviews, or re-issue or re-examination proceedings at the U.S. Patent and Trademark Office or the Patent Trial and Appeal Board related to olaparib, or (b) pre- or post-grant opposition proceedings or invalidation request proceedings before a foreign patent office or court related to olaparib, so long as the individual does not work on or directly participate in the drafting or editing of a claim or claim amendment as described in item (i). For further clarity, nothing in item (ii) of this ¶ 5.4 shall prevent an individual who receives CONFIDENTIAL INFORMATION from working on or participating directly in (a) the drafting or editing of submissions to the FDA that are not Citizen Petitions or related submissions, including but not limited to submissions related to the listing of a patent in the Orange Book, or (b) a Citizen Petition (or related submission, including a response to a Citizen Petition) solely concerning that individual's company's own olaparib product and no other existing or potential future products—i.e., in the case of Plaintiffs, a Citizen Petition involving Lynparza® itself (or a method of using Lynparza® or manufacturing Lynparza®), or in the case of Defendants, a Citizen Petition involving Defendants' own generic olaparib product (or a method of using or manufacturing such generic olaparib product)—so long as such individual does not use CONFIDENTIAL INFORMATION received from an opposing party in this Action in connection with such Citizen Petition (or related submission).

---

[1] For the avoidance of doubt, legal roles and legal decision-making responsibilities do not fall within the scope of subsection (ii).

8

5.5     If a party opts to produce documents containing CONFIDENTIAL INFORMATION in hard copy, then any complete hard copy production sets shall be maintained at the offices of outside counsel only.  Nothing in this Paragraph precludes a Receiving Party from making electronic copies of documents containing CONFIDENTIAL INFORMATION produced in hard copy, and any such electronic copies shall be governed by this Confidentiality Order.

5.6     It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated CONFIDENTIAL INFORMATION received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, except by prior written agreement with counsel for the Producing Party.

5.7     The attorneys of record for the parties and other persons receiving information governed by this Confidentiality Order shall exercise reasonable care to ensure that the information and documents governed by this Confidentiality Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

5.8     The parties agree to meet and confer in good faith prior to trial to establish procedures concerning the use of CONFIDENTIAL INFORMATION at trial.  Nothing in this Confidentiality Order shall preclude any party from moving the Court to seal the courtroom, trial exhibits, or the trial transcript in order to preserve the confidential nature of any CONFIDENTIAL INFORMATION used at trial.

**6.     Disclosure of CONFIDENTIAL INFORMATION.**

6.1     Every person to whom CONFIDENTIAL INFORMATION contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Confidentiality Order.

6.2     Except as provided in ¶¶ 11, 12, and 18, documents or information designated CONFIDENTIAL INFORMATION, as described in this Confidentiality Order, shall be disclosed by the recipient thereof, on a need-to-know basis, only to:

(a)     outside trial counsel or outside attorneys of record for the parties, including, but not limited to, such attorneys' partners, associates, staff and contract attorneys, and their authorized secretarial, paralegal, clerical and legal assistant staff whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION, each of whom does not currently have responsibility for patent prosecution in connection with olaparib and does not hold a non-legal competitive decision-making role related to olaparib drug products, such as a role involving the development of pricing, sales, marketing, business plans, or commercial strategies related to olaparib drug products.  For clarity, while an outside counsel who does not currently have responsibility for patent prosecution in connection with olaparib may be a designated person under ¶ 6.2 (a), such person may not, commencing as of the date he or she receives information designated CONFIDENTIAL INFORMATION under this Confidentiality Order from an opposing party in this Action, and continuing for two years following final termination of this Action, work on or directly participate in the drafting or editing of any claims or claim amendments in connection with such patent prosecution.  For further clarity, a designated outside counsel may work on and directly participate in, and have primary responsibility for, (1) *inter partes* reviews, post grant reviews, or re-issue or re-examination proceedings at the U.S. Patent Trademark Office or Patent Trial and Appeal Board related to olaparib; or (2) pre- or post-grant opposition proceedings or invalidation request proceedings before a foreign patent office or court related to olaparib, provided that such designated person does not, commencing as of the date he or she receives information designated CONFIDENTIAL INFORMATION under this Confidentiality

Order from an opposing party in this Action, and continuing for two years following final termination of this Action, work on or directly participate in the drafting or editing of any claims or claim amendments as part of any such proceeding.  All requirements of this protective order apply to persons who access CONFIDENTIAL INFORMATION pursuant to this paragraph, including the requirements of Paragraph 5.4.  To the extent that particular requirements set forth in Paragraph 5.4 are repeated in this Paragraph, it is for emphasis only;

(b)      Up to two (2) in-house personnel employed by each of AstraZeneca, Merck, and The University of Sheffield who are responsible for overseeing this litigation, each of whom does not currently have responsibility for patent prosecution in connection with olaparib and does not hold a non-legal competitive decision-making role related to olaparib drug products, such as a role involving the development of pricing, sales, marketing, business plans, or commercial strategies related to olaparib drug products.  For clarity, while an in-house personnel who does not currently have responsibility for patent prosecution in connection with olaparib may be a designated person under ¶ 6.2 (b), such person may not, commencing as of the date he or she receives information designated CONFIDENTIAL INFORMATION under this Confidentiality Order from an opposing party in this Action, and continuing for two years following final termination of this Action, work on or directly participate in the drafting or editing of any claims or claim amendments in connection with such patent prosecution.  For further clarity, a designated in-house personnel may work on and directly participate in, and have primary responsibility for, (1) *inter partes* reviews, post grant reviews, or re-issue or re-examination proceedings at the U.S. Patent Trademark Office or Patent Trial and Appeal Board related to olaparib; or (2) pre- or post-grant opposition proceedings or invalidation request proceedings before a foreign patent office or court related to olaparib, provided that such designated person does not, commencing as of the

11

date he or she receives information designated CONFIDENTIAL INFORMATION under this Confidentiality Order from an opposing party in this Action, and continuing for two years following final termination of this Action, work on or directly participate in the drafting or editing of any claims or claim amendments as part of any such proceeding.  Such designated individuals shall execute a copy of the Confidentiality Undertaking attached hereto as Exhibit A, which shall in turn be provided to outside counsel for the other parties in this Action, and may disclose CONFIDENTIAL INFORMATION to their secretarial, paralegal, clerical or legal assistant staff. In the event that one of the aforementioned in-house personnel ceases to have responsibilities relating to this litigation, a party may designate another in-house personnel who otherwise qualifies under the provisions of this ¶ 6.2 (b) to replace such person upon giving written notice of such change to outside counsel for the other parties in this Action and providing an executed copy of the Confidentiality Undertaking.  All requirements of this protective order apply to persons who access CONFIDENTIAL INFORMATION pursuant to this paragraph, including the requirements of Paragraph 5.4.  To the extent that particular requirements set forth in Paragraph 5.4 are repeated in this Paragraph, it is for emphasis only;

(c)     Up to two (2) in-house personnel employed by each Defendant group (i.e. two (2) in-house personnel for the Natco entities and two (2) in-house personnel for Sandoz), each of whom is responsible for overseeing this litigation, does not currently have responsibility for patent prosecution in connection with olaparib, and does not hold a non-legal competitive decision-making role related to olaparib drug products, such as a role involving the development of pricing, sales, marketing, business plans, or commercial strategies related to olaparib drug products.  For clarity, while such an in-house personnel who does not currently have responsibility for patent prosecution in connection with olaparib may be a designated person under ¶ 6.2 (c), such person

may not, commencing as of the date he or she receives information designated CONFIDENTIAL INFORMATION under this Confidentiality Order from an opposing party in this Action, and continuing for two years following final termination of this Action, work on or directly participate in the drafting or editing of any claims or claim amendments in connection with such patent prosecution.  For further clarity, a designated in-house personnel may work on and directly participate in, and have primary responsibility for, (1) *inter partes* reviews, post grant reviews, or re-issue or re-examination proceedings at the U.S. Patent and Trademark Office or Patent Trial and Appeal Board related to olaparib; or (2) pre- or post-grant opposition proceedings or invalidation request proceedings before a foreign patent office or court related to olaparib, provided that, commencing as of the date he or she receives information designated CONFIDENTIAL INFORMATION under this Confidentiality Order from an opposing party in this Action, and continuing for two years following final termination of this Action, such designated personnel does not work on or directly participate in the drafting or editing of any claims or claim amendments as part of any such proceeding.  Such designated personnel shall execute a copy of the Confidentiality Undertaking attached hereto as Exhibit A, which shall in turn be provided to outside counsel for the other parties in this Action, and may disclose CONFIDENTIAL INFORMATION to their secretarial, paralegal, clerical or legal assistant staff. In the event that one of the aforementioned in-house personnel ceases to have responsibilities relating to this litigation, a party may designate another in-house personnel who otherwise qualifies under the provisions of this ¶ 6.2 (c) to replace such person upon giving written notice of such change to outside counsel for the other parties in this Action and providing an executed copy of the Confidentiality Undertaking.  All requirements of this protective order apply to persons who access CONFIDENTIAL INFORMATION pursuant to this paragraph, including the requirements

of Paragraph 5.4.  To the extent that particular requirements set forth in Paragraph 5.4 are repeated in this Paragraph, it is for emphasis only;

      (d)     the Court and Court personnel;

      (e)     witnesses or potential witnesses in this Action and their counsel, to the extent that the witness at such proceeding is qualified under the terms of this Confidentiality Order to have access to such designated material;

      (f)     outside consultants or experts and their staffs retained by the parties or their attorneys for purposes of this Action, who are not objected to pursuant to ¶ 7, and who first agree to be bound by the terms of this Confidentiality Order by executing a copy of the Undertaking attached hereto as Exhibit A;

      (g)     court reporters, videographers, and their respective staffs employed in connection with this Action;

      (h)     non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators, database entry personnel); and

      (i)     any interpreter or translation service retained to assist outside counsel of record, and any typist or transcriber used thereby, who executes a copy of the Confidentiality Undertaking attached hereto as Exhibit A and has made suitable arrangements with the party that has retained such an individual to preserve the confidentiality of the CONFIDENTIAL INFORMATION.

**7.      Identification of Experts and Consultants.**

7.1      If any party desires to disclose information designated CONFIDENTIAL to any expert or consultant pursuant to ¶ 6(f) above, it must first identify in writing (which can be by email or facsimile) to the attorneys for the Producing Party each such expert or consultant.

7.2      The attorneys for the Producing Party shall have seven (7) calendar days from receipt of such notice under ¶ 7.1 to object in writing to disclosure of such information to any of the experts or consultants so identified.  Any party that fails to object in writing within seven (7) calendar days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of ¶ 6.2 (f).  No CONFIDENTIAL INFORMATION may be disclosed to any proposed expert or consultant until such time as the parties are deemed to have agreed upon disclosure to the expert for purposes of ¶ 6.2 (f) pursuant to the provisions of ¶ 7.

7.3      The identification of an expert or consultant pursuant to ¶ 7.1 shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, a listing of any party or other company in the pharmaceutical industry for whom the proposed expert or consultant has been employed or consulted with (except those engagements that are protected from disclosure pursuant to Fed. R. Civ. P. 26 or where the fact of the engagement itself is protected from disclosure by a confidentiality agreement) within the last four (4) years, a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years, and an executed copy of the Confidentiality Undertaking attached hereto as Exhibit A.  For the avoidance of doubt, nothing in this Paragraph alters the expert disclosure obligations under Rule 26(a)(2)(B).

7.4     The parties shall attempt to resolve any objections informally.  Within five (5) calendar days of receipt of an objection, the parties shall meet and confer to attempt to resolve their dispute.   If the objections cannot be resolved, the party opposing disclosure of the CONFIDENTIAL INFORMATION to the expert or consultant may raise the issue with the Court in accordance with the Court's Scheduling Order for resolution of discovery disputes.  If the issue is raised with the Court, the party opposing disclosure shall bear the burden of proof with respect to the propriety of its objection and blocking of said individual from serving as an expert or consultant in this Action.  After meeting and conferring in an attempt to resolve the issue, any party that fails to raise such an issue with the Court within ten (10) calendar days of notifying a party of an objection to disclosure under ¶¶ 7.1 and 7.2 shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of ¶ 6.2(f).   The parties may agree to extend the deadlines in this section by mutual agreement in writing.

**8.     Agreement of Confidentiality.**

8.1     In no event shall any information designated CONFIDENTIAL be disclosed to any person authorized pursuant to ¶ 6.2(f) until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Confidentiality Order, subject to the provisions of ¶ 7.  Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Confidentiality Undertakings.

8.2     Any vendor described in ¶ 6(h) that is accessing hard copies of CONFIDENTIAL INFORMATION on behalf of a party shall return to the party's counsel all hard copies of such

documents as soon as the information has been encoded and loaded into the computer, copied, prepared or otherwise processed by the vendor.

**9.     Related Documents.**

9.1     The restrictions contained herein to the use of information designated CONFIDENTIAL INFORMATION shall apply to (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) subject to the provisions of ¶ 13, portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto or expert reports which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 10; and/or (e) testimony taken at a hearing or other proceeding and designated in accordance with ¶ 21.

**10.     Designation of Deposition Transcripts.**

10.1     Portions of deposition transcripts containing CONFIDENTIAL INFORMATION may be designated as subject to this Confidentiality Order either on the record during the deposition or by providing written notice within thirty-five (35) days following receipt of the official transcript of the deposition to the reporter and all counsel of record of the specific pages and lines that contain CONFIDENTIAL INFORMATION, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

10.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as CONFIDENTIAL for a period of thirty-five (35) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time to persons

other than those persons qualified to receive such information pursuant to this Confidentiality Order.

10.3    The Producing Party shall have the right to exclude from portions of a deposition, before the taking of testimony which the Producing Party designates CONFIDENTIAL and subject to this Confidentiality Order, all persons other than those persons previously qualified to receive such information pursuant to this Confidentiality Order.    If such individuals fail to comply with such a request, the requesting counsel for the Producing Party may seek relief from the Court pursuant to the Court's procedures for resolution of discovery disputes, and pending resolution of that request, instruct or request the witness not to answer questions relating to, or to limit disclosure of, the CONFIDENTIAL INFORMATION at issue.

**11.    Disclosure to Other Individuals.**

Notwithstanding any other provision of this Confidentiality Order, CONFIDENTIAL INFORMATION may be disclosed to the following persons, irrespective of whether they are identified in ¶ 6, as follows:

11.1    CONFIDENTIAL INFORMATION may be disclosed to persons not identified in ¶ 6 as agreed by the Producing Party by written consent.

11.2    Any Receiving Party may move the Court (in accordance with the Court's procedures for resolution of discovery disputes) for an Order that a person not identified in ¶ 6 be given access to information designated CONFIDENTIAL.  If the motion is granted, such person may have access to the CONFIDENTIAL INFORMATION after first signing the Confidentiality Undertaking set forth in Exhibit A.

11.3    Nothing in this Confidentiality Order shall prohibit counsel or a party from disclosing a document containing information designated CONFIDENTIAL at deposition, at trial,

18

or at any other court hearing, to: (i) any person who appears from the face of the document to have drafted, prepared, executed, had knowledge of the substance of, or received the document, or any person who is reasonably likely to have had prior lawful access to the document or the information contained therein; or (ii) a currently employed officer, employee, or expert of the party that produced the CONFIDENTIAL INFORMATION.

**12.      Confidentiality of Party's Own Documents and Information.**

Nothing herein shall affect the right of the Producing Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Confidentiality Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Producing Party the information becomes public knowledge.  Similarly, the Confidentiality Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

**13.      Filing Designated Information with the Court.**

Any information designated CONFIDENTIAL, if filed with the Court, shall be filed under seal pursuant to the Court's procedures for filing materials under seal, and shall be made available only to the Court and to persons authorized by the terms of this Confidentiality Order.

**14.      Other Protections.**

Any party may mark any document or thing containing CONFIDENTIAL INFORMATION as an exhibit to a deposition, hearing, or other proceeding, provided the witness at such proceeding is qualified under the terms of this Confidentiality Order to have access to such designated material.

**15.**     **Challenge to Confidentiality.**

15.1     This Confidentiality Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.  Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Confidentiality Order, (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Confidentiality Order, or (c) applying for a further order modifying this Confidentiality Order in any respect.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2     On any challenge to the designation of any information, the burden of proof shall lie with the Producing Party to establish that the information is, in fact, CONFIDENTIAL INFORMATION.   If a party seeks declassification or removal of particular items from this designation on the ground that such designation is not necessary to protect the interests of the Producing Party, the following procedure shall be utilized:

(a)     The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof, specifying the designated information as to which such removal is sought and the reasons for the request;

(b)     The parties shall then meet and confer within five (5) business days after receipt of the notification to attempt to resolve the dispute without the involvement of the Court; and

(c)     If, after conferring, the parties cannot reach agreement concerning the matter within seven (7) business days after the delivery and receipt of the notice, then the party requesting the

declassification or removal of particular items may challenge the designation in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes.

**16.     Inadvertent Failure to Designate.**

16.1     Notwithstanding the obligation to timely designate CONFIDENTIAL INFORMATION under the foregoing paragraphs, the inadvertent or unintentional failure to designate specific information as CONFIDENTIAL INFORMATION shall not be deemed a waiver in whole or in part of the claim of confidentiality. A Producing Party or non-party that inadvertently fails to designate as CONFIDENTIAL an item pursuant to this Confidentiality Order at the time of production may thereafter make a designation pursuant to this Confidentiality Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated as CONFIDENTIAL. Upon receipt of such notice and properly marked material, the receiving parties shall treat such information consistent with the redesignation. All copies of the misdesignated documents shall be promptly destroyed or returned to the Producing Party, and any memoranda or work product derived therefrom shall thereafter be treated as containing CONFIDENTIAL INFORMATION.

16.2     Should any CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or party not authorized under this Confidentiality Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such material or information and to bind such person to the terms of this Confidentiality Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of all provisions of this Confidentiality Order and request such person to sign the Confidentiality Undertaking in the form attached hereto as Exhibit A; and (c) within five (5) business days of the discovery of such disclosure, inform the Producing Party of all pertinent facts relating to such

disclosure, including the identity of such person and the information disclosed.   The party responsible for making the unauthorized disclosure also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such material is made and to retrieve any material improperly disclosed.   Each party shall cooperate in good faith in that effort.   No party shall be held in breach of this Confidentiality Order if, prior to notification of such later designation, such CONFIDENTIAL INFORMATION had been disclosed or used in a manner inconsistent with such later designation.

**17.   Inadvertent Production or Disclosure of Privileged Materials.**

17.1   Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity if, after recognizing that privileged information has been produced or disclosed, the party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the privileged information has been produced or disclosed.   Within ten (10) days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies, *i.e.*, which are not retained indefinitely without being overwritten).   The Receiving Party shall not utilize the information contained in the

22

inadvertently produced documents or things for any purpose, or disseminate or transmit such information.

17.2    If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is destroyed or returned to the Producing Party ("Notice of Designation").  17.3        Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

17.4    Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the Court's procedures for resolution of discovery disputes.

17.5    With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privileged or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced (with the exception of derivative information stored on back-up tapes or other archival media, which should be treated in accordance with standard retention policies, *i.e.*, which are not retained indefinitely without being overwritten).

17.6    The procedures set forth in this ¶ 17 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

17.7    The facts or circumstances of the inadvertent production shall in no way be relied upon as a ground to support any argument that the information is no longer subject to any applicable privilege or immunity.  For purposes of this section, it shall be irrelevant which party initially discovers the inadvertently or mistakenly produced items that are otherwise properly subject to a claim of attorney-client privilege, work product immunity, or on any other protection from discovery.

17.8    The parties acknowledge the possibility of errors by third-party vendors and litigation support staff, and further acknowledge the possibility that a third-party vendor or litigation support staff member may inadvertently make a production of documents or other confidential information. In the event of such an inadvertent production, if the Producing Party notifies the Receiving Party/Parties of the inadvertent production within five (5) business days of learning of the inadvertent production, the Producing Party may request destruction of the inadvertent production in its entirety. In the event of a dispute over whether the production is appropriately clawed back under this ¶ 17.8, the parties shall bring the issue to the attention of the Court in accordance with the Court's procedures for the resolution of discovery disputes. Should a Producing Party seek to claw back the inadvertent production after five (5) business days of learning of the inadvertent production, the Producing Party reserves the right to seek leave of Court to claw back the production.

## 18.    Limitations of Confidentiality Order

18.1    This Confidentiality Order shall not apply to information that is or was available to the public prior to disclosure.  The restrictions contained in this Confidentiality Order shall not apply to information that is, was, or became available to the public other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired

from a source not subject to this Confidentiality Order. Specifically, this includes information a party receives at a later date from a third party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure.

18.2    This Confidentiality Order shall not apply to and, thus, does not restrict any party's use, for any purpose, of its own CONFIDENTIAL INFORMATION. Moreover, this Order shall not apply to and does not restrict any individual from reviewing or seeing any document authored, in whole or in part, by that individual.

18.3    This Confidentiality Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work-product immunity, or to preclude either party from seeking further relief or confidentiality orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Rules of the District of New Jersey.

### 19.    Other Proceedings.

By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### 20.    Non-Party Material.

The terms of this Confidentiality Order, as well as the terms of any confidentiality order that may be entered into between a discovering party and third party for the production of

information to the discovering party, are applicable to CONFIDENTIAL INFORMATION provided by a non-party.  Information provided by a non-party in connection with this Action and designated CONFIDENTIAL accordingly, pursuant to the terms of this Confidentiality Order shall be protected by the remedies and relief provided by this Confidentiality Order.

      **21.**    **Designation of Hearing Testimony or Argument.**

      With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL INFORMATION, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.  Whenever matter designated CONFIDENTIAL INFORMATION is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated. Further, nothing in this Confidentiality Order shall preclude any party from moving the Court to seal the courtroom, exhibits, or the transcript in order to preserve the confidential nature of any information so designated.

      **22.**    **Duration of This Confidentiality Order**

      Within sixty (60) days following final termination of this litigation, including all appeals, therefrom, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that a Party is not obligated to return or destroy CONFIDENTIAL INFORMATION that may be contained on electronic backup back-up tapes or other archival media, which should be treated in accordance with standard

retention policies, *i.e.*, which are not retained indefinitely without being overwritten. Notwithstanding the foregoing or a successful challenge under ¶ 15, and subject to a continuing obligation to protect all such material pursuant to this order, outside counsel may retain any archive copies of any filings, court papers, correspondence, deposition and trial transcripts, deposition and trial exhibits, expert reports, written discovery responses, and attorney work product (regardless of whether such materials contain or reference CONFIDENTIAL INFORMATION for archival records).

### 23.    Waiver or Termination of Order.

No part of the restrictions imposed by this Confidentiality Order may be waived or terminated, except by written stipulation executed by counsel of record for the Producing Party, or by an order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this Action, but shall continue until further Order of this Court.

In the event any party ceases to be engaged in the conduct of this Action prior to the final termination of the litigation, such party's access to CONFIDENTIAL INFORMATION shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of ¶ 22.

The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to CONFIDENTIAL material, except as may be specifically ordered by the Court or consented to by the Producing Party.  For example, the termination of employment of any person with access to any CONFIDENTIAL INFORMATION shall not relieve such person from the obligation of maintaining the confidentiality of such information.

24. **Modification of Order; Prior Agreements.**

This Confidentiality Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court.  This Confidentiality Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Confidentiality Order.

25. **Section Captions.**

The title captions for each section of this Confidentiality Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

26. **Days.**

All references to "days" in this Order shall be construed as calendar days, unless otherwise specifically indicated.

27. **Cross-Use of Defendants' Confidential Information.**

[**PLAINTIFF'S PROPOSAL:**  Any party shall be permitted to disclose in any trial, hearing, pleading, discovery response, deposition, or expert report that is properly designated as "Confidential" pursuant to this Order any material designated Confidential by any Producing Party.  Notwithstanding anything in this paragraph, no party shall disclose to a fact witness of one party, during his or her deposition, any material designated Confidential by another party.]

[**DEFENDANT'S PROPOSAL:**  For the avoidance of doubt, no provision of this Confidentiality Order shall be interpreted to allow Plaintiffs to disclose one Defendant Group's CONFIDENTIAL INFORMATION to any other Defendant Group (or their counsel) without the express written consent of the Defendant Group that produced the CONFIDENTIAL INFORMATION.]

28.     **Order Applicable Upon Filing with the Court.**

Upon filing this Confidentiality Order with the Court, the parties agree to treat all agreed-upon provisions as "So Ordered," subject to any future modifications by agreement of the parties or by the Court.

**AGREED AND STIPULATED TO:**

Dated:  August 9, 2024                    Respectfully Submitted by:

 s/ Charles H. Chevalier                  s/ James S. Richter
Charles Chevalier                         James S. Richter
**GIBBONS P.C.**                          **MIDLIGE RICHTER LLC**
One Gateway Center                        645 Martinsville Road
Newark, New Jersey 07102-5310             Basking Ridge, New Jersey 07920
(973) 596-4611                            (908) 626-0622
cchevalier@gibbonslaw.com                 jrichter@midlige-richter.com

Of Counsel:                               Of Counsel:
David I. Berl                             Kevin Warner
Elise M. Baumgarten                       William A. Rakoczy
Kevin Hoagland-Hanson                     Paul J. Molino
Falicia Elenberg                          Greg L. Goldblatt
Nicholas Vincent                          **RAKOCZY MOLING MAZZOCHI**
Max Accardi                               **SIWIK LLP**
**WILLIAMS & CONNOLLY LLP**               6 West Hubbard Street, Suite 500
680 Maine Avenue SW                       Chicago, Illinois 60654
Washington, DC 20024                      (312) 527-2157
(202) 434-5000
dberl@wc.com                              *Attorneys for Defendants*
ebaumgarten@wc.com                        *Natco Pharma Ltd. and Natco Pharma, Inc.*
khoagland-hanson@wc.com
felenberg@wc.com
nvincent@wc.com
maccardi@wc.com

*Attorneys for Plaintiffs*
*AstraZeneca Pharmaceuticals LP,*
*AstraZeneca UK Limited, AstraZeneca AB,*
*Kudos Pharmaceuticals Limited, The*

*University of Sheffield, and MSD*
*International Business GmbH.*

 s/ Eric I. Abraham
Eric I. Abraham
William P. Murtha
Kristine L. Butler
**HILL WALLACK LLP**
21 Roszel Road
Princeton, NJ 08540
(609) 924-0808
eabraham@hillwallack.com

Of Counsel:
Laura A. Lydigsen
Mark. H. Remus
Mary E. LaFleur
**CROWELL & MORING LLP**
555 N. Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611
(312) 321-4894
llydigsen@crowell.com
mremus@crowell.com
mlafleur@crowell.com

Ryan Seewald
**CROWELL & MORING LLP**
1601 Wewatta Street
Suite 815
Denver, CO 80202
(303) 524-8660
rseewald@crowell.com

*Attorneys for Defendant*
*Sandoz Inc.*

 s/ Loly G. Tor
Loly G. Tor
**K&L GATES LLP**
One Newark Center, 10th Floor
Newark, NJ 07102
(973) 848-4000
loly.tor@klgates.com

Of Counsel:
Anil H. Patel
**K&L GATES LLP**
609 Main Street, Suite 4150
Houston, TX 77002
(713) 815-7300
anil.patel@klgates.com

Elizabeth J. Weiskopf
Jenna Bruce
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 370-8025
elizabeth.weiskopf@klgates.com
jenna.bruce@klgates.com

*Attorneys for Defendants*
*Cipla Limited and Cipla USA, Inc.*

**IT IS SO ORDERED** this _____ day of _____, 2024.

_____
TONIANNE J. BONGIOVANNI
United States Magistrate Judge

**EXHIBIT A**

ASTRAZENECA PHARMACEUTICALS
LP, ASTRAZENECA UK LIMITED,
KUDOS PHARMACEUTICALS LIMITED,
THE UNIVERSITY OF SHEFFIELD, and
MSD INTERNATIONAL BUSINESS
GMBH,

Plaintiffs,

v.

NATCO PHARMA LIMITED, NATCO
PHARMA INC., SANDOZ INC., CIPLA
LIMITED and CIPLA USA, INC.,

Defendants.

Civil Action No. 3:23-796 (RK) (TJB)
(Consolidated)

<u>**DECLARATION AND CONFIDENTIALITY UNDERTAKING**</u>

I certify that I have received and carefully read the Stipulated Confidentiality Order ("Order") in this Action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the District of New Jersey for any proceedings involving the enforcement of the Order. I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

EXECUTED this _____day of _____, _____.

_____
Name

_____
Signature

_____
Present Employer or Other Business Affiliation

_____
Business Address