**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

September 25, 2024

**LETTER ORDER**
**(FILD UNDER TEMPORARY SEAL)**

Re: **AstraZeneca Pharmaceuticals LP, et al. v. Natco Pharma Limited, et al.**; Civil Action No. 23-796 (RK)

Dear Counsel:

Pending before the Court is the parties' dispute concerning Defendants' request that Plaintiffs produce assignments, licenses, and other agreements conferring rights in or to U.S. Patent Nos. 8,859,562 (the "562 patent"), 8,071,579 (the "579 patent"), and 8,143,241 (the "241 patent"). Defendants argue that the information sought regarding the 562 patent is relevant for several reasons, such as (1) to show whether claim 1 of same covers administering PARP-1 inhibitors both as a monotherapy treatment and in combination with other therapeutic agents, which bears on Defendants' invalidity contentions; and (2) to establish the low value third parties have placed on the 562 patent, which also bears on Defendants' invalidity defenses. Further, Defendants argue that the information sought regarding the 562, 589, and 241 patents are relevant to their obviousness-type double patenting defense. The Court has reviewed all arguments raised by the parties, including those set forth in their letters of June 24, 2024 (Docket Entry Nos. 91 and 92), July 3, 2024 (Docket Entry No. 96), and July 11, 2024 (Docket Entry No. 98), as well as those raised during the hearing held on September 12, 2024.

The Court notes that Federal Rule of Civil Procedure ("Rule 26") governs the scope of discovery in federal civil proceedings such as this. Pursuant to Rule 26(b)(1), information is discoverable if it is both "relevant to any party's claim or defense and proportional to the needs of the case." Information is generally considered relevant if it "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED.R.EVID. 401. "The party seeking discovery has the burden to show that the information it seeks is relevant. *See Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

While the Rules envision broad discovery, discovery in federal proceedings is by no means unlimited. Instead, as is apparent from the text of Rule 26, in appropriate circumstances, discovery must be circumscribed. *See Kopacz v. Del. River and Bay Auth.*, 225 F.R.D. 494, 497 (D.N.J. July 21, 2004). Thus, "[w]hile the scope of discovery is broad, 'it is not unlimited . . . and should not serve as a fishing expedition.'" *Burgess v. Galloway*, Civil Action No. 20-6744 (FLW)(DEA), 2021 WL 2661290, at *2 (D.N.J. January 28, 2021) (quoting *Saller v. QVC, Inc.,* No. 15-2279, 2016 WL 8716270, at *5 (E.D. Pa. June 24, 20216)).

Further, as with other aspects of discovery, the determination as to relevance and the propriety of permitting discovery ultimately rests within the discretion of the District Court. *See Occidental Chemical Corp. v. 21st Century Fox America, Inc.*, Civil Action No. 18-11273 (MCA)(LDW), 2022 WL 2116844, at *3 (D.N.J. June 13, 2022). Indeed, the Court has broad discretion over discovery disputes such as the one currently pending. *See United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017) (noting that "[a]s we have often said, matters of docket control and discovery are committed to [the] broad discretion of the district court"); *Halsey*

*v. Pfeiffer*, Civil Action No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010) (noting that "[d]istrict courts provide magistrate judges with particularly broad discretion in resolving discovery disputes"); *Gerald Chamles Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]") Indeed, it is well settled that the appropriate scope of discovery and the management of requests for discovery are left to the sound discretion of the Court. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (finding that conduct of discovery is committed to sound discretion of Court). The Court exercises said discretion in considering the issues raised by the parties.

After considering the parties' arguments, the Court denies Defendants' requests for discovery. In the first instance, the Court notes, that Plaintiffs have already produced all exclusive licenses to the 562 patent that relate to Lynparza® or Olaparib. The information Defendants currently seek concerns assignments, licenses, and other agreements that pertain to pharmaceutical products with different active pharmaceutical ingredients ("API") that also target PARP-1. Said products are not being litigated in this case, nor are the APIs. Similarly, the manufacturers of said products are not parties to this action.

Turning to Defendants' argument that the Court compel the production of assignments, licenses, and other agreements conferring rights in or to the 562 patent because said information concerns whether claim 1 of the 562 patent covers only monotherapy, or, as asserted by Defendants, both monotherapy and combination therapy, the Court finds that Defendants' requested production is neither relevant nor proportional to the needs of the case. In their letter of July 3, 2024 (Docket Entry No. 96) and during the hearing held on September 12, 2024, Plaintiffs

3

plainly state that they do not contend that claim 1 of the 562 patent is limited to Olaparib monotherapy. While Defendants contend that Plaintiffs' representation is insufficient given statements Plaintiff made in the Patent Office and in response to Defendants' invalidity contentions, the Court disagrees. Plaintiffs have represented on the record that claim 1 of the 562 patent is not limited to monotherapy. The Court finds this is sufficient even without a representation that the claims of the 562 patent cover information that already existed in the prior art or cover more than what the inventor invented.

      The Court understands Defendants' argument that they are entitled to discovery establishing the scope of the asserted claims of the 562 patent as such information is relevant to their § 112 arguments related to insufficient written description and/or lack of enablement. Defendants, however, have not established why they need access to confidential assignments, licenses, and other agreements that pertain to pharmaceutical products with different API, that are not manufactured by the parties to this action and that are not being litigated in this case to establish same. None of the law cited by Defendants supports their broad request. Indeed, Defendants have not presented a single case in which discovery of equivalent information was compelled. This is likely because information contained in confidential assignments, licenses, and other agreements that pertain to pharmaceutical products with different API, that are not manufactured by the parties to the pending litigation and that are not being litigated in the lawsuit at issue appears to have little relevance to the assertion § 112 defenses, arguing that the patent claims being asserted are overbroad and invalid. As a result, the Court finds that the discovery sought by Defendants is not relevant or proportional to the needs of the case, and Defendants' request to compel is denied.

Similarly, the Court is not persuaded that Plaintiffs should be compelled to produce assignments, licenses, and other agreements conferring rights in or to the 562 patent because such information will help Defendants establish the low value third parties have placed on the 562 patent, which Defendants contend bears on their invalidity defense. Essentially, Defendants argue that the information sought will reflect the low value other companies placed on the 562 patent, and that companies were not willing to spend significant money on obtaining licenses for the 562 patent because of the likelihood that the patent is invalid because it is obvious. Defendants, however, fail to provide caselaw supporting this position.

In contrast, Plaintiffs cite *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473 (Fed. Cir. 1998), which supports their contention that objective indicia of nonobviousness, such as "long felt need and commercial success . . . can only further support nonobviousness[,]" and that "'the absence of objective evidence [of long felt need and commercial success] is a neutral factor],'" not a factor that supports an obviousness argument. *Id*. at 1478 (quoting *Medtronic, Inc. v. Intermedics, Inc.*, 799 F.2d 734, 739 n. 13 (Fed. Cir. 1986)). Plaintiffs have explicitly stated that they are not asserting the licenses sought by Defendants as evidence of nonobviousness. Under these circumstances, the Court finds that Defendants have failed to establish the relevancy of the information sought.

Last, at this juncture, the Court finds that Defendants' request for assignments, licenses, and other agreements conferring rights in the 562, 589, and 241 patents because such information is relevant to their obviousness-type double patenting defense is not relevant or proportional to the needs of this case. In reaching this conclusion, the Court notes that for said defense to apply, the patents must have a common inventor or common owner. *See Immunex Corp. v. Sandoz Inc.*, 964

F.3d 1049, 1056 (Fed. Cir. 2020). No arguments were raised suggesting that there is an overlapping inventor. Instead, Defendants suggest that there might be common ownership because, even though the University of Sheffield owns the 562 patent, while the Institute for Cancer Research own the '589 and 241 patents, discovery could show that KuDOS Pharmaceuticals Limited ("KuDOS"), which is an assignee of the 579 and 241 patents and an exclusive licensee of the 562 patent, in fact, holds all substantial rights to all three patents. Defendants note that the Federal Circuit in *Immunex* determined that "the 'all substantial rights' test can be informative in determining common ownership in the obviousness-type double patenting context[.]" *Id.* at 1057.

Defendants' argument that *Immunex* supports its broad request for all assignments, licenses, and other agreements conferring rights in the 562, 589, and 241 patents is unpersuasive. Defendants already have access to the license agreement between the University of Sheffield and KuDOS. Plaintiffs argue that the terms of that license establish that KuDOS does not have all substantial right to the 562 patent. Defendants fail to articulate why the license between the University of Sheffield and KuDOS is insufficient. They don't outline what, if any, questions they have regarding the rights retained by the University of Sheffield, or why they believe such rights are non-substantial. Instead, without addressing same, Defendants simply conclude that denying discovery of all assignments, licenses, and other agreements conferring rights in the 562, 589, and 241 patents would be tantamount to granting summary judgment on the issue when they don't have all the necessary facts.

On the record presented, the Court finds that the relevance of discovery concerning all assignments, licenses, and other agreements conferring rights in the 562, 589, and 241 patents is *de minimus* at best. It is certainly not proportional to the needs of the case, particularly given the

6

breadth and confidentiality of the information sought. To the extent Defendants have legitimate concerns regarding the rights retained by the University of Sheffield and whether said rights are "substantial," Defendants can pursue direct discovery regarding same. That discovery does not implicate all assignments, licenses, and other agreements conferring rights in the 562, 589, and 241 patents. If, after Defendants explore the rights retained by the University of Sheffield, they are able to articulate why the rights retained by the University of Sheffield are non-substantial such that KuDOS should be viewed as the owner of the 562 patent, Defendants may reraise their request for discovery of all assignments, licenses, and other agreements conferring rights in the 562, 589, and 241 patents.

        **IT IS SO ORDERED.**

        **IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT FILE THIS LETTER ORDER UNDER A TEMPORARY SEAL.**

        **IT IS FURTHER ORDERED THAT THE PARTIES CONFER AND, IF WARRANTED, FILE A JOINT MOTION TO SEAL THAT COMPLIES WITH L.CIV.R. 5.3(c) BY OCTOBER 18, 2024.**

           _s/ Tonianne J. Bongiovanni_
           **TONIANNE J. BONGIOVANNI**
           **United States Magistrate Judge**