

CHARLES H. CHEVALIER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4611 Fax: (973) 639-6263
cchevalier@gibbonslaw.com

December 6, 2024

**VIA ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:** ***AstraZeneca Pharm. LP et al. v. Natco Pharma Limited et al.***
> **Civil Action No.: 3:23-cv-796 (RK) (TJB) (CONSOLIDATED)**

Dear Judge Bongiovanni:

We write regarding an upcoming deadline on December 19. Our firm, together with Williams & Connolly LLP, represents Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, AstraZeneca AB, KuDOS Pharmaceuticals Limited ("KuDOS"), The University of Sheffield, and MSD International Business GmbH (collectively, "Plaintiffs") in the above-referenced matter. This is a Hatch-Waxman patent infringement suit wherein three sets of generic companies, namely Natco (Natco Pharma Limited and Natco Pharma Inc.), Sandoz Inc., and Cipla (Cipla Limited and Cipla USA, Inc.), wish to manufacture generic versions of Lynparza®. Plaintiffs currently assert that all three companies infringe U.S. Patent Nos. 8,859,562 ("the '562 patent"), 12,048,695 ("the '695 patent"), and 11,975,001 ("the '001 patent") and that Sandoz also infringes the related U.S. Patent Nos. 8,475,842 ("the '842 patent") and 11,633,396 ("the '396 patent").

We write to address scheduling issues that the parties have not been able to resolve. The parties in the consolidated action are currently following the schedule set forth in Stipulation and Amended Pretrial Scheduling Order (ECF No. 132). Since that schedule was agreed to, there have been numerous events that warrant a refresh to the schedule. Defendants in the consolidated matter, however, have recently stated that the schedule should proceed "as-is," While the parties negotiate a new schedule. Letting the schedule proceed "as is," however, would result in inefficiency for both the parties and the Court. Plaintiffs therefore ask that the Court stay the current deadlines in the case to allow the parties time to negotiate and submit a schedule proposal by December 19.

Pursuant to the current schedule, Defendants Natco, Sandoz, and Cipla served joint invalidity and separate noninfringement contentions on October 18, and Plaintiffs were set to file responsive validity and infringement contentions on December 12. In mid-November, however, two events occurred that warrant adjustment to the schedule. First, Zydus (Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Ltd.) challenged the same five patents asserted in the consolidated case, and therefore Plaintiffs promptly filed suit against Zydus. See D.N.J. 24-10458,

GIBBONS P.C.

December 6, 2024
Page 2

ECF No. 1 ¶ 5 (suing Zydus within one week of receiving Paragraph IV Notice).  Second, U.S. Patent No. 12, 144,810 ("the '810 patent"), which is related to four of the patents asserted in the consolidated case, issued on November 19.  Plaintiffs sued all Defendants (Natco, Sandoz, Cipla, and Zydus) for infringement of the '810 patent the day after its issuance.   3:24-10624, ECF No. 1; 3:24-10627, ECF No. 1; 3:24-10628, ECF No. 1; 3:24-10629, ECF No. 1.

On November 14, 2024, two days after filing the Zydus complaints and prior to the '810 patent's issuance, Plaintiffs contacted Defendants to propose consolidation of all pending patent matters relating to generic versions of Lynparza® under a single amended consolidated schedule. (Exhibit A, Nov. 14 email from E. Baumgarten.)  The parties met and conferred on November 22, 2024 and subsequently Zydus indicated that it was "not opposed to consolidation" but was "still considering the details of a combined schedule."  (Exhibit A, Nov. 26 email from E. Savas.)  As of the date of this letter, no Defendant has provided a counter-proposal for a consolidated schedule. Though Natco, Sandoz, and Cipla have proposed that the parties continue with the current schedule for the existing cases, they have not provided a proposal that accounts for Zydus and the newly-asserted '810 patent.

Plaintiffs were diligent in their efforts to reach an agreement with all Defendants on consolidation and scheduling.  With weeks passing by and deadlines approaching, Defendants agreed to extend Plaintiffs deadline for contentions "so that the parties have additional time to consider whether an amended schedule incorporating the Zydus case and '810 patent is feasible." (Exhibit A, Nov. 21, 2024 email from N. Bortz; *see also* ECF No. 152.)  After the extension was granted, Plaintiffs again asked Defendants *three times* for their position on Plaintiffs' proposed schedule.  Instead of addressing the schedule, which was the purpose of the extension, Defendants reversed course, taking the position that "the current case schedule should proceed 'as is.'" (Exhibit A, Dec. 4 email from M. LaFleur.)

The next deadline in the schedule is Plaintiffs' responsive contentions with respect to five of the six patents and three of the four defendants.  Defendants' insistence on proceeding with the current schedule appears to be tactical in nature.  Defendants are insisting that Plaintiffs serve their responsive contentions before Defendants are required to serve their initial contentions on the related '810 patent (and in Zydus's case, the very same patents).  Indeed, when asked if Defendants would agree not to file additional or amended invalidity contentions after receiving Plaintiffs' contentions, Defendants stated that they intended to file contentions with respect to the '810 patent and did not address whether they would join or aid Zydus's contentions. (Exhibit A, Dec. 5 email from M. LaFleur.)  Defendants' refusal to bind themselves to their current contentions lays bare their aim: to get a sneak preview of Plaintiffs' arguments before getting a mulligan on their currently-served contentions.

Should the current schedule proceed "as-is" past Plaintiffs' contentions, it only gets worse. Defendants' position would force the parties, and the Court, to engage in claim construction of the same and related patents twice, once with Cipla, Sandoz, and Natco, and again a few months later

GIBBONS P.C.

December 6, 2024
Page 3

with Zydus.  There is no need for such inefficiency.  Given that the purpose of the Local Patent Rules is to further the goal of full and timely discovery and provide the parties with adequate notice and information to litigate, *Metacel Pharms. LLC v. Rubicon Rsch. Priv. Ltd.*, 2023 WL 5939903, at *2 (D.N.J. Sept. 12, 2023), it only makes sense to stay the current schedule, consolidate all pending matters, and enter a new consolidated schedule.  This way, the parties "put all their cards on the table up front," *Bristol-Meyers Squibb Co. v. Dr. Reddy's Lab'ys, Ltd.*, 2021 WL 1820486, at *1 (D.N.J. May 6, 2021) (quotation omitted), and there can be no "shifting sands" approach, *Cambria Co. v. Hirsch Glass Corp.*, 2023 WL 5939657, at *2 (D.N.J. Sept. 12, 2023) (quotation omitted), that could lead to gamesmanship, *Microspherix LLC v. Merck Sharp & Dohme Corp.*, 2023 WL 6613306, at *3, *6 (D.N.J. Oct. 5, 2023).

*  *  *

For the reasons above, Plaintiffs respectfully request that the Court order a stay to the current schedule and enter an order requiring the parties to submit to the Court by December 19, 2024 (1) a proposed consolidation order and a proposed amended consolidated schedule or (2) a status report on the parties' efforts to reach an agreement on (1).

We thank Your Honor for consideration and assistance in this matter.  Should Your Honor have any questions, we are available at your convenience.

Respectfully submitted,

 s/ Charles H. Chevalier
Charles H. Chevalier

Attachments
cc: All counsel of record (via ECF and email) and counsel for Zydus