HILL WALLACK LLP

21 Roszel Road, P.O. Box 5226
Princeton, NJ 08540-5226
main 609.924.0808
fax 609.452.1888

WRITER'S DIRECT DIAL: (609) 734-6358

December 9, 2024

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:** ***AstraZeneca Pharm. LP et al. v. Natco Pharma Limited et al.***
> **Civil Action No.: 3:23-cv-796 (RK) (TJB) (CONSOLIDATED)**

Dear Judge Bongiovanni:

We write on behalf of Defendants Natco, Sandoz, and Cipla in response to Plaintiffs' letter dated December 6, 2024. Plaintiffs are seeking to push back the entire case schedule by four months, setting up a scenario that will result in multiple inefficiencies to Defendants and the Court, and, most concerningly, endanger the Court's ability to render a decision before the earliest potential generic launch date.

For the reasons stated below, Defendants respectfully request the following:

- Deny Plaintiffs' request to stay the upcoming responsive contentions deadline.

- Given the upcoming holidays, set the deadline for the parties to submit proposed schedules to December 12, which is earlier than the date Plaintiffs requested.

## I.  BACKGROUND

This is a Hatch-Waxman litigation in which the relevant date by which a decision must be reached to avoid potential preliminary injunction proceedings is the expiration of U.S. Patent No. 7,449,464 on September 8, 2027. The current schedule has the case trial ready by July 2026, allowing Judge Kirsch a full year to try the case and render his decision. Dkt. 132.

The original complaint was filed against Natco alone nearly two years ago on February 10, 2023. Since then, Plaintiffs sued three additional generics for submitting ANDAs for olaparib, including Sandoz on February 2, 2024 (No. 3:24-cv-641) and Cipla on June 28, 2024 (No. 3:24-cv-7346). Plaintiffs also obtained issuance of the '001 and '695 patents on May 7, 2024 and June 30, 2024,

HILL WALLACK LLP
ATTORNEYS AT LAW

Page 2

respectively. With each new party and patent, there was sufficient time remaining before a potential generic launch to allow the parties to push back contention deadlines and adjust the remaining schedule, which Defendants agreed to do twice. Dkt. 31, 71, 119. Defendants served contentions on May 3, 2024 (Sandoz and Natco on the '562 patent only) and on October 18, 2024 (Sandoz, Natco, and Cipla on all patents except the newly-issued '810 patent).

This time is different. There is no longer sufficient time in the schedule to accommodate postponing contentions for another four months without compromising the Court's time to render a decision. On November 14, Plaintiffs informed Defendants for the first time that the '810 patent would issue a few days later and they would sue on it.[1] On that date, Plaintiffs also provided a draft schedule (Ex. A), which contemplated consolidation of the new '810 patent cases as well as litigation against Zydus, which Plaintiffs had sued two days prior on November 12. Zydus has not yet answered the complaint.

On November 22, the parties met-and-conferred about Plaintiffs' scheduling proposal. Defendants explained their concern that Plaintiffs' schedule required the parties to proceed with expert reports simultaneously with claim construction briefing. Defendants also explained that it was not possible to provide a specific scheduling counterproposal without Zydus's position. For their part, Plaintiffs stated their goal was to have a single set of consolidated contentions for all patents and all defendants (i.e., including Zydus), so that they would only have to prepare one set of responsive contentions. Defendants agreed to a 1-week courtesy extension for Plaintiffs' December 12 contentions deadline to work on a scheduling solution. Dkt. 151.

Since that call, Defendants have conferred and, as they informed Plaintiffs via email on December 5, believe the best scheduling solution is to set separate deadlines for Defendants' contentions on the new '810 patent while keeping other deadlines for the existing patents-in-suit intact. Ex. B, Dec. 5 Email Correspondence. Defendants indicated they would provide a specific proposal shortly. Rather than wait for that proposal (attached as Exhibit C), Plaintiffs filed their letter the following morning.

## II.    ARGUMENT

Defendants support efficient resolution of this case. They informed Plaintiffs on December 5 that they are not opposed to consolidation with the Zydus litigation or adding the '810 patent to the case. The problem is the way Plaintiffs want to achieve that consolidation – via a schedule that resets contentions deadlines for all patents-in-suit – which will create unnecessary inefficiencies for both Defendants and the Court.

There is no way to achieve what Plaintiffs really want (a single responsive contention deadline for all patents and parties) without significantly delaying this case again. Unlike the last few extensions, there is no longer time to accommodate Plaintiffs. As illustrated in Exhibit A, Plaintiffs' proposal

---

[1] The '810 patent issued within five months of filing and was not public until it issued. 35 U.S.C. § 122; 37 C.F.R. § 1.211. Despite having obtained allowance on September 25, Plaintiffs waited until just days prior to its scheduled issuance on November 14 to inform Defendants of the patent.

HILL WALLACK LLP
ATTORNEYS AT LAW

Page 3

effectively resets the deadline for the contentions Defendants already served on October 18, 2024 to February 28, 2025 – a delay of more than four months that has the effect of also giving Plaintiffs 2 more months of time to respond to those contentions.

Plaintiffs do not compress any of their own deadlines,[2] but instead propose making up for that four month delay through overlapping claim construction and expert discovery. Overlapping claim construction and expert discovery is inefficient because it eliminates the possibility of a claim construction decision before expert reports are due. As such, Defendants' experts will need to provide opinions based on multiple possible claim constructions. And, if the Court ultimately adopts a construction different from those argued by the parties, it may even necessitate re-doing expert discovery. Any delay caused by such a do-over will compromise the time available to Judge Kirsch to try this case and render his decision. Indeed, the Local Patent Rules establish a procedure for early contentions and claim construction for the express purpose of avoiding the inefficient scenario Plaintiffs now propose.

The other alternative – taking four months away from Judge Kirsch's time for trial and to issue his decision – is equally unappealing. Plaintiffs have asserted a large number of patents and patent claims (six patents, over 60 claims), and Judge Kirsch should be allowed sufficient time to try this case and render his decision given the large and complex case Plaintiffs have created.

The problematic nature of the proposed four month delay is exacerbated by the fact that there will likely be more delays to come. Plaintiffs have other applications related to the '810 patent pending before the USPTO, including U.S. Patent Application No. 18/785,063, which published on December 5, 2024, and included a Notice of Allowance dated September 29, 2024. As with the '810 patent, despite obtaining allowance of this application over two months ago, Plaintiffs have yet to notify Defendants of the same, despite recent opportunities to do so. In fact, during the parties' November 22 meet and confer, despite Defendants' inquiry into pending patent applications, Plaintiffs would not provide any guarantee that the '810 patent will be the last they will seek to add to this case. It is also entirely possible that more generics will emerge over time. At some point, the schedule can no longer afford lengthy extensions to accommodate Plaintiffs' desire to serve a single set of responsive contentions to accommodate their serial additions of new patents and new defendants. Defendants believe that point is now – two years into this litigation.

By contrast, Defendants' proposal offers a solution that allows this case to stay on track without inefficiencies to Defendants or the Court. Defendants will serve a separate set of contentions on the '810 patent in January, Plaintiffs will respond a month later, and then, to the extent there are any additional terms requiring construction in that patent, the parties will engage in an accelerated set of claim construction exchanges that allow them to keep the existing Markman briefing deadlines. Although Defendants' examination of the '810 patent is ongoing, Defendants anticipate that there will

---

[2] Plaintiffs will have had Defendants' contentions on the '396, '842, '695, and '001 formulation patents for six months by the time they propose their responsive contentions be due on April 25, 2025.

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 4

be few additional claim construction issues, if any, unique to the '810 patent given that it contains many overlapping limitations with the four previously-asserted, related patents-in-suit.

Plaintiffs' letter raises two attacks on Defendants' proposal for separate contentions on the '810 patent. First, they argue that the Court will be forced to engage in multiple rounds of claim construction with Defendants and then Zydus. Defendants are amenable to agreeing to modest extensions of the claim construction schedule to avoid any such inefficiency. However, Zydus was sued less than a month ago and has not even answered the complaint. Plaintiffs may have asked three times for scheduling proposals, but Defendants could not provide a schedule for a consolidated case without Zydus's input. And Zydus understandably was not able to provide its position on these issues just days after being sued, particularly given that these requests came shortly before the Thanksgiving holiday. Defendants are confident that a workable solution can be found to avoid any such inefficiency in the coming weeks – without a stay or schedule that would commit the Court to a four month delay now.

Second, Plaintiffs complain that Defendants' refusal to accommodate their desire to serve consolidated contentions is "tactical." Not so. Under Defendants' proposal, Plaintiffs will still get the last word on contentions when they respond to Zydus's contentions on all patents. Defendants did not state any position on Zydus's contentions in their December 5 email because Zydus is not yet even part of this case. For all Defendants know, Zydus is relying on the exact same arguments and prior art already raised in Defendants' 900+ pages of invalidity contentions and there may be no need for further contentions on any patents other than the '810 patent.

Moreover, Plaintiffs have no basis to suggest "gamesmanship" given their own conduct with respect to the '810 patent. Despite having allowed claims in hand in September, Plaintiffs were content to let Defendants serve their contentions on October 18. If Plaintiffs' true interest were efficiency, they should have raised the possibility of delaying contentions to add the '810 patent before Defendants served their contentions.[3] To the extent Plaintiffs perceive inefficiency in having to respond to separate contentions on the '810 patent, that is a problem of their own making.

Finally, Plaintiffs misleadingly cast their request as simply delaying some upcoming deadlines so that scheduling submissions can be made. The date they propose for that scheduling submission gives away their true intent (December 19). With a stay and no scheduling submission until just before the holiday, it is unlikely Plaintiffs' contentions deadline would be reset for quite some time. If Plaintiffs are behind on their responsive contentions and need a short extension, they should simply ask for it. Defendants have already graciously accommodated Plaintiffs with a one week courtesy extension and would consider doing again. What Defendants oppose is an unnecessary drastic four month delay in the schedule when other, more efficient options are available to achieve consolidation.

---

[3] As mentioned above, Plaintiffs have yet another allowed patent application that Plaintiffs will likely assert against all Defendants and seek to consolidate with this case. If efficiency was Plaintiffs' true interest, Plaintiffs would have raised the issue of this new patent with Defendants already. Plaintiffs have not done so, which threatens to delay the current schedule even further.

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 5

\* \* \*

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' request for a blanket stay on this case.  The parties should proceed with responsive contentions (Plaintiffs) and claim construction exchanges (all parties) this month and keep the case on track for the existing patents-in-suit.

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/Eric I. Abraham*
ERIC I. ABRAHAM

cc: Counsel of record (by CM/ECF)