### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, ASTRAZENECA AB, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, AND MSD INTERNATIONAL BUSINESS GMBH,<br><br>*Plaintiffs,*<br><br>v.<br><br>NATCO PHARMA LIMITED, SANDOZ INC., CIPLA LIMITED, CIPLA USA, INC., ZYDUS PHARMACEUTICALS (USA) INC., AND ZYDUS LIFESCIENCES LIMITED,<br><br>*Defendants.* | Civil Action No. 23-cv-796 (RK)(TJB)<br>(Consolidated)<br><br>*Document filed electronically* |

THIS MATTER having been opened to the Court by the motion of Defendants Sandoz Inc., Cipla Limited, Cipla USA, Inc., Zydus Pharmaceuticals (USA) Inc., and Zydus Lifesciences Limited (collectively, "Defendants"), and Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, AstraZeneca AB, KuDOS Pharmaceuticals Limited, The University of Sheffield, and MSD International Business GmbH (collectively, "Plaintiffs") (together, "the parties"), by and through their counsel, pursuant to Local Civil Rule 5.3(c), to seal the following:

- Unredacted version of Plaintiffs' Opening Claim Construction Brief filed on April 25, 2025 (ECF No. 199).

The Court having considered the papers submitted by the parties in support of the Motion, including the Exhibits attached thereto, the Index attached thereto, and the Declarations of Kristine L. Butler and Charles H. Chevalier attached thereto; the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential

document and information; and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

A. Through the papers in this case, the parties have filed confidential information, the public disclosure of which would affect legitimate business interests.

B. Pursuant to Local Civil Rule 5.3(c), the parties moved to maintain under seal portions of the unredacted version of Plaintiffs' Opening Claim Construction Brief filed on April 25, 2025 (ECF No. 199).

C. The above referenced portions of the document is referred to herein as the "Confidential Information."

D. The Confidential Information contains and/or reflects information that the parties have designated as "Confidential" pursuant to Local Patent Rule 2.2 and the Discovery Confidentiality Order (ECF No. 110).

E. In particular, the Confidential Information discloses the formulations of Defendants' respective ANDA products and confidential information regarding Plaintiffs' Lynparza® product and the patents that are directed to that product, which information is currently confidential and unavailable to the public. In addition, the parties maintain such information in confidence due to its sensitive nature in the highly-competitive pharmaceutical marketplace.

F. The legitimate private or public interests which warrant confidentiality are: the parties have a legitimate interest in maintaining the confidentiality of certain information regarding their respective products and technical information; the disclosure of the Confidential Information would provide competitors insight into the parties' decision-making and research and development

efforts, and could cause competitive harm to the parties; and there is no less restrictive alternative to the sealing of the Confidential Information.

G. The parties have complied with the terms of Local Civil Rule 5.3(c) by moving to seal the Confidential Information.

## CONCLUSIONS OF LAW

A. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and the parties' submissions in support of the Motion, finds that the parties have satisfied its burden of proving under L. Civ. R. 5.3(c) and applicable case law, that the identified portions of the unredacted version of Plaintiffs' Opening Claim Construction Brief filed on April 25, 2025 (ECF No. 199) should be sealed. The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). Additionally, courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public

access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

B. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

C. The information in the parties' submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Information.

THEREFORE, it is on this __25th__ day of __June__ 2025;

ORDERED as follows:

1. The portions identified above and referred to as the Confidential Information are entitled to protection.

2. The Court further finds that the parties would suffer substantial and specific harm, including but not limited to, potential commercial damage through the divulgence of such confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, the Joint Motion pursuant to Local Civil Rule 5.3(c) to Seal the unredacted version of Plaintiffs' Opening Claim Construction Brief filed on April 25, 2025 (ECF No. 199) is GRANTED.

4. The Court hereby accepts the redacted version of Plaintiffs' Opening Claim Construction Brief filed on April 25, 2025 (ECF No. 199), submitted as Exhibit A to the parties' motion, and

the clerk is hereby directed to maintain under seal the unredacted version of Plaintiffs' Opening Claim Construction Brief filed on April 25, 2025 (ECF No. 199).

                                                     s/Tonianne J. Bongiovani
                                                     Hon. Tonianne J. Bongiovanni, U.S.M.J.

[Docket Entry No. 211 is terminated].