

**HILL WALLACK LLP**

21 Roszel Road, P.O. Box 5226
Princeton, NJ 08540-5226
main 609.924.0808
fax 609.452.1888

WRITER'S DIRECT DIAL: (609) 734-6358

August 28, 2025

**FILED UNDER SEAL**

<u>VIA ECF</u>

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E State St.
Trenton, New Jersey 08608

Re:  *AstraZeneca Pharm. LP v. Natco Pharma Ltd.*, Civil Action No. 3:23-796 (RK) (TJB)
     (consolidated)

Dear Judge Bongiovanni:

Our firm, together with Crowell & Moring LLP, represents Defendant Sandoz Inc. ("Sandoz") in the above-referenced matters.  We are writing on behalf of all Defendants, specifically: Defendant Natco Pharma Ltd. ("Natco") represented by Midlige Richter, LLC and Rakoczy Molino Mazzochi Siwik LLP; Defendants Cipla Limited and Cipla USA, Inc. ("Cipla") represented by K&L Gates LLP; and Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited ("Zydus"), represented by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC and Buchanan Ingersoll & Rooney PC. (together with Sandoz, collectively "Defendants"), regarding a discovery dispute.

The dispute relates to Plaintiffs' refusal to produce the underlying New Drug Applications (NDAs) and Investigational New Drug Applications (INDs) for Plaintiffs' Lynparza® product, which is the reference listed drug for the accused ANDA products in this matter.  As Defendants have explained to Plaintiffs, these documents are relevant to issues of infringement, invalidity, and potential claims of inequitable conduct.  Notwithstanding, Plaintiffs have refused to produce the complete NDAs and INDs, arguing that Defendants' requests are allegedly too burdensome and untimely.  Thus, Defendants seek the Court's assistance in compelling the production of NDA Nos. 208558 and 206162 and IND Nos. 117962, 075918, 121412, and 121413.  The parties met and conferred regarding the production of the INDs and NDAs on more than one occasion and most recently on August 14, 2025, and are at an impasse.

<u>Background</u>

On June 26, 2024, Defendants Natco and Sandoz served RFPs seeking Plaintiffs' underlying INDs and NDAs submitted to FDA to obtain approval for Lynparza and related FDA communications.  RFP Nos. 33, 36-38, 40-52, 68-75, 78, 81, 86-88, 101-103, and/or 109-11. Ex. A, RFPs.  Plaintiffs responded on August 9, 2024, refusing to produce these documents.  Ex. B, RFP Responses.  Around the same time, Plaintiffs began a series of additions to the case, suing new Defendants (Cipla was sued on July 31, 2025 in Civil Action No. 24-8167 and Zydus was on November 12, 2024 in Civil Action No. 24-10458) and asserting new patents (suits filed against Natco, Sandoz, and Cipla on U.S. Patent No. 12,048,695 on July

HILL WALLACK LLP
ATTORNEYS AT LAW

Page 2

31, 2024 in Civil Action Nos. 3:24-cv-8162, -8164, -8167 and suits filed against all Defendants on U.S. Patent No. 12,144,810 on November 20, 2024 in Civil Action Nos. 3:24-cv-10624, -10627, -10628). After substantial negotiation, the Court entered a new scheduling order consolidating all these suits on December 20, 2024. *See* Dkt. 155 (summarizing procedural history); Dkt. 158; Dkt. 161.

Notwithstanding the focus on consolidation and scheduling in fall 2024, Defendants Natco, Sandoz, and Cipla wrote Plaintiffs on November 18, 2024 to raise concerns about deficiencies in Plaintiffs' RFP responses. Ex. C, Nov. 18, 2024 Bortz Letter. Following consolidation, Defendants worked diligently to get Zydus, which had just been sued in November, up to speed on discovery and then jointly wrote to Plaintiffs on January 24, 2025, renewing concerns about Plaintiffs' prior RFP responses refusing to produce the INDs and NDAs and related correspondence and requesting a meet and confer, as the documents are "within the scope of RFP Nos. 33, 36-38, 40-52, 68-75, 78, 81, 86-88, 101-103, and/or 109-11" and are relevant to "to infringement, invalidity, and potential claims of inequitable conduct." Ex. D, Jan. 24, 2025 Bortz Email; Ex. E, February 14, 2025 Discovery Dispute Ltr. from Bortz at 4.

In an initial meet-and-confer on February 3, 2025 and subsequent correspondence, Plaintiffs claimed that the NDAs and INDs would be burdensome to produce because of their size. *See* Ex. F, Mar. 18, 2025 Accardi Ltr. to Defs. at 1-2.

In the spirit of compromise, Defendants agreed to accept the original filings (i.e., Seq. No. 000) for both NDA No. 206162 and NDA No. 208558 and stated they would follow up if, after receiving Plaintiffs' production, the information sought was not sufficient for Defendants to develop their defenses. *See* Ex. G, Mar. 31, 2025 Bortz Ltr. to Pls. at 1. Specifically, Defendants expressly stated "Defendants reserve the right to seek production of additional sequences after review of and further discovery into the respective NDA Seq. No. 000 documents." *Id.*

The May 15, 2025 substantial completion deadline passed in this case with Plaintiffs producing less than 250,000 pages of documents – less than some of the individual Defendants who only submitted *abbreviated* new drug applications. Perhaps realizing the blatant deficiency in their discovery efforts, Plaintiffs more than doubled their production on June 17 – a month after the deadline. Defendants promptly reviewed Plaintiffs' production and found that more than 50% of it constituted emails from a single individual and that thousands of pages consisted of nothing more than blank split sheets with an error message that Plaintiffs stated they could not fix. Ex. H, Jul. 28, 2025 Barnard Ltr. to Pls.

Defendants have been unable to locate lab notebooks for most of the inventors of the six formulation patents and have identified only scant documentation from Soliqs, the contract research organization ("CRO") that developed the subject matter of six of the patents-in-suit. Given these and other issues, Defendants then wrote on July 28 to renew the request for the NDAs and INDs. *Id.* at 2. Notably, even with the voluminous June 17 production, the total documents produced in this case by Plaintiffs is unusually small for a plaintiff in a Hatch-Waxman case: just 450,849 pages.

In Plaintiffs' response dated August 4, 2025, Plaintiffs again refused to produce documents, claiming that the requests were "both late and improper." *See* Ex. I, Aug. 4, 2025 Accardi Ltr. to Defs. at 2. Defendants therefore seek the Court's assistance in compelling production of the full underlying NDAs and INDs. The parties met and conferred again on August 14, 2025, and have been unable to reach

HILL WALLACK LLP
ATTORNEYS AT LAW

Page 3

agreement.

Argument

The discovery sought by Defendants consists of the underlying INDs and NDAs for Lynparza®. The FDA publishes a limited, redacted summary of the approved NDA, which indicates that the underlying submissions in this case will include information relevant to, at minimum, Defendants' prima facie obviousness defense and Plaintiffs' alleged objective indicia of non-obviousness. Some specific examples of relevant information Defendants expect to find in the INDs and NDAs include the following:

- Representations Related to Obviousness: The IND submissions sought initial approval to perform human drug testing in which Plaintiffs relied on nonclinical and pharmacology and toxicology data. *See* 21 C.F.R. § 312.1-.2. Plaintiffs' statements to FDA about their expectations based on this data will likely support Defendants' position that the use of olaparib for cancer would have been obvious based on the prior art.

- Clinical Study Information: Together the INDs and NDAs will include substantial clinical study information, which will allow Defendants to investigate Plaintiffs' allegations of unexpected results, praise, and unmet need. The underlying data submitted to FDA will allow Defendants' experts to investigate the veracity of claims made in sponsored articles that Plaintiffs rely on for secondary considerations. It is particularly important in this case that Defendants receive this information because one of Plaintiffs' witnesses, Steven Walls, recently testified on August 22 that only one clinical study submission failed to meet its primary endpoint. Defendants are entitled to records of the clinical studies from the INDs and NDAs to investigate his claims. In particular, Plaintiffs have refused to produce even the clinical study reports for the Phase III trials listed in the Lynparza® label. These clinical study reports are publicly available only in redacted form. Dr. Tsveta Milenkova was designated by Plaintiffs to testify regarding the design and results of Phase III clinical trials, and testified that the confidential versions of the clinical study reports would be in AstraZeneca's possession. During the deposition, Defendants requested complete, unredacted copies of each clinical study report for the Phase III trials listed in the Lynparza® label, as well as each corresponding NDA section 2.5 (Clinical Overview) and 2.7.3 (Summary Clinical Efficacy) and have not yet heard back from Plaintiffs.

- Formulation Bridging: The NDAs are expected to contain detailed information concerning the bridging Plaintiffs did between their original Gelicure formulation and the solid dispersion formulation that is the subject of six formulation patents-in-suit, which is expected to be relevant to Defendants' obviousness defenses for those patents. Plaintiffs have produced very limited documentation from the CRO that did the work related to the formulation patents, claiming that they lack the ability to obtain the documents from the CRO. The NDAs are further needed to fill gaps related to these deficiencies.

The relevance of the INDs and NDAs is underscored by the fact that these documents are routinely produced by the plaintiffs in Hatch-Waxman cases. *E.g.*, *In re Sebela Patent Litig.*, No. 14-6414, 2017

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 4

WL 3449054, at * (D.N.J. Aug. 11, 2017) (relying on statements in IND to support holding of obviousness); *Eli Lilly & Co. v. Perrigo co.*, No. 1:13-cv-851, 2015 WL 13636676, at *6 (S.D. Ind. Dec. 10, 2015) (reporting dispute over "information redacted from the IND and NDA" – not their production); *Isis Pharms., Inc. v. Santaris Pharma A/S Corp.*, No. 11-cv-2214, 203 WL 3367565, at *7 (S.D. Cal. Jul. 5, 2013) (summarizing production of INDs and NDAs); *Genentech, Inc. v. Trs. of Univ. of Penn.*, No. 10-2037, 2011 WL 2443669, at *26 n.31 (N.D. Cal. Jun. 16, 2011) (summarizing how "IND also references *in vitro* efficacy studies" relevant to issues in the case when ordering further discovery).  Indeed, neither during the parties' meet-and-confers nor in subsequent emails did Plaintiffs address these relevancy points.  *See* Ex. J, Aug. 15, 2025 Email Seewald to Pls.

Instead, Plaintiffs' claim has been that it would be too burdensome to produce complete copies of the INDs and NDAs.  This claim of burden makes little sense.  The INDs and NDAs are discrete sets of documents that should be saved in an easily-retrievable location within Plaintiffs' files.  No ESI search will be required to locate these documents.  And, because the documents were sent to FDA – a third party – there should be nothing requiring review for privilege.  While Defendants are doubtful that the INDs and NDAs will include individually-identifying health information that might require redaction, Defendants have already told Plaintiffs that they are not interested in those portions and are willing to forgo production of any such sections to avoid burdening Plaintiffs with redacting health information.

Finally, Plaintiffs' claim about timeliness is flat wrong.  Defendants Natco and Sandoz requested production of the INDs and NDAs well over a year ago on June 26, 2024.  Less than two months after Zydus's suit was consolidated and months before the May 15 deadline for substantial completion of document production, Defendants followed up to seek production of the INDs and NDAs.  Defendants should not be punished for initially agreeing to compromise by accepting portions of the NDAs pending full review of Plaintiffs' production, particularly given that Defendants were explicit that they reserved the right to seek production of "additional sequences after review of and further discovery into the respective NDA Seq. No. 000 documents."  Ex. G, Ltr. at 1.  After Plaintiffs made their late production on June 17, Defendants reviewed it promptly and were surprised not to find the information they expected to see.  Defendants promptly followed up on July 28 and have diligently met and conferred since.

In view of the foregoing, Defendants respectfully request that the Court compel Plaintiffs to produce full copies of NDA Nos. 206162 and 208558 and IND Nos. 117962, 075918, 121412, and 121413, and correspondence with FDA regarding the foregoing.

Respectfully submitted,

*s/ Eric I. Abraham*
ERIC I. ABRAHAM

cc:     All Counsel of Record (via ECF and e-mail)