IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, and MSD INTERNATIONAL BUSINESS GMBH,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATCO PHARMA LIMITED, SANDOZ INC., CIPLA LIMITED, CIPLA USA, INC., ZYDUS PHARMACEUTICALS (USA) INC., and ZYDUS LIFESCIENCES LIMITED,<br><br>*Defendants*. | Civil Action No. 3:23-796 (RK) (TJB) |

**ORDER GRANTING JOINT MOTION TO SEAL**

This matter having been jointly brought before the Court on Defendant Natco Pharma Limited ("Natco"), Defendant Sandoz Inc. ("Sandoz"), Defendants Cipla Limited and Cipla USA, Inc. (together, "Cipla"), and Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited's (together, "Zydus"; and collectively with Natco, Sandoz, Cipla, and Zydus, "Defendants") Joint Motion to Seal, seeking to seal the transcript of the *Markman* hearing held July 16, 2025 (ECF No. 230) (the "Transcript").

And this Court having fully considered the Declaration of James S. Richter, the Declaration of Kristine L. Butler, the Declaration of Loly G. Tor, and the Declaration of Theodora McCormick, in support of the Motion, any submissions in further support thereof, that there is no opposition to the motion, the Index submitted therewith, and the record before it, the Court makes the following findings:

**IT IS** this __9th__ day of _____September_____, 2025;

**THIS COURT FINDS** a strong private interest in maintaining the privacy of the type of confidential information reflected in the Transcript. *See, e.g., In re Gabapentin Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. Feb. 5, 2004) (sealing papers concerning "the parties' products, research and development . . . formulas;" "[t]he presence of trade secrets or other confidential materials weighs against public access, and, accordingly, documents containing such information may be protected from disclosure"); *Impax Labs., Inc. v. Zydus Pharm. (USA) Inc.*, No. 17-13476, 2018 U.S. Dist. LEXIS 206044, at 3* (D.N.J. Dec. 6, 2018) (granting motion to seal where record "refers to proprietary commercial and business interests, including information relevant to Defendants' . . . formulation of its ANDA product, which is presently unavailable to the public"); *Depomed, Inc. v. Purdue Pharma L.P.*, No. 13-571, 2017 U.S. Dist. LEXIS 212, at *6–8 (D.N.J. Jan. 3, 2017); *Boehringer Ingelheim Pharma GmbH & C. KG v. Mylan Pharms. Inc.*, No. 14-4727, 2015 U.S. Dist. LEXIS 103716, at *6 (D.N.J. Aug. 7, 2015); *Purdue Pharm. Products v. Actavis Elizabeth*, No. 12-cv-05311, 2015 U.S. Dist. LEXIS 111363, at *2 (D.N.J. Aug 24, 2015). Moreover, the Court finds the interest of the public in not burdening litigants' access to the Court by requiring public disclosure of alleged valuable confidential information as a condition of litigating their rights further warrants granting the instant Motion.

**THIS COURT FURTHER FINDS** disclosure would work a serious injury on Defendants by disclosing confidential business information to the market and exposing Defendants to certain business risks and competitive harm. *See, e.g., In re Gabapentin Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. Feb. 5, 2004); *Impax Labs.*, 2018 U.S. Dist. LEXIS 206044, at *3; *Depomed*, 2017 U.S. Dist. LEXIS 212, at *6–8; *Boehringer*, 2015 U.S. Dist. LEXIS 103716, at *6; *Purdue Pharm.*, 2015 U.S. Dist. LEXIS 111363, at *2.

**THIS COURT FURTHER FINDS** due to the nature of the confidential information, there is no less restrictive alternative to sealing the confidential information.

**THIS COURT FURTHER FINDS** the Defendants' request is as narrowly tailored as possible, because Defendants propose sealing only portions of the Transcript.

**THIS COURT FURTHER FINDS** upon consideration of the papers submitted in support of the Motion, the Court concludes that Defendants have met their burden of proving under Local Civil Rule 5.3 and applicable case law that the confidential materials described above should be sealed. *See, e.g., In re Gabapentin Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. Feb. 5, 2004); *Impax Labs.*, 2018 U.S. Dist. LEXIS 206044, at *3; *Depomed*, 2017 U.S. Dist. LEXIS 212, at *6–8; *Boehringer*, 2015 U.S. Dist. LEXIS 103716, at *6; *Purdue Pharm.*, 2015 U.S. Dist. LEXIS 111363, at *2. Specifically, the Court concludes that: (a) the Transcript contains Defendants' respective confidential business information; (b) Defendants have a legitimate interest in maintaining the confidentiality of the Transcript to protect their disclosure to potential competitors who could use the information contained therein to gain a competitive advantage and from disclosure of sensitive information to the market that could harm Defendants; (c) public disclosure of the Transcript would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the Transcript is available.

**THIS COURT FURTHER FINDS** that the interest of the public in not burdening litigants' access to the Court by requiring public disclosure of alleged valuable confidential information as a condition of litigating their rights further warrants granting the instant Motion.

**THE COURT FURTHER FINDS** that Defendants have complied with the dictates of Local Civil Rule 5.3(c) and in case law related thereto.

**THEREFORE**, for good cause shown, in order to preserve the confidentiality of the aforementioned information;

**IT IS ORDERED** that the Clerk of the Court shall maintain under seal the transcript of the *Markman* hearing held on July 16, 2025 (ECF No. 230) and a redacted version shall be filed on the docket.

**SO ORDERED**

s/Tonianne J. Bongiovanni
HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

[Docket Entry No. 238 is terminated].