

CHARLES H. CHEVALIER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4611 Fax: (973) 639-6263
cchevalier@gibbonslaw.com

December 15, 2025

**VIA ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:   *AstraZeneca Pharm. LP v. Natco Pharma Ltd.*, Civil Action No. 3:23-796
> (RK) (TJB) (Consolidated)

Dear Judge Bongiovanni:

Our firm, together with Williams & Connolly LLP, represents all Plaintiffs in the above-referenced matter. We write to inform the Court of a dispute that affects the pending motion to amend and threatens the orderly progress of expert discovery in this case: Defendants did not serve timely expert reports on their inequitable conduct and unclean hands defenses and counterclaims, and on the date those reports were due, asserted—for the first time—that they need not do so until some indefinite future date. Plaintiffs respectfully request the Court's intervention to ensure that this case can proceed without delay arising from Defendants' self-help.

As the Court is aware, Defendants moved to amend their answer to assert inequitable conduct defenses and counterclaims. Dkt. No. 258. In that motion, Defendants argued that there was no prejudice to Plaintiffs because, *inter alia*, there was no need to extend the schedule to accommodate discovery on their new arguments. *Id.* at 4-5, 22. At the October 28, 2025, discovery conference with the Court, Defendants reiterated that they saw no reason that expert discovery could not proceed in the alternative. Tr. at 35-36. Based on these representations, Plaintiffs agreed to a schedule for expert discovery and beyond, which the parties submitted jointly after the discovery conference. *See* Dkt. 273. That schedule included a single deadline for opening expert reports—last Friday, December 12, 2025—and the Court so-ordered that schedule. Dkt. 279.

Without seeking any relief from the Court, Defendants have now taken the position that the deadline did not apply to the claims and defenses that are the subject of the pending motion to amend and did not serve expert reports on those issues on the December 12, 2025 deadline.

Plaintiffs respectfully request that the Court order that any subsequently served opening expert reports be stricken as untimely. The delayed service of reports relating to the claims and defenses that are subject to the motion to amend will further delay expert discovery and depositions, and presents significant prejudice to Plaintiffs, contrary to Defendants' arguments in seeking to amend. In the alternative, the Court should deny the motion to amend, thereby mooting the issue.

3354347.1 105686-78223

GIBBONS P.C.

December 15, 2025
Page 2

To the extent the Court is inclined to retroactively allow Defendants' self-arrogated extension of time and permit Defendants to serve additional expert reports, the Court should order a schedule that causes less prejudice to Plaintiffs, as specified below.

## I.    Procedural History

Defendants moved to amend their answer on September 29, 2025. Dkt. Nos. 256, 258. At that time, opening expert reports were due on October 17, 2025, Dkt. No. 258 at 16; Dkt. No. 161, and three days earlier Defendants requested a two-month extension to accommodate the motion to amend and certain other discovery Defendants sought, Dkt. No. 255. In their brief in support of their motion for leave to amend, Defendants reassured the Court that "there is sufficient time in the schedule to address these new counterclaims and defenses in expert discovery and at trial." *See* Dkt. No. 258 at 4-5. They also asserted that they did "not expect to further extend the schedule to address" any necessary additional discovery. *See id.* at 22.

On October 9, 2025, the Court set a status conference for October 28 and stayed the schedule, including the expert report deadline, ordering that the deadlines "shall be reset after the conference." Dkt. No. 264.

At the October 28 conference, the Court suggested a stay of all deadlines pending adjudication of the motion to amend. Tr. at 32-33. Counsel for Plaintiffs proposed that the parties could proceed with expert discovery in the alternative, on the grounds that further delay would prejudice Plaintiffs and based on Defendants' representations that the motion to amend did not require additional discovery. Tr. at 33-34. Counsel for Defendants stated, "I think there's a way to move forward while the Court, you know, lets the dust settle" and "[w]e are amenable to moving forward with alternatives, and reports, and things like that." Tr. at 35-36.

After the status conference, and consistent with the Court's order that the deadlines "shall be reset after the conference," the parties negotiated a stipulated extension to the schedule, Dkt. No. 273, which the Court entered, Dkt. No. 279. That agreed-upon schedule included one date for opening expert reports and did not provide any contingency on the motion to amend, nor did it suggest a second date for service of reports related to those claims and defenses.

The parties' negotiating history confirms that this past Friday was the deadline for all opening expert reports, including as to the claims and defenses at issue in the motion to amend. On November 3, 2025, counsel for Defendants wrote and purported to reserve the right "to submit expert reports (including but not limited to expert reports relating to inequitable conduct) depending on the Court's rulings on the pending motions to compel and motion to amend." Ex. A at 5. Plaintiffs wrote back the same day and reiterated—"Consistent with Defendants' representation at the hearing, we understand that Defendants will serve any and all opening reports, including any reports relating to your proposed amended defenses and counterclaims, on the December deadline unless your motion to amend has been denied by that time." Ex. A at 5.

GIBBONS P.C.

December 15, 2025
Page 3

Defendants said nothing to the contrary for over a month, until December 10, two days before their expert reports were due. Having lain in wait for weeks, Defendants asserted that "Defendants never agreed with plaintiffs, or represented to the Court, that they would serve an expert report regarding their inequitable conduct and unclean hands defenses on December 12, 2025." Ex. A at 3. It was not until this late date that they proposed a new schedule for such reports. Only on December 12, 2025—the due date itself—did they announce that they had no plans to serve such reports at all until the motion to amend is decided. Ex. A at 1.

## II.    The Court Should Reject Defendants' Self-Help Attempt, And Any Later Reports Should Be Stricken As Untimely.

The Court has issued an order with *one* deadline for opening expert reports – December 12, 2025 – which has now passed. *See* Dkt. 279. Defendants' position seems to be that when the parties agreed to and the Court ordered that expert discovery schedule—which was extended from the original deadline specifically to accommodate their motion to amend, days after a discussion with the Court about proceeding in the "alternative"—there was an unstated, not-yet-ordered second deadline for inequitable conduct reports.

The reality is simpler: Defendants have failed to comply with the jointly requested, Court-ordered scheduling order, rendering any subsequent expert reports or extension requests untimely. Defendants may not simply unilaterally disregard the scheduling order, throwing the timeline of expert discovery into doubt and jeopardizing a prompt trial.

Alternatively, the Court can reach the same result simply by denying the motion to amend. As the Court is aware, in the motion-to-amend briefing, the parties argued at length about whether amendment would cause a prejudicial delay. *See* Dkt. 258 at 21-22; Dkt. 265 at 29-30; Dkt. 268 at 11-12. Defendants represented that it would not. Dkt. 258 at 21-22. But now, with that briefing in the rear-view mirror, Defendants have taken the position that a schedule *should not even be entered* unless and until the motion to amend is decided in their favor. Put simply, Defendants are now openly planning to cause the prejudice that they represented their motion would not. Because Defendants' proposed amendments are causing the delay and prejudice Plaintiffs said they would, their motion to amend—filed nearly a year after it could have been, and after fact discovery had closed, Dkt. 161—should simply be denied. This would render moot any dispute over the expert discovery schedule.

## III.    If The Court Is Inclined To Grant The Motion To Amend And Permit Out Of Time Reports, The Court Should Order A Fair Schedule For The Additional Reports.

In their correspondence with Plaintiffs, Defendants initially proposed an unworkable schedule for the additional reports that would further prejudice Plaintiffs. Defendants proposed to take an *additional seven* weeks on top of the time already provided by the schedule—*i.e.*, through January 30, 2026—to serve their reports relating to the additional claims and defenses. Defendants would then provide Plaintiffs just *four weeks total* to respond on February 27, 2026, and then

GIBBONS P.C.

December 15, 2025
Page 4

Defendants would have *four more weeks* to reply by March 27.  Ex. A at 4.  By contrast, under the current schedule that was ordered by the Court, Plaintiffs have *nine weeks* to respond to opening reports (though of course that time is now ticking by without any inequitable-conduct reports to respond to).  Dkt. 279.

Defendants' proposal concedes that it is possible to serve reports now since it is not contingent on the adjudication of the motion to amend, and thus that it is possible to set a schedule for this discovery now.  Providing Defendants an effective five-month window to draft these reports (from the close of fact discovery at the end of August until the end of January) while providing Plaintiffs just four weeks to respond (a reduction of Plaintiffs' time by more than half) is facially unfair.

In addition, Defendants have refused to meaningfully confer with Plaintiffs on the schedule, which poses practical problems beyond the significant prejudice.  Defendants' proposed schedule creates a scheduling conflict for Plaintiffs because one of Plaintiffs' retained experts to potentially respond to Defendants' additional theories is traveling in Africa for most of February— in other words, for the bulk of the limited time Defendants seek to afford Plaintiffs to respond.  Defendants in any event have refused to tell Plaintiffs how many additional reports Defendants expect to serve, on what topics, or from what experts.  Given that Plaintiffs have received no contentions and have no idea what scope of reports to expect, Plaintiffs cannot reasonably respond to Defendants' new theories in just four weeks.

Accordingly, if the Court is inclined to grant the motion to amend and grant Defendants an extension *nunc pro tunc*, the Court should order the following schedule:

- Opening Reports for Defenses Raised by Motion to Amend: January 16
- Responsive Reports for Defenses Raised by Motion to Amend: March 13
- Replies in Support of Defenses Raise by Motion to Amend: April 10

This schedule would maintain the amount of time that Plaintiff has to respond to Defendants' report, as well as keep the remainder of the schedule generally on track without additional delay, thus somewhat minimizing the prejudice caused by Defendants' unilateral extension.

*        *        *

We thank the Court for its time and assistance in this matter.  Should Your Honor have any questions, we are available at Your Honor's convenience.

Respectfully submitted,

*/s/ Charles H. Chevalier*
Charles H. Chevalier

GIBBONS P.C.

December 15, 2025
Page 5


cc: All counsel of record (via ECF and email)