FBT Gibbons

Charles H. Chevalier
PARTNER
P: +1 973.596.4611
CCHEVALIER@FBTGIBBONS.COM

November 13, 2026

**Via ECF**

Honorable Jennifer Choe-Groves, CIT
United States District Court
District of New Jersey
One Federal Plaza
New York, New York 10278-0001

**Re:** ***AstraZeneca Pharm. LP v. Natco Pharma Ltd.*,**
**Civil Action No. 3:23-cv-796 (JCG) (TJB) (Consolidated)**

Dear Judge Choe-Groves:

Our firm, together with Williams & Connolly LLP, represents Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, AstraZeneca AB, KuDOS Pharmaceuticals Limited, The University of Sheffield, and MSD International Business GmbH (collectively, "Plaintiffs") in the above-referenced matter. With Midlige Richter, LLC and Rakoczy Molino Mazzochi Siwik LLP, counsel for Defendant Natco Pharma Limited ("Natco"), and with K&L Gates LLP, counsel for Defendants Cipla Limited and Cipla USA, Inc. ("Cipla"), and with Baker, Donelson, Bearman, Caldwell & Berkowitz, PC and Buchanan Ingersoll & Rooney PC, counsel for Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited ("Zydus") (collectively, "Defendants"), we write pursuant to the Second Amended Scheduling Order (ECF No. 413), which directed the Parties to file a joint status report.

**Remaining Dispute Related to Opinions of Dr. Ferraris**

Defendants identified paragraphs and portions of paragraphs from Dr. Ferraris's reports disclosing opinions that they no longer intend to offer in light of the Court's *Daubert* Order. Following this disclosure, the parties met and conferred, but there are still a number of paragraphs/opinions that are in dispute. The Parties respectfully request leave to present the dispute to the Court by simultaneously submitting briefs due on Friday, November 20, 2026. However, the parties do not agree on the form of the briefs, so they hereby set forth their respective proposals:

[***Plaintiffs' proposal***: The parties submit simultaneous briefs not to exceed twenty (20) pages in length, using 14-point font, with accompanying charts identifying disputed paragraphs. Defendants identified dozens of paragraphs that they do not agree should be excluded covering

numerous and varied topics, including genetics, predictability of clinical success, and cell survival assays. Plaintiffs believe that an analysis of the disputed paragraphs and how each falls within the scope of the Court's *Daubert* Order is warranted and will be helpful in rendering a decision, and given the number of paragraphs that Defendants seek to maintain notwithstanding the Court's ruling and the diversity of issues on which Dr. Ferraris testified beyond his expertise, Plaintiffs' proposal for the briefing length will better allow the issues to be explained adequately. In addition, Plaintiffs believe that a joint chart submission (rather than each side submitting a chart) will be inefficient and challenging to complete prior to the Friday deadline, which was selected to provide the Court more time to rule on this issue.]

[***Defendants' proposal***: The parties submit simultaneous briefs not to exceed five (5) pages in length, using 14-point font, with a joint accompanying chart identifying any paragraphs on which the parties are unable to reach agreement. In accordance with the Court's directive, Defendants have agreed to at least seventy paragraphs about which Dr. Ferraris will not offer testimony and have gone through each paragraph in dispute to provide, with precision, the opinions disclosed in Dr. Ferraris's reports that Defendants believe Dr. Ferraris can offer testimony about. For their part, Plaintiffs have refused to meaningfully confer, stating during the parties' 20-minute meet and confer of this week that they will agree to none of the paragraphs identified by Defendants as permissible testimony. As an example of Plaintiffs' unproductive approach, Plaintiffs disagree that Dr. Ferraris can testify to paragraph 122 of his Opening Report, (ECF No. 353-1 at 57), which discusses the relative skill of those in the art, cross-references paragraphs that Plaintiffs have never sought to strike, (ECF No. 352-2 at 2), and offers no substantive discussion of the fields of genetics, cancer cell biology, clinical trial interpretation, or the treatment of cancer. Given the Court's familiarity with the issues, Defendants believe no more than five (5) pages of briefing is necessary to address the remaining disputes.]

**<u>Remaining Disputes Related to Claim Construction</u>**

***Defendants' Position***: Consistent with the Court's statement at the pretrial conference that the parties' joint letter should include "other issues that we're going to add to this list . . . . ," (Tr. at 54:24-55:1), and the Court's directive that the parties identify "any other remaining disputes" in the parties' joint status letter, (ECF No. 413 at 4), Defendants also identify the following remaining claim construction disputes. First, as discussed during the pretrial conference, the parties agree that the term "therapeutically effective amount" should be construed in accordance with its plain and ordinary meaning, but the parties' experts have competing interpretations of the level of safety and efficacy required by the claim. Consistent with counsels' representations during the pretrial conference, the parties agree that the parties' experts can address this issue at trial. (Tr. at 127:19-128:4, 130:8-11). Second, as recognized by Plaintiffs in the pretrial order, (*e.g.*, ECF No. 400-2 at 6 & n.1), and contrary to their assertion below that Defendants are injecting this dispute, there remains a dispute about the order of the "identifying" steps of the '562 patent. Defendants' position is that, in light of the Court's recent ruling that the preamble of the claim is limiting and there is a mental intent limitation, all method steps of the '562 patent must now be performed in the order of steps as written. Plaintiffs contend that those two steps can be performed in any order. Consistent with the parties' practice for resolving derivative disputes following the Court's claim construction orders, (*see generally, e.g.*, ECF No. 354), Defendants believe that this issue is

ripe for the Court's ruling. Contrary to Plaintiffs' assertion, Defendants' current position is fully consistent with the Court's recent claim construction ruling (ECF No. 392). As with the claim construction dispute raised at the pretrial conference, Defendants also believe that the parties' experts can address this issue at trial. If Your Honor prefers to resolve the issue prior to trial, Defendants are prepared to brief the issue.

***Plaintiffs' Position***: Plaintiffs disagree with Defendants' attempt to inject disputes unrelated to the joint status letter requested by the Court to address "remaining disputes" regarding "the portions of the Opening Expert Report of Dana Ferraris, PhD, MBA (ECF No. 353-1) and of the Reply Expert Report of Dana Ferraris, PhD, MBA (ECF No. 353-2) that Plaintiffs proposed to preclude in Plaintiffs' [Proposed] Order on Plaintiffs' Motion to Exclude Opinions of Dr. Dana Ferraris (ECF No. 352-2)." ECF No. 413 at 1-2. The Court has a procedure for identifying and resolving claim construction disputes. That phase of the case is long over. The Court also has a procedure for identifying disputes before trial pursuant to which the parties submitted a lengthy proposed pretrial order. Defendants never included any claim construction dispute in the proposed pretrial order, submitted after the court twice construed the asserted claim. The construction defendants now seek to assert belatedly contradicts their previous position before the court. *See* ECF No. 198 at 6-14. The experts can testify as to their disclosed opinions subject to the Court's Claim Construction Orders, *Daubert* Order and motions in limine. No other claim construction proceedings are warranted; the parties should proceed to trial.

The Parties thank the Court for its consideration of these disputes and are available at the Court's convenience to address any questions or concerns.

Respectfully submitted,

s/ Charles H. Chevalier
Charles H. Chevalier

cc: All counsel of record (via ECF and email)